# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YAMIL LUNA GUTIERREZ, *et al.*, <br><br>*Plaintiffs-Petitioners*, *on behalf of themselves and all others similarly situated*, <br><br>v. <br><br>KRISTI NOEM, Secretary of Homeland Security, in her official capacity, *et al.*, <br><br>*Defendants-Respondents*. | Case No. 1:25-cv-1766 |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

1

## INTRODUCTION

Plaintiffs file this class action to challenge Defendants' detention of civil immigration detainees at Naval Station at Guantánamo Bay, Cuba ("Guantánamo"). This detention policy violates the Immigration and Nationality Act ("INA"), has been carried out in a manner that is arbitrary and capricious, and the purpose of detention and conditions endured by detainees at Guantánamo are punitive and violate their constitutional right to due process under the Fifth Amendment.[1]

Plaintiffs seek to certify the following nationwide class under Federal Rules of Civil Procedure 23(a) and 23(b)(2):

> All immigration detainees originally apprehended and detained in the United States, and who are, or will be held at Naval Station Guantánamo Bay, Cuba.

The proposed class readily satisfies the requirements of Rule 23.

First, the class members are numerous, consisting of over 70 detainees at the present, as well as future detainees who will be held at Guantánamo, making joinder impracticable. Second, all class members suffer the same injury: unlawful denial of their statutory rights to the removal and detention procedures contained in the INA, and violation of their rights to due process. And the class raises common questions that will generate common answers, including whether the government may extraterritorially detain noncitizens apprehended in the U.S., whether the policy is arbitrary and capricious, and whether the detention violates the noncitizens' due process rights. Third, the Named Plaintiffs' legal claims are typical of those whom they seek to represent. Fourth,

---

[1] Defendants' counsel has not yet been assigned and therefore cannot be asked about Defendants' position on this motion. Plaintiffs assume that the motion will be opposed.

the class representatives and their experienced counsel will fairly and adequately protect class interests and will vigorously prosecute the action on behalf of the class.

Certification of the Plaintiffs' proposed class is warranted under Rule 23(b)(2), because Defendants have acted or refused to act on grounds that apply generally to the class by detaining noncitizens at Guantánamo in violation of federal statutes and the Constitution. *See* Fed. R. Civ. P. 23(b)(2).

Courts in this District have previously certified under Rule 23(b)(2) similar nationwide classes of noncitizens subject to restrictive immigration policies. *See, e.g.*, *J.D. v. Azar*, 925 F.3d 1291, 1312-25 (D.C. Cir. 2019) (class of pregnant noncitizen children); *Ramirez v. ICE*, 338 F. Supp. 3d 1, 42-50 (D.D.C. 2018) (immigrant teens challenging transfers to ICE custody); *R.I.L-R. v. Johnson*, 80 F. Supp. 3d 164, 179-83 (D.D.C. 2015) (Central American mothers and children denied release from detention); *see also O.A. v. Trump*, 404 F. Supp. 3d 109, 160 (D.D.C. 2019) (noncitizens who "crosse[d] the southern border outside of a port of entry"); *P.J.E.S. v. Wolf*, 502 F. Supp. 3d 492, 501-02, 509-10 (D.D.C. 2020) (unaccompanied children subject to "Title 42" expulsion policy); *Huisha-Huisha v. Mayorka*s, 560 F. Supp. 3d 146, 166 (D.D.C. 2021) (families subject to "Title 42" policy), *rev'd in part on other grounds*, 27 F.4th 718 (D.C. Cir. 2022);.

Class members' claims are not dependent on the facts regarding their underlying immigration law claims or any other individualized determinations. A central question is whether Defendants' actions and restrictions violate the INA's statutory safeguards. And Defendants' challenged practices regarding conditions of confinement are not tailored to individual inmates or detainees but apply to the whole population of immigrant detainees held at Guantánamo. They apply to all class members simply by virtue of their status as persons held at Guantánamo, without regard to the individual circumstances of their underlying immigration cases or any other

3

differences among them. This Court should grant class certification under Rule 23(b)(2), appoint the Named Plaintiffs as Class Representatives, and appoint the undersigned as Class Counsel.

