**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| YAMIL LUNA GUTIERREZ, *et al.*,<br><br>*Plaintiffs-Petitioners, on behalf of themselves and all others similarly situated,*<br><br>v.<br><br>KRISTI NOEM, Secretary of Homeland Security, in her official capacity, *et al.*,<br><br>*Defendants-Respondents.* | Case No. 1:25-cv-01766-SLS |

**PLAINTIFFS-PETITIONERS' SUPPLEMENTAL BRIEF**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION .................................................................................................................1

ARGUMENT........................................................................................................................1

    I.     Whether A Class Action Seeking Vacatur or Habeas Relief Without an Injunction Can be Certified Under Rule 23(b)(2)? ...................................................................................1

    II.    Whether Rule 23(b)(2) Permits Certification of the Plaintiffs' Claims for Classwide Vacatur and Habeas Relief In Light of 8 U.S.C. § 1252(f)(1)? .......................................3

    III.   Whether Certifying Plaintiffs' Claims under Rule 23(b)(2) Would Result in a Judgment That Precludes Members of the Putative Class From Bringing Individual Actions for Injunctive Relief Permitted Under § 1252(f)(1)? ..........................................................6

    IV.   Whether the Court Can Certify an Issue Class Under Rule 23(c)(4) That Would Permit Later Individual Actions for Injunctive Relief? ...........................................................8

    V.    The Statutory Source of the Government's Authority to Detain an Individual During the Execution of a Removal Order. ..............................................................................11

CONCLUSION...................................................................................................................12

**TABLE OF AUTHORITIES**

**Cases**

*Alli v. Decker*,
650 F.3d 1007 (3d Cir. 2011)................................................................................................ 3

*Anatol Zukerman & Charles Krause Reporting, LLC v. U.S. Postal Serv.*,
64 F.4th 1354 (D.C. Cir. 2023)............................................................................................. 7

*Bennett v. Dart*,
53 F.4th 419 (7th Cir. 2022) ............................................................................................... 10

*Boumediene v. Bush*,
553 U.S. 723 (2008)............................................................................................................. 6

*Brown v. Allen*,
344 U.S. 443 (1953)............................................................................................................. 6

*Brown v. R.J. Reynolds Tobacco Co.*,
611 F.3d 1324 (11th Cir. 2010) ........................................................................................... 8

*California v. Arizona*,
452 U.S. 431 (1981)............................................................................................................. 4

*Capital Area Immigrants' Rights Coalition v. Trump*,
471 F. Supp. 3d 25 (D.D.C. 2020)....................................................................................... 4

*Coalition for Humane Immigrant Rights v. Noem*,
No. 25-CV-872 (JMC), 2025 WL 2192986 (D.D.C. Aug. 1, 2025)..................................... 4

*Crowe v. Fed. Bureau of Prisons*,
No. 24-CV-3582 (APM), 2025 WL 1635392 (D.D.C. June 9, 2025) ................................... 2

*G.F.F. v. Trump*,
348 F.R.D. 586 (S.D.N.Y. 2025) ......................................................................................... 6

*Hamama v. Adducci*,
912 F.3d 869 (6th Cir. 2018) ............................................................................................... 5

*Harris v. Med. Transportation Mgmt., Inc.*,
77 F.4th 746 (D.C. Cir. 2023)....................................................................................... 8, 9, 10

*Harris v. Nelson*,
394 U.S. 286 (1969)............................................................................................................. 5

*Hilton v. Braunskill,*
    481 U.S. 770 (1987)...................................................................................................... 5

*Hurd v. D.C., Gov't,*
    864 F.3d 671 (D.C. Cir. 2017) ..................................................................................... 7

*J.A.V. v. Trump,*
    349 F.R.D. 152 (S.D. Tex. 2025)................................................................................. 6

*Jennings v. Rodriguez,*
    583 U.S. 281 (2018)...................................................................................................... 5

*Little v. Washington Metro. Area Transit Auth.,*
    249 F. Supp. 3d 394 (D.D.C. 2017) ............................................................................. 9

*LoBue v. Christopher,*
    82 F.3d 1081 (D.C. Cir. 1996) ..................................................................................... 3

*Malam v. Adducci,*
    475 F. Supp. 3d 721 (E.D. Mich. 2020),...................................................................... 5

*Marrese v. Am. Acad. of Orthopaedic Surgeons,*
    470 U.S. 373 (1985)...................................................................................................... 7

*Monsanto Co. v. Geertson Seed Farms,*
    561 U.S. 139 (2010)...................................................................................................... 4

*N.S. v. Dixon,*
    141 F.4th 279 (D.C. Cir. 2025)..................................................................................... 4

*Nat'l Min. Ass'n v. U.S. Army Corps of Eng'rs,*
    145 F.3d 1399 (D.C. Cir. 1998) ................................................................................... 2

*Nat'l TPS All. v. Noem,*
    773 F. Supp. 3d 807 (N.D. Cal. 2025) ......................................................................... 5

*NextWave Personal Communications, Inc. v. F.C.C.,*
    254 F.3d 130 (D.C. Cir. 2001) ..................................................................................... 6

*Nnebe v. Daus,*
    No. 06-CV-4991 (RJS), 2024 WL 4182600 (S.D.N.Y. Sept. 13, 2024) ................... 10

*O.A. v. Trump,*
    404 F. Supp. 3d 109 (D.D.C. 2019) ............................................................................. 2

iii

*Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Noem*,
   No. 25-5243, 2025 U.S. App. LEXIS 19422 (D.C. Cir. Aug. 1, 2025)....................................5

*Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Noem*,
   No. CV 25-306 (RDM), --- F. Supp. 3d ----, 2025 WL 1825431 (D.D.C. July 2, 2025) ..... 3, 4

*Rodriguez v. Marin*,
   909 F.3d 252 (9th Cir. 2018) .................................................................................................. 5

*Schall v. Martin*,
   467 U.S. 253 (1984)................................................................................................................ 3

*Steele v. United States*,
   144 F.4th 316 (D.C. Cir. 2025)............................................................................................... 8

*Streicher v. Prescott*,
   103 F.R.D. 559 (D.D.C. 1984)................................................................................................ 3

*Texas v. United States*,
   40 F.4th 205 (5th Cir. 2022) .................................................................................................. 4

*Trump v. CASA, Inc.*,
   606 U.S. 831 (2025)................................................................................................................ 2

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011)................................................................................................................ 1

**Statutes**

5 U.S.C. § 706(2) ........................................................................................................................ 2

8 U.S.C. § 1101(g) .................................................................................................................... 11

8 U.S.C. § 1226a(a)(2) .............................................................................................................. 11

8 U.S.C. § 1231(a)(2) ................................................................................................................ 11

8 U.S.C. § 1231(a)(6)................................................................................................................ 11

8 U.S.C. § 1231(d)(3) ............................................................................................................... 11

8 U.S.C. § 1231(g) .................................................................................................................... 11

8 U.S.C. § 1252(f)................................................................................................................... 4, 7

8 U.S.C. § 1252(f)(1) ....................................................................................................... passim

8 U.S.C. § 1225(b)(1)(B)(iii)(IV) ............................................................................................ 11

28 U.S.C. § 2202 ......................................................................................................................... 7

28 U.S.C. § 2243 ......................................................................................................................... 5

**Rules**

Fed. R. Civ. P. 23 .................................................................................................................. 1, 3, 6

Fed. R. Civ. P. 23(a) ................................................................................................................ 1, 9

Fed. R. Civ. P. 23(b) ................................................................................................................... 8

Fed. R. Civ. P. 23(b)(1) ............................................................................................................... 9

Fed. R. Civ. P. 23(b)(2) ....................................................................................................... passim

Fed. R. Civ. P. 23(b)(3) ............................................................................................................... 9

Fed. R. Civ. P. 23(c)(4) ............................................................................................... 8, 9, 10, 11

Fed. R. Civ. P. 65 ........................................................................................................................ 3

**Other Authorities**

2 W. Rubenstein, *Newberg and Rubenstein on Class Actions* § 4:92 (6th ed.) ............................. 9

2 W. Rubenstein, *Newberg and Rubenstein on Class Actions* § 18.27 (6th ed.) ......................... 10

BRYAN A. GARNER, GARNER'S DICTIONARY OF LEGAL USAGE (3d ed. 2011) .............................. 3

Lee Kovarsky & D. Theodore Rave, Habeas Class Actions, 139 Harv. L. Rev. ___
    (forthcoming 2026), https://perma.cc/X5SP-5SCF ................................................................. 3

Restatement (Second) of Judgments § 26(1)(c) (1982) ................................................................ 7

Restatement (Second) of Judgments § 33 (1982) ......................................................................... 7

Rules Advisory Committee Notes, 39 F.R.D. 69 (1966) .............................................................. 2

Wright & Miller, 7AA Fed. Prac. & Proc. Civ. § 1775 (3d ed.) ................................................... 1

Wright & Miller, 18A Fed. Prac. & Proc. Juris. § 4446 (3d ed.) ................................................. 7

**INTRODUCTION**

Plaintiffs-Petitioners ("Plaintiffs") submit this brief pursuant to the Court's September 9, 2025, Minute Order requesting simultaneous supplemental briefs on a series of questions related to Plaintiffs' pending motion for class certification and Defendants-Respondents' ("Defendants") motion to dismiss.

**ARGUMENT**

I.     **Whether A Class Action Seeking Vacatur or Habeas Relief Without an Injunction Can be Certified Under Rule 23(b)(2)?**

**Yes**.     A class certified under Federal Rule of Civil Procedure 23(b)(2) may seek various forms of relief in addition to, or in lieu of, injunctive relief. Here, Plaintiffs seek an injunction as well as declaratory and habeas relief, and APA vacatur of the agencies' policy of detention at Guantánamo. Even assuming that an injunction may not be granted in light of 8 U.S.C. § 1252(f)(1), *but see* Pls.-Pet'rs' Reply in Support of Mot. for Class Certification, ECF No. 30 ("Class Cert. Reply") at 10 n.6, a class may still be certified as to the remaining three forms of relief.

Rule 23 provides that "[a] class action may be maintained if Rule 23(a) is satisfied and if . . . the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief *or* corresponding declaratory relief is appropriate respecting the class as a whole[.]" Fed. R. Civ. P. 23(b)(2) (emphasis added). Thus, "the rule does not require that both forms of relief be sought and a class action seeking solely declaratory relief may be certified under subdivision (b)(2)." Wright & Miller, 7AA Fed. Prac. & Proc. Civ. § 1775 (3d ed.); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011) ("The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or

1

as to none of them.'" (citation omitted)). Accordingly, there is no question that a class can (and should) be certified in this case. A final judgment from this Court granting classwide declaratory relief would serve as the basis for class members to seek "later injunctive relief" if the government fails to comply. *See* Rules Advisory Committee Notes, 39 F.R.D. 69, 102 (1966); *see also infra* Section III.

Additionally, under Rule 23(b)(2), a class may also be certified as to vacatur even if a class is not certified for injunctive relief. *See Crowe v. Fed. Bureau of Prisons*, No. 24-CV-3582 (APM), 2025 WL 1635392, at \*20 & n.7 (D.D.C. June 9, 2025) (finding Rule 23(b)(2) satisfied where proposed class sought only vacatur of rule generally applicable to the class); *O.A. v. Trump*, 404 F. Supp. 3d 109, 157–58 (D.D.C. 2019) (finding Rule 23(b)(2) satisfied, despite no injunction, where the plaintiffs sought a declaration that an administrative rule was unlawful and vacatur of the rule). Plaintiffs note, however, that while a class can be certified as to vacatur, certification of a class as to vacatur is not strictly necessary because of the settled rule in the D.C. Circuit that vacatur prevents a policy from being used against anyone across the board. *See Nat'l Min. Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409 (D.C. Cir. 1998) ("We have made clear that '[w]hen a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated—not that their application to the individual petitioners is proscribed.'" (citation omitted)); *cf. Trump v. CASA, Inc.*, 606 U.S. 831, 847 n.10 (2025) (noting that the Court's holding on nationwide injunctions does not "resolve[] the distinct question whether the Administrative Procedure Act authorizes federal courts to vacate federal agency action" (citing 5 U.S.C. § 706(2)); *id.* at 869 (Kavanaugh, J., concurring) ("[I]n cases under the Administrative Procedure Act, plaintiffs may ask a court to preliminarily 'set aside' a new agency rule.").

2

Finally, courts, including those in the D.C. Circuit, regularly entertain habeas class actions, either under Rule 23, or in equity pursuant to the All Writs Act with Rule 23 serving as a guidepost. *See* Class Cert. Reply at 21–24 (citing, inter alia, *LoBue v. Christopher*, 82 F.3d 1081, 1085 (D.C. Cir. 1996); *Streicher v. Prescott*, 103 F.R.D. 559, 561 (D.D.C. 1984)); *see also* Lee Kovarsky & D. Theodore Rave, Habeas Class Actions, 139 Harv. L. Rev. ___, at *11 (forthcoming 2026), https://perma.cc/X5SP-5SCF (noting that "[a]lthough the Supreme Court has never confronted the question head-on, the lower federal courts have been certifying habeas class actions for more than fifty years" and cataloguing "a remarkable, unbroken history of habeas class adjudication"). Although generally both habeas and injunctive relief are sought together, Plaintiffs are aware of no rule that permits habeas class actions only where injunctive relief is also sought. *Cf. Alli v. Decker*, 650 F.3d 1007, 1009 (3d Cir. 2011) (reversing denial of habeas class certification of detained noncitizens who sought declaratory relief); *see also Schall v. Martin*, 467 U.S. 253, 261 (1984) (considering merits of habeas class action that sought, and had obtained, only declaratory relief).

II.    **Whether Rule 23(b)(2) Permits Certification of the Plaintiffs' Claims for Classwide Vacatur and Habeas Relief In Light of 8 U.S.C. § 1252(f)(1)?**

**<u>Yes.</u>**    Section 1252(f)(1) poses no barrier to certification under Rule 23(b)(2) for either vacatur or habeas relief. "[B]y its own terms, § 1252(f)(1) limits only the lower courts' jurisdiction 'to enjoin or restrain the operation' of specific statutory provisions[.]" *Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Noem*, No. CV 25-306 (RDM), --- F. Supp. 3d ----, 2025 WL 1825431, at *19 (D.D.C. July 2, 2025) ("*RAICES I*"). "Enjoin and restrain" is a "common doublet" referring to the canonical forms of injunctive relief: injunctions and restraining orders. BRYAN A. GARNER, GARNER'S DICTIONARY OF LEGAL USAGE 295–96 (3d ed. 2011); *see also* Fed. R. Civ. P. 65 (providing for "injunctions and restraining orders"); *California v. Arizona*, 452 U.S. 431, 432

(1981) (using "enjoined and restrained" to describe an injunction). At this juncture, Plaintiffs seek classwide declaratory, APA vacatur, and habeas relief—remedies that are entirely permissible under § 1252(f)(1).

Courts, including those in this District, uniformly agree that § 1252(f)(1) does not bar APA vacatur. *See, e.g.*, *Capital Area Immigrants' Rights Coalition v. Trump*, 471 F. Supp. 3d 25, 60 (D.D.C. 2020) (addressing § 1252(f)(1) and stressing that "by vacating the Rule, the Court is not enjoining or restraining the INA's operation"); *Coalition for Humane Immigrant Rights v. Noem*, No. 25-CV-872 (JMC), 2025 WL 2192986, at *13 (D.D.C. Aug. 1, 2025) ("both the Fifth Circuit and numerous district courts, including in this District, have held that section 1252(f)(1) does not bar a remedy of vacatur under APA section 706"); *Texas v. United States*, 40 F.4th 205, 219–20 (5th Cir. 2022) (holding that § 1252(f) does not bar vacatur, noting "[t]here are meaningful differences between an injunction, which is a 'drastic and extraordinary remedy,' and vacatur, which is 'a less drastic remedy'" (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010))); *see also* Class Cert. Reply at 9–10 (collecting cases). Recently, in addition to reaffirming "that § 1252(f)(1) 'does not proscribe issuance of a declaratory judgment,'" the D.C. Circuit observed that "[a]t least one court of appeals has held § 1252(f)(1) does not bar vacatur under the APA." *N.S. v. Dixon*, 141 F.4th 279, 290 n.7 (D.C. Cir. 2025) (noting Fifth Circuit's decision in *Texas*) (citations omitted).

Most recently, Judge Moss squarely rejected the government's contention that Section 1252(f) barred APA vacatur, concluding: "that § 1252(f)(1) cannot plausibly be read to supersede the APA and to bar lower courts from granting the traditional form of APA relief in cases that are otherwise properly brought under the APA and that challenge agency action taken under (or relating to) part IV of the INA." *RAICES I,* 2025 WL 1825431, at *20. Notably, in seeking a stay

of that decision and challenging the district court's classwide injunction, the government did not

contest the availability of vacatur before the D.C. Circuit. *See Refugee & Immigrant Ctr. for Educ.*

*& Legal Servs. v. Noem*, No. 25-5243, 2025 U.S. App. LEXIS 19422, at \*51 n.7 (D.C. Cir. Aug.

1, 2025) ("*RAICES II*") (Millett, J., concurring in part and dissenting in part) (noting government's

decision not to raise § 1252(f)(1) arguments against either vacatur or declaratory relief). This is

unsurprising given that "all courts that have addressed the issue [of vacatur] have rejected the

government's construction of [Section 1252(f)(1)]." *Nat'l TPS All. v. Noem*, 773 F. Supp. 3d 807,

826 (N.D. Cal. 2025).

Lastly, § 1252(f)(1) does not preclude classwide habeas. *See Rodriguez v. Marin*, 909 F.3d

252, 256 (9th Cir. 2018) ("'Section 1252(f)(1) also does not bar the habeas class action because it

lacks a clear statement repealing the court's habeas jurisdiction.'" (citation omitted)); *Hamama v.*

*Adducci*, 912 F.3d 869, 879 (6th Cir. 2018) (noting, in class action, that "there is nothing barring

a class from seeking a traditional writ of habeas corpus (which is distinct from injunctive relief[)]"

(citing *Jennings v. Rodriguez*, 583 U.S. 281, 324 (2018) (Thomas, J., concurring in part and

concurring in judgment))); *Malam v. Adducci*, 475 F. Supp. 3d 721, 743 (E.D. Mich. 2020),

*amended*, 2020 WL 4818894 (E.D. Mich. Aug. 19, 2020) (certifying habeas subclass).

The plain terms of § 1252(f)(1) proscribe only the lower courts' ability to issue injunctive

relief. It does not speak to habeas relief, long recognized as a unique and distinct remedy. The

Court has broad discretion to fashion appropriate remedies to dispose of habeas corpus matters "as

law and justice require." 28 U.S.C. § 2243; *see Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). A

"habeas corpus proceeding must not be allowed to founder in a 'procedural morass'" and the

"power of the federal courts to conduct inquiry in habeas corpus is equal to the responsibility which

the writ involves." *Harris v. Nelson*, 394 U.S. 286, 291–92 (1969). That responsibility is greatest

where, as here, the court is reviewing "detention by executive authorities without judicial trial." *Brown v. Allen*, 344 U.S. 443, 533 (1953) (Jackson, J., concurring); *Boumediene v. Bush*, 553 U.S. 723, 783 (2008). Given the considerable equitable authority in habeas, courts have not hesitated to certify habeas classes—and grant classwide habeas relief—where the government has acted beyond its authority as to a group of detained immigrants. *See, e.g.*, *J.A.V. v. Trump*, 349 F.R.D. 152, 155–56, 160 (S.D. Tex. 2025); *G.F.F. v. Trump*, 348 F.R.D. 586, 588–89 (S.D.N.Y. 2025).

In short, notwithstanding the government's arguments about § 1252(f)(1), the Court may issue classwide declaratory relief and vacatur, and a conditional habeas writ as to the class. But given the availability of declaratory class relief and vacatur, the Court need not necessarily reach the availability of classwide habeas.

**III.    Whether Certifying Plaintiffs' Claims under Rule 23(b)(2) Would Result in a Judgment That Precludes Members of the Putative Class From Bringing Individual Actions for Injunctive Relief Permitted Under § 1252(f)(1)?**

**No.**    Certifying Plaintiffs' claims under Federal Rule of Civil Procedure 23 would not result in a judgment that would preclude the members of the putative class from later bringing individual actions for injunctive relief that are permitted by 8 U.S.C. § 1252(f)(1).[1]

To start, the Supreme Court and the D.C. Circuit have recognized the inapplicability of preclusion doctrine in circumstances where the parties are unable to pursue certain forms of relief in a prior action. "Preclusion is designed to limit a plaintiff to one bite at the apple, not to prevent even that single bite. It thus precludes later theories or pleas for relief arising out of the same claim

---

[1] Issue preclusion might attach to certain issues adjudicated on a classwide basis here and then later raised in individual actions for injunctive relief. *See generally NextWave Personal Communications, Inc. v. F.C.C.*, 254 F.3d 130, 147 (D.C. Cir. 2001), *aff'd*, 537 U.S. 293 (2003). This issue preclusion could run against an individual plaintiff or against the government, but whether and how issue preclusion would affect a future case for injunctive relief will depend on the specifics of how classwide claims in this case are resolved on the merits and how a future claimant for injunctive relief frames their claim.

only if they could have been asserted in the earlier case." *Hurd v. D.C., Gov't*, 864 F.3d 671, 679 (D.C. Cir. 2017). The Supreme Court has similarly recognized that "claim preclusion generally does not apply where '[t]he plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy because of the limitations on the subject matter jurisdiction of the courts . . . .'" *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 382 (1985) (quoting Restatement (Second) of Judgments § 26(1)(c) (1982)).

Here, assuming that Plaintiffs cannot seek classwide *injunctive* relief from the lower courts in light of § 1252(f), certification of Plaintiffs' claims for declaratory relief, habeas relief, and APA vacatur would not have any preclusive effect on *individual class members'* potential future cases for injunctive relief challenging their unlawful detention at Guantánamo. Simply put, "the issue . . . is not whether a litigant may have two chances to obtain [injunctive relief] for [the] allegedly unlawful incarceration, but whether he is entitled to *any*." *Hurd*, 864 F.3d at 679 (emphasis added). The answer is clearly yes under binding Supreme Court and D.C. Circuit precedent.

In addition, with respect to Plaintiffs' request for classwide declaratory relief specifically, the law is clear that rather than preclude an action for subsequent injunctive relief, "[a] declaratory judgment may serve as the basis for issuance of a later injunction to give effect to the declaratory judgment . . . ." *Anatol Zukerman & Charles Krause Reporting, LLC v. U.S. Postal Serv.*, 64 F.4th 1354, 1366–67 (D.C. Cir. 2023); *see also* 28 U.S.C. § 2202 ("Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."); Restatement (Second) of Judgments § 33 (1982) (noting that parties "may pursue . . . coercive relief in a subsequent action"); Wright & Miller, 18A Fed. Prac. & Proc. Juris. § 4446 (3d ed.) (noting that "traditional doctrine has refused to apply claim preclusion to an action for declaratory relief alone"

such that a declaratory judgment alone does not preclude subsequent "independent action for coercive relief"). Therefore, nothing in the certification of Plaintiffs' claims for classwide declaratory relief would preclude members of the class from pursuing subsequent individual actions for injunctive relief. *Cf. Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1333 (11th Cir. 2010) (noting that where classwide issues, but not causes of action, were decided in prior action, res judicata attaches to decided issues, not subsequent individual causes of action filed by class members).

Finally, "[c]ourts have long exercised caution when applying preclusion doctrines to class actions, mindful that procedural constraints or questions about the adequacy of representation may cabin the claims a class can pursue." *Steele v. United States*, 144 F.4th 316, 328 (D.C. Cir. 2025). Thus, if any ambiguity remained (and there is none) as to class members' ability to pursue individual actions for injunctive relief following a judgment from this Court on Plaintiffs' classwide claims, D.C. Circuit case law counsels against application of preclusion doctrine and in favor of permitting such individual actions to proceed.

**IV.    Whether the Court Can Certify an Issue Class Under Rule 23(c)(4) That Would Permit Later Individual Actions for Injunctive Relief?**

<u>**Yes**</u>.    In addition to relying on Rule 23(b)(2), the Court can also certify an "issue class" pursuant to Rule 23(c)(4) that would permit later individual actions for injunctive relief. Rule 23(c)(4) provides: "[w]hen appropriate, an action may be brought or maintained as a class action with respect to particular issues." Fed. R. Civ. P. 23(c)(4). An issue class "must also meet the threshold requirements of Rule 23(a) and be maintainable under one of the class action types laid out in Rule 23(b)." *Harris v. Med. Transportation Mgmt., Inc.*, 77 F.4th 746, 757 (D.C. Cir. 2023), *cert. denied*, 144 S. Ct. 818 (2024). To certify a class under Rule 23(c)(4), "the class proponent need only" show compliance with Rule 23(a) and Rule 23(b)(2) "*with regard to the issue proposed*

*for certification.*" 2 W. Rubenstein, *Newberg and Rubenstein on Class Actions* § 4:92 & n.7 (6th

ed.) (collecting cases).

There are several issues warranting class treatment here:

(1) Whether immigration detention at Guantánamo of individuals who were originally apprehended and detained in the United States violates the INA. Compl., ECF No. 1 ¶¶ 62–64.

(2) Whether immigration detention at Guantánamo violates the APA. *Id*. ¶¶ 65–69.

(3) Whether immigration detention at Guantánamo violates Plaintiffs' substantive Due Process rights. *Id*. ¶¶ 70–73.

(4) Whether immigration detention at Guantánamo violates the right to habeas corpus. *Id*. ¶¶ 74–75.

These common, classwide claims raise a host of issues, and any one of them would be enough to

resolve this entire litigation. These claims, or any subset of them, are sufficient for certification

under Rule 23(b)(2) or Rule 23(c)(4).

The D.C. Circuit has endorsed the certification of issue classes in this very type of situation.

In *Harris*, the court explained that "[a] certified issue class should encompass a reasonably and

workably segregable aspect of the litigation," but that the issue certified may be "less than an entire

cause of action." 77 F.4th at 760–61. Although issue classes are used most commonly in (b)(3)

class actions, courts have also used Rule 23(c)(4) where certification is sought under Rule 23(b)(1)

and (b)(2). *See, e.g.*, *Little v. Washington Metro. Area Transit Auth.*, 249 F. Supp. 3d 394, 418

(D.D.C. 2017) (finding certification proper under Rule 23(b)(2) and (c)(4) in action challenging

discriminatory policy, certifying three classes for determination of liability and injunctive relief

under (b)(2), and exercising discretion under (c)(4) to bifurcate individualized damages determinations).[2]

Individual actions for injunctive relief would be permissible once an issue class is certified under Rule 23(c)(4). "One common use" of issue classes has been to resolve the issue of liability and permit individual actions for damages. *Harris*, 77 F.4th at 761 (collecting cases). As the Seventh Circuit has explained, through Rule 23(c)(4) certification class members "receive the benefit of a declaratory judgment (if the class prevails) on the liability issue but would need to proceed in individual suits to seek damages[.]" *Bennett v. Dart*, 53 F.4th 419, 420 (7th Cir. 2022). The same reasoning applies here: Plaintiffs may use a favorable declaratory judgment on any one of the certified issues to seek injunctive relief in their individual cases.

With respect to preclusion, an issue class judgment will generate an issue preclusive effect with regard to that issue. *See, e.g.*, *Nnebe v. Daus*, No. 06-CV-4991 (RJS), 2024 WL 4182600, at *8 (S.D.N.Y. Sept. 13, 2024) (holding that because class had prevailed on liability in proceeding certified as an issue class, class members could take advantage of the issue preclusive effect of that ruling in subsequent proceedings to set their damages); 2 W. Rubenstein, *Newberg and Rubenstein on Class Actions* § 18.27 (6th ed.) (explaining how class members may rely on the preclusive effect of classwide findings on the issue of liability against defendants in follow-on damages suits). So too here: individual class members could rely on the preclusive effect of a ruling on the issue class in subsequent actions for injunctive relief.

---

[2] *See also, e.g.*, *McReynolds v. Merill Lynch, Pierce, Fenner & Smith, Inc.,* 672 F.3d 482, 492 (7th Cir. 2012), *abrogated on other grounds by Phillips v. Sheriff of Cook Cnty.*, 848 F.3d 541, 559 (7th Cir. 2016); *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 167 (2d Cir. 2001), *abrogated on other grounds by Wal-Mart*, 564 U.S. at 338; *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 n.32 (6th Cir. 1976).

In sum, the resolution of common questions in this case is clearly warranted on a classwide basis, either simply under Rule 23(b)(2) or through issue classes under Rule 23(c)(4). However, for expediency, the Court can choose the more common Rule 23(b)(2) alternative, which would afford class members relief upon final judgment.

**V.    The Statutory Source of the Government's Authority to Detain an Individual During the Execution of a Removal Order.**

**8 U.S.C. § 1231(d)(3)** provides authority to maintain custody of and restrain individuals while they are transported to their final destinations (*i.e.*, during the execution of a removal order), as it directs that individuals who are being removed should be "guard[ed] safely" during such transport. *Id*. However, it does not provide authority to establish *facilities* to detain individuals who are in the process of being removed; as previously discussed, no statute does. *See* Pls.-Pet'rs' Opp. to Mot. to Dismiss, ECF No. 33 ("MTD Opp.") at 24–25, 29.

The statute that authorizes the government to establish detention "facilities," 8 U.S.C. § 1231(g), only authorizes such facilities for individuals who are detained "until" or "while awaiting" removal, not "during" removal. *See* MTD Opp. 26–28. This means it only authorizes detention facilities for people who are *in the United States*, because the INA provides that any noncitizen "who has left the United States" while subject to an order of removal "shall be considered to have been deported or removed[.]" 8 U.S.C. § 1101(g). *See* MTD Opp. 3–5. This is consistent with the statutes that authorize post-final-order detention, 8 U.S.C. §§ 1225(b)(1)(B)(iii)(IV), 1226a(a)(2), 1231(a)(2), (6), authorizing detention only until individuals are "removed" and while they are awaiting removal, i.e., while they are still in the country. *See* MTD Opp. 4–5, 24.

**CONCLUSION**

The Court should certify the proposed Plaintiff class and deny Defendants' motion to dismiss in its entirety.


Dated: September 23, 2025

Eunice H. Cho (D.C. Bar No. 1708073)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street, NW, 7th Floor
Washington, DC 20005
(202) 546-6616
echo@aclu.org

My Khanh Ngo (D.D.C. Bar No. CA00219)
Kyle Virgien*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
mngo@aclu.org
kvirgien@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF
COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
aspitzer@acludc.org
smichelman@acludc.org

Kimberly Grano (D.D.C. Bar No. NY0512)
Ghita Schwarz (D.D.C. Bar No. NY0663)
INTERNATIONAL REFUGEE
ASSISTANCE PROJECT
One Battery Park Plaza, 33rd Floor
New York, New York 10004
(646) 946-7453

Respectfully submitted,

/s/ *Lee Gelernt*
Lee Gelernt (D.D.C. Bar No. NY0408)
Brett Max Kaufman (D.D.C. Bar No. NY0224)
Judy Rabinovitz
Noor Zafar
Omar C. Jadwat
Natalie Behr
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org
bkaufman@aclu.org
jrabinovitz@aclu.org
nzafar@aclu.org
ojadwat@aclu.org
IRP_NBehr@aclu.org

Baher Azmy*
Shayana D. Kadidal (D.C. Bar No. 454248)
J. Wells Dixon*
CENTER FOR CONSTITUTIONAL
RIGHTS
666 Broadway, Floor 7
New York, NY 10012
T: (212) 614-6427
bazmy@ccrjustice.org
shanek@ccrjustice.org
wdixon@ccrjustice.org

*Attorneys for Plaintiffs-Petitioners*

**Pro bono representation certificates forthcoming*

12

kgrano@refugeerights.org
gschwarz@refugeerights.org

13