UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YAMIL LUNA GUTIERREZ, et al.,

    Plaintiffs,

    v.

KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, et al.,

    Defendants.

Civil Action No. 1:25-cv-01766-SLS

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

On October 16, 2025, Plaintiffs provided this Court with a Notice of Supplemental Authority to inform the Court of a memorandum opinion issued by another judge in this District in *Florence Immigrant and Refugee Rights Project v. U.S. Dep't of Homeland Sec.* ("*FIRRP*"), No. 1:22-cv-3118-CKK, 2025 WL 2844538 (D.D.C. Oct. 6, 2025).

As relevant here, in *FIRRP* the Court found that the plaintiffs had "adequately alleged that attorney-access conditions at Florence are more restrictive than those in which prisoners serving criminal sentences are held, both at the very same facility and similarly situated facilities." *FIRRP*, 2025 WL 2844538, at *6. Here, while Plaintiffs contend that they "likewise allege that their detention at [NSGB] is unconstitutionally punitive under the same tests articulated by the *FIRRP* court," Notice of Supplemental Authority at 2, that is not so. In fact, Plaintiffs *specifically* disclaimed the application of this test in their Response to Defendants Motion to Dismiss and instead "allege[d] unconstitutional conditions of confinement in ways that do not involve a comparison to prison conditions." ECF No. 33 at 39 n.14. Because, in their own words, Plaintiffs'

claim "do[es] not involve a comparison to prison conditions," *id*., it is illogical to now argue that another judge's articulation of the legal test based expressly on detention conditions "more restrictive than those in which prisoners serving criminal sentences are held" supports their claim. *FIRRP*, 2025 WL 2844538, at *6.

In any event, because *FIRRP*'s holding addresses only "attorney-access conditions at Florence," it has limited applicability to a detention center at another location with different procedures and resources. *FIRRP*, 2025 WL 2844538, at *6; *see Ashcroft v. Iqbal*, 556 U.S. 662, 673 (2009) ("[W]hether a particular complaint sufficiently alleges a clearly established violation of law cannot be decided in isolation from the facts pleaded."). Indeed, the facts in the *FIRRP* case generally support dismissal here, where confidential counsel conversations are available and the individual Plaintiffs do not raise substantial allegations regarding counsel access. *See* Complaint; ECF 4-1 & 4-2; *see also Americans for Immigrant J. v. U.S. Dept. of Homeland Sec.*, No. CV 22-3118 (CKK), 2023 WL 1438376, at *4, *16 (D.D.C. Feb. 1, 2023) (at earlier stage of litigation, granting preliminary relief when counsel calls "are never confidential" and are "not possible . . . due to lack of resources and cost" and accepting that it is reasonable in some circumstances to not have in person legal visits).

Respectfully submitted,

LESLIE McKAY
*Assistant Director*

By: /s/ *Alexa Perlmutter*
ALEXA PERLMUTTER
*Trial Attorney*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station

|  |  |
|---|---|
| DATED: October 22, 2025 | Washington, DC 20044<br>Tel: (202) 532-4665<br>Email: alexa.s.perlmutter@usdoj.gov |

*Counsel for Defendants*