IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| YAMIL LUNA GUTIERREZ, *et al.*,<br><br>*Plaintiffs-Petitioners*, on behalf of themselves and all others similarly situated,<br><br>v.<br><br>KRISTI NOEM, Secretary of Homeland Security, in her official capacity, *et al.*,<br><br>*Defendants-Respondents*. | Case No. 1:25-cv-01766 |

**JOINT NOTICE REGARDING DISCOVERY AND REPORTING**

Plaintiffs-Petitioners ("Plaintiffs") and Defendants-Respondents ("Defendants") respectfully submit this notice in response to the Court's December 11, 2025, Order. On December 19, 2025, the parties met and conferred regarding (1) whether discovery is needed on Plaintiffs' contrary to law claim (Count 1); (2) whether the Defendants will provide regular reporting on class members or immigration detainees at Guantanamo; and (3) a timeline for expedited discovery on Plaintiffs' Fifth Amendment claim (Count 3). The Court requested updates on issues (2) and (3) by December 29, 2025, and issue (1) by January 5, 2026. The parties respectfully submit the status of discussions on each of those issues.

On the first issue, the parties agree that there will be discovery on the contrary to law claim, subject to a protective order whose language the parties are discussing. The parties further agree that briefing on summary judgment will begin two weeks after this discovery closes, with timeframes consistent with what the parties had proposed to the Court: Defendants will file their opposition and cross-motion for summary judgment two weeks after Plaintiffs file their motion for summary judgment on Counts 1 and 2; Plaintiffs will file their reply and opposition to the cross-

motion two weeks later; and, Defendants will file their reply in support of the cross-motion two weeks after. The parties are conferring on the scope and details of discovery on Count 1, and will provide the Court an update on any agreements and disagreements by January 5, 2026.

On the second issue, the parties agree that, subject to the same protective order, there will be regular reporting of information regarding immigration detainees transferred to Guantanamo. Defendants agreed to report the following information to Plaintiffs' counsel every two weeks beginning January 12, 2026: (1) names, (2) A-numbers, (3) country of origin, (4) date of transfer to and from Guantanamo, and (5) country of removal for all class members transferred to Guantanamo since class certification was granted on December 5, 2025. Plaintiffs had additionally requested: (6) whether the individual was removed to their destination country directly from Guantanamo or brought back to the United States prior to removal to that country; (7) the above information for noncitizens transferred to Guantanamo who have expedited removal orders; and, (8) the total number of people who were transferred from immigration detention in the United States to Guantanamo in the previous reporting period.

Defendants do not agree to more frequent reporting, reporting information about non-class members, or reporting additional information about the class members not included in the above list. Defendants' position—consistent with the court's statements during the December 11, 2025 status conference—is that information regarding non-class members is beyond the scope of this litigation. *See* Transcript, Dec. 11, 2025 Status Conference at 23 ("I did exclude [individuals with expedited removal orders] from the class both because [Plaintiffs] did not have a named plaintiff and because neither party really grappled in the briefing with issues that, I think, are unique to those individuals. And so I'm just not sure the Government has an obligation to help [Plaintiffs] identify members of a new potential class."); ECF 51 at 22 (redefining class to exclude individuals

with expedited removal given that "individuals with expedited removal orders face their own limitations on judicial review"). Plaintiffs maintain that weekly reporting is not burdensome but would accept biweekly reporting of the information listed above. First, information about where individuals are directly transferred from Guantanamo is readily available to Defendants and relevant to Defendants' characterization of "the Guantanamo-detention policy as 'part of the government's efforts to facilitate [immigration detainees'] removals." ECF No. 53 at 45. Second, as discussed at the status conference on December 11, 2025, because of the unique and isolated nature of detention at Guantanamo and the government's complete control over who is transferred there and for how long, Plaintiffs are not able to readily obtain information about detainees there to ascertain whether Defendants are transferring individuals with expedited removal orders or in other postures. *See* Transcript, Dec. 11, 2025 Status Conference at 26–27. Plaintiffs continue to believe that the scope of the class should be revisited if Defendants transfer individuals with expedited removal orders to Guantanamo.

On the third and last issue, the parties agree that the best course of action would be to hold the substantive due process claim (Count 3) in abeyance while the parties exchange expedited discovery on Count 1, confer on the certified administrative record, and brief summary judgment motions for Counts 1 and 2.

Plaintiffs would be opposed to bifurcating discovery on Count 3 regarding Defendants' intent to punish and the conditions of confinement, because Plaintiffs anticipate that the discovery on these issues will be overlapping. *See, e.g.*, ECF No. 53 at 53–54 (declining to reach the question whether a subjective desire to punish is "*always* sufficient to violate due process" based on allegations that "Defendants' Guantanamo-detention policy contemplates consequences different—and indeed, materially more severe—than what is typical of lawful confinement in

connection with removal"). Plaintiffs' discovery on this claim would include Rule 30(b)(6) depositions and fact depositions of decisionmakers and witnesses, inspections of Camp VI and the Migrant Operations Center, expert discovery, and tracking down of and interviews with former detainees. Thus, Plaintiffs anticipate that expedited discovery on Count 3 to take eight to ten months, assuming Defendants' cooperation and barring any necessary motions practice.

Defendants believe that approximately ten to twelve months would be a reasonable timeline for expedited discovery for the entire substantive due process claim. While Defendants are not opposed to bifurcation if the Court is not inclined to hold Count 3 in abeyance, Defendants ultimately defer to Plaintiffs on how that claim proceeds. Defendants reserve all rights to oppose the scope of discovery proposed by Plaintiffs on Count 3.

Dated: December 29, 2025

|  |  |
|---|---|
| /s/ Alexa Perlmutter (with permission)<br>ALEXA PERLMUTTER<br>*Trial Attorney*<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>Tel: (202) 532-4665<br>Email: alexa.s.perlmutter@usdoj.gov<br><br>LESLIE McKAY<br>*Assistant Director*<br><br>*Attorneys for Defendants-Respondents* | Respectfully submitted,<br><br>/s/ *Lee Gelernt*<br>Lee Gelernt (D.D.C. Bar No. NY0408)<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>(212) 549-2660<br>lgelernt@aclu.org<br><br>*Attorneys for Plaintiffs-Petitioners* |