## FACTUAL BACKGROUND

On January 29, 2025, President Trump issued a memorandum directing the Secretary of Defense and Secretary of Homeland Security "to take all appropriate actions to expand the Migrant Operations Center at Naval Station Guantanamo Bay to full capacity and to provide additional detention space for high-priority criminal aliens unlawfully present in the United States," and declared his intention to house as many as 30,000 immigrants at Guantánamo.[2] On February 4, 2025, the government announced the first transfer of ten immigrant detainees from Fort Bliss, Texas, to Guantánamo. U.S. Customs and Border Protection ("CBP") posted photos and a video of the transfer of these ten individuals on a military plane to Guantánamo on social media, stating that "[f]lights to Guantánamo Bay have begun."[3]

Since February 4, 2025, the government has transferred to Guantánamo nearly five hundred additional immigrant detainees from the United States, at a cost of more than $40 million.[4] A Memorandum of Understanding ("MOU") between the Department of Homeland Security ("DHS") and the Department of Defense ("DOD") dated March 7, 2025, reveals that the

---

[2] The White House, "Expanding Migrant Operations Center at Naval Station Guantanamo Bay to Full Capacity" (Jan. 29, 2025), https://www.whitehouse.gov/presidential-actions/2025/01/expanding-migrant-operations-center-at-naval-station-guantanamo-bay-to-full-capacity/ [https://perma.cc/D2P3-45SN]; Hamed Aleaziz, et al., *U.S. Is Holding Migrants in Cells That Once Held Al Qaeda Suspects*, NY Times, Feb. 5, 2025, https://www.nytimes.com/2025/02/05/us/politics/migrants-trump-guantanamo-prison.html [https://perma.cc/XWH6-HMFF].
[3] Customs and Border Protection (@CBP), X.com (Feb. 4, 2025), https://x.com/CBP/status/1886936776249242845237 [https://perma.cc/UR8L-E237].
[4] Carol Rosenberg, *U.S. Has Spent $40 Million to Jail About 400 Migrants at Guantánamo*, N.Y. Times, Mar. 31, 2025, https://www.nytimes.com/2025/03/31/us/politics/migrants-guantanamo-costs.html.

4

government created broad criteria for the detention of immigrants at Guantanamo that does not even require individualized review.[5] The MOU broadly permits the detention of immigrants at Guantanamo where the government merely "asserts" that the immigrant is "*from a country* where the preponderance of aliens from that country enter the United States" by having "paid a [transnational criminal organization] to be smuggled into the United States."[6]

The Named Plaintiffs, Yamil Luna Gutierrez and Rafael Angel Lopez Ocon, are two noncitizens who are currently detained at Guantánamo. *See* Compl. ¶¶ 12-13; Decl. Yamil Luna Gutierrez ¶ 3; Decl. Rafael Angel Lopez Ocon ¶ 3. Plaintiffs' experiences are representative of those of other noncitizens subjected to Defendants' detention policy. *See* Luna Gutierrez Decl. ¶¶ 3, 5-11; Lopez Ocon Decl. ¶¶ 3, 7-10.

## ARGUMENT

A plaintiff whose suit satisfies the requirements of Federal Rule of Civil Procedure 23 has a "categorical" right "to pursue his claim as a class action." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). The "suit must satisfy the criteria set forth in [Rule 23(a)] (*i.e.*, numerosity, commonality, typicality, and adequacy of representation), and it also must fit into one of the three categories described in subdivision (b)." *Id*. Plaintiffs' proposed class satisfies the requirements of both Rule 23(a) and Rule 23(b)(2).

---

[5] *See* Memorandum of Understanding Between U.S. Dep't of Homeland Sec. and U.S. Dep't of Defense, DOD Support at Naval Station Guantanamo Bay (NSGB) to Immigration and Customs Enforcement (ICE) for DHS/ICE Detention of Illegal Aliens Subject to Final Orders of Removal, March 7, 2025, *available at* https://www.cbsnews.com/news/guantanamo-trump-migrants-without-criminal-records.
[6] *Id.* at 6.

## I. THE PROPOSED CLASS SATISFIES THE REQUIREMENTS OF RULE 23(a)

### A. The Proposed Class Satisfies the Numerosity Requirement.

Rule 23(a)(1) requires that a class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Joinder does not have to be impossible—instead, [the] plaintiff must show 'only that the difficulty or inconvenience of joining all members of the class make use of the class action appropriate.'" *N.S. v. Hughes*, 335 F.R.D. 337, 352 (D.D.C. May 7, 2020) (quoting *D.L. v. District of Columbia*, 302 F.R.D. 1, 11 (D.D.C. 2013)), *reconsideration denied*, 2020 WL 4260739 (D.D.C. July 24, 2020). Although "[t]here is no specific threshold that must be surpassed," courts in this District "have observed that a class of at least forty members is sufficiently large to meet this requirement." *Taylor v. D.C. Water & Sewer Auth.*, 241 F.R.D. 33, 37 (D.D.C. 2007) (quotation omitted). Moreover, "classes including future claimants generally meet the numerosity requirement due to the impracticality of counting such class members, much less joining them." *J.D.*, 925 F.3d at 1322 (quotation omitted). "This is especially true when plaintiff seeks injunctive relief." *N.S.*, 335 F.R.D. at 352. And numerosity also takes into account "non-numerical considerations" that affect Plaintiffs' ability to bring individual suits. *J.D.*, 925 F.3d at 1323.

Here, the proposed plaintiff class easily satisfies the numerosity requirement. Since February 4, 2025, the government has held over 500 hundred immigrant detainees at Guantánamo.[7] There are currently approximately 70 migrants detained at Guantánamo,[8] and Defendants plan to

---

[7] Carol Rosenburg, *Guantánamo Migrant Operation Has Held Fewer Than 500 Detainees, and None in Tents*, New York Times, May 5, 2025, https://www.nytimes.com/2025/05/05/us/politics/guantanamo-migrants-trump.html.

[8] Ted Hesson, *Migrant Detentions at Guantanamo Bay Cost $100,000 per Person Daily, Senator Says*, Reuters, May 20, 2025, https://www.reuters.com/world/us/trump-migrant-detentions-guantanamo-bay-cost-100000-per-person-daily-senator-2025-05-20/.

continue to send immigrant detainees there.⁹ Guantánamo has the capacity to hold 745 people at a time. Decl. Robert Green ("Green Decl.") ¶¶ 4, 18, 21, *Espinoza Escalona v. Noem*, No. 1:25-cv-604 (D.D.C. Mar. 10, 2025), ECF No. 14-1.  These facts alone are sufficient to satisfy Rule 23(a)(1).  *See, e.g.*, *O.A.*, 404 F. Supp. 3d at 155; *P.J.E.S.*, 502 F. Supp. 3d at 509; *R.I.L-R*, 80 F. Supp. 3d at 181.

Joinder is also impracticable for other reasons. First, the class seeks relief for future class members. Joinder is inherently impracticable where "the class seeks prospective relief for future class members, whose identities are currently unknown and who are therefore impossible to join." *D.L. v. District of Columbia*, 302 F.R.D. 1, 11 (D.D.C. 2013). And, of course, the putative class members are detained, making it extremely difficult for them to institute individual suits. The overwhelming majority of the putative class members are also indigent, which raises another barrier to individual suits. *See Colo. Cross-Disability Coal. v. Taco Bell Corp.*, 184 F.R.D. 354, 359 (D. Colo. 1999) (finding joinder impracticable where many class members could not afford to bring individual actions). Accordingly, the proposed class satisfies the numerosity requirement of Rule 23(a)(1).

**B. The Proposed Class Satisfies the Commonality Requirement.**

Commonality is satisfied where "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).  At bottom, "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'"  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)).  "[W]here plaintiffs allege widespread wrongdoing by a defendant . . . a uniform policy or practice that affects

---

⁹ Camilo Montoya-Galvez, *Memo Shows U.S. Can Send Migrants Without Criminal Records to Guantanamo, Despite Trump's Promise to Hold "the Worst" There,* CBS News, Apr. 17. 2025, https://www.cbsnews.com/news/guantanamo-trump-migrants-without-criminal-records/.

all class members" satisfies that requirement. *Thorpe v. Dist. of Columbia*, 303 F.R.D. 120, 145 (D.D.C. 2014); *accord R.I.L-R*, 80 F. Supp. 3d at 181.

"Plaintiffs in this case have identified a single alleged practice"—the detention of noncitizens at Guantánamo—"that provides the basis for every class member's injury." *Ramirez*, 338 F. Supp. 3d at 46; *see also O.A.*, 404 F. Supp. 3d at 156; *accord P.J.E.S.*, 502 F. Supp. 3d at 509 (Title 42 expulsion policy was "a uniform policy or practice that affects all class members"). In addition to this common injury, numerous questions are common to the proposed class: whether detention at Guantánamo violates statutory and regulatory removal procedures and prohibitions on extraterritorial detention; whether it violates the Administrative Procedure Act ("APA"); and whether such detention constitutes unlawful punishment, in violation of the Fifth Amendment. Any one of these common issues, standing alone, is enough to satisfy Rule 23(a)(2)'s permissive standard. *See Howard v. Liquidity Servs. Inc.*, 322 F.R.D. 103, 118 (D.D.C. 2017) (even a single common issue will do); *Coleman through Bunn v. D.C.*, 306 F.R.D. 68, 82 (D.D.C. 2015) (same); *Thorpe*, 303 F.R.D. at 145 (same). And given these common questions, "'factual variations among the class members will not defeat the commonality requirement.'" *Damus v. Nielsen*, 313 F. Supp. 3d 317, 332 (D.D.C. 2018) (quoting *Hardy v. District of Columbia*, 283 F.R.D. 20, 24 (D.D.C. 2012)).

Answering these common legal questions will "drive the resolution of the litigation." *Ramirez*, 338 F. Supp. 3d at 45 (cleaned up) (quoting *Wal-Mart*, 564 U.S. at 350). Should the Court agree that Defendants cannot lawfully detain noncitizens apprehended in the U.S. at Guantánamo, all class members will benefit from the requested relief, which includes a declaration to that effect and an injunction preventing Defendants from using Guantánamo for immigration detention.

### C. The Proposed Class Satisfies the Typicality Requirement.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The typicality requirement is concerned with whether 'the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate.'" *Coleman*, 306 F.R.D. at 83 (quoting *Wal-Mart*, 564 U.S. at 349). "While commonality requires a showing that the *members* of the class suffered an injury resulting from the defendant's conduct, the typicality requirement focuses on whether the *representatives* of the class suffered a similar injury from the same course of conduct." *Bynum v. District of Columbia*, 214 F.R.D. 27, 34 (D.D.C. 2003) (emphasis in original).

Typicality is satisfied here for largely the same reasons that commonality is satisfied. *See Ramirez*, 338 F. Supp. 3d at 46; *R.I.L.-R.*, 80 F. Supp. 3d at 181-82; *O.A.*, 404 F. Supp. 3d at 155-56. Each proposed class member, including the proposed class representatives, faces the same principal injury (unlawful removal and detention), based on the same government practice (detention at Guantánamo), which is unlawful as to the entire class because it violates immigration laws and the Constitution. Plaintiffs thus "share an identical interest in invalidation of" Defendants' transfer practice. *O.A.*, 404 F. Supp. 3d at 156. Moreover, as with commonality, any factual differences that might exist here between the Individual Plaintiffs and proposed class members are not enough to defeat typicality. *See Bynum*, 214 F.R.D. at 34-35; *Afghan & Iraqi Allies v. Pompeo*, 334 F.R.D. 449, 461 (D.D.C. 2020).

### D. The Proposed Class Satisfies the Adequacy Requirement.

Rule 23(a)(4) requires that "[t]he representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Adequacy of representation imposes two criteria on plaintiffs seeking to represent a class: '(1) the named representative must not have

9

antagonistic or conflicting interests with the unnamed members of the class, and (2) the representative must appear able to vigorously prosecute the interests of the class through qualified counsel.'" *Ramirez*, 338 F. Supp. 3d at 47 (quoting *Twelve John Does v. District of Columbia*, 117 F.3d 571, 575 (D.C. Cir. 1997)).

Plaintiffs will fairly and adequately protect the interests of the proposed class. Plaintiffs do not seek any unique or additional benefit from this litigation that may make their interests different from or adverse to those of absent class members. Instead, Plaintiffs aim to secure relief that will protect them and the entire class from Defendants' challenged policy and to enjoin Defendants from further violations. Nor do Plaintiffs seek financial gain at the cost of absent class members' rights.

Proposed class counsel, meanwhile, includes experienced attorneys with extensive experience in complex immigration cases and class action litigation. *See generally* Decl. Noor Zafar ("Zafar Decl."); Decl. Scott Michelman ("Michelman Decl."). As the declarations make clear, Proposed Class Counsel have been appointed class counsel in several successful class action cases concerning the rights of noncitizens.[10]

## II. THE PROPOSED CLASS SATISFIES THE REQUIREMENTS OF RULE 23(b)

Certification of a class under Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or

---

[10] "It is 'far from clear' . . . 'that there exists in this district a requirement that a class certified under Rule 23(b)(2) must demonstrate ascertainability to merit certification.'" *O.A. v. Trump*, 404 F. Supp. 3d 109, 159 (D.D.C. 2019) (quoting *Ramirez*, 338 F. Supp. 3d at 48). Moreover, any such requirement has been "'disavowed by four federal appellate courts.'" *Id.* (quoting *Hoyte v. D.C.*, 325 F.R.D. 485, 489 n.3 (D.D.C. 2017)). Even assuming such a requirement exists, the proposed class here is readily ascertainable because membership in the class is defined by clear and objective criteria that are known to the government defendants and because identifying class members is administratively feasible.

corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The D.C. Circuit has explained that a "principal purpose of Rule 23(b)(2) . . . is to enable class resolution of civil-rights claims alleging classwide deprivations of protected rights." *J.D.*, 925 F.3d at 1314. "'The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Id.* at 1314-15 (quoting *Wal-Mart*, 564 U.S. at 360).

Rule 23(b)(2) is satisfied here. "[T]he suit challenges a policy 'generally applicable' to all class members." *R.I.L-R*, 80 F. Supp. 3d at 182. A determination that Defendants' practice of holding immigration detainees at Guantánamo "is unlawful would resolve all class members' claims 'in one stroke.'" *Id.* (quoting *Wal-Mart*, 564 U.S. at 350); *see, e.g.*, *J.D.*, 925 F.3d at 1315; *Nio v. Dep't of Homeland Sec.*, 323 F.R.D. 23, 34-35 (D.D.C. 2017). And that relief would benefit the Individual Plaintiffs as well as all members of the proposed class in the same fashion. "The relief Plaintiffs seek" is thus both "'generally applicable to the class'" and "indivisible," and certification under Rule 23(b)(2) is proper. *O.A.*, 404 F. Supp. 3d at 157; *accord, e.g.*, *Huisha-Huisha*, 560 F. Supp. at 166 (Rule 23(b)(2) satisfied because the class seeks relief that "is generally applicable to the class and is indivisible") (cleaned up).

### III. THE COURT SHOULD DESIGNATE PLAINTIFFS' COUNSEL AS CLASS COUNSEL

Upon certifying the class, the Court must also appoint class counsel. Fed. R. Civ. P. 23(c)(1)(B); 23(g). Rule 23(g) requires the Court to consider the following four factors: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel

11

will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Plaintiffs' counsel satisfies all four criteria. Counsel from the American Civil Liberties Union, the American Civil Liberties Union of the District of Columbia, the Center for Constitutional Rights, and the International Refugee Assistance Project jointly represent Plaintiffs. Counsel from all organizations are experienced federal litigators, and they include counsel who have specific expertise in representing noncitizens in detention and at Guantánamo, and counsel who have specific experience in class action litigation. *See* Zafar Decl; Michelman Decl.

As reflected in the complaint filed in this matter, Plaintiffs' counsel have already devoted substantial time investigating the factual and legal issues in this case, and will continue to do so throughout the pendency of the litigation. *See, e.g., Encinas v. J.J. Drywall Corp.*, 265 F.R.D. 3, 9 (D.D.C. 2010) ("The plaintiffs have shown that they will adequately represent the class . . . . Counsel have already committed substantial time and resources to identifying and investigating potential claims in the action.").

Accordingly, the Court should appoint Plaintiffs' counsel as class counsel in this case.

## CONCLUSION

The Court should certify the proposed class under Rule 23(a) and 23(b)(2), appoint the Individual Plaintiffs as Class Representatives, and appoint the undersigned as Class Counsel.

Dated: June 4, 2025

Respectfully submitted,

/s/ *Lee Gelernt*
Lee Gelernt (D.D.C. Bar No. NY0408)
Brett Max Kaufman (D.D.C. Bar No. NY0224)
Judy Rabinovitz*
Noor Zafar*
Omar C. Jadwat*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org
bkaufman@aclu.org
jrabinovitz@aclu.org
nzafar@aclu.org
ojadwat@aclu.org

Eunice H. Cho (D.C. Bar No. 1708073)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street, NW, 7th floor
Washington, DC 20005
(202) 546-6616
echo@aclu.org

My Khanh Ngo (D.D.C. Bar No. CA00219)
Kyle Virgien*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
mngo@aclu.org
kvirgien@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
aspitzer@acludc.org
smichelman@acludc.org

Baher Azmy*
Shayana D. Kadidal (D.C. Bar No. 454248)
J. Wells Dixon*
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, Floor 7
New York, NY 10012
T: (212) 614-6427
bazmy@ccrjustice.org
shanek@ccrjustice.org
wdixon@ccrjustice.org

*Attorneys for Plaintiffs-Petitioners*

*Pro bono representation certificates forthcoming*

Deepa Alagesan (D.D.C. Bar No. NY0261)
Kimberly Grano (D.D.C. Bar No. NY0512)
INTERNATIONAL REFUGEE ASSISTANCE PROJECT
One Battery Park Plaza, 33rd Floor
New York, New York 10004
Telephone: (516) 838-7044
dalagesan@refugeerights.org
kgrano@refugeerights.org