UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YAMIL LUNA GUTIERREZ, et al.,

        Plaintiffs,

    v.

KRISTI NOEM, Secretary of the U.S.
Department of Homeland Security, et al.,

        Defendants.

Civil Action No. 1:25-cv-01766-SLS

**DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF AND PETITION FOR WRIT OF
HABEAS CORPUS**

Defendants, by and through undersigned counsel, answer Plaintiffs' Class Action Complaint for Declaratory and Injunctive Relief and Petition for Writ of Habeas Corpus. ECF No. 1. Defendants deny all allegations not specifically admitted.

## INTRODUCTION[1]

1.     Paragraph 1 consists of Plaintiffs' characterization of this action to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

2.     Defendants admit the first sentence of Paragraph 2 and aver that Plaintiffs Yamil Luna Gutierrez, Rafael Angel Lopez Ocon, and class members—consisting of "all immigration detainees originally apprehended and detained in the United States who have been ordered removed, except those ordered removed pursuant to 8 U.S.C. § 1225, and who are, or will be, held at Naval Station Guantanamo Bay, Cuba" (NSGB) as ordered by the Court, ECF No. 52—are noncitizens held at NSGB pending final removal pursuant to Defendants' authority under the Immigration and Nationality Act (INA). As to the second sentence, Defendants admit that Plaintiffs were in held in detention facilities within the United States mainland, Alaska, or Hawaii. As to the third sentence, Defendants admit that they are using NSGB to house aliens with final removal orders pending removal but otherwise deny Plaintiffs' characterization that the transfers have "no legitimate purpose." Defendants aver that Plaintiff Gutierrez arrived at NSGB on May 20, 2025, and was removed to Nicaragua on June 26, 2025; and Plaintiff Lopez-Ocon arrived at NSGB on May 23, 2025, and was removed to Nicaragua on June 5, 2025. ECF No. 28-3 ¶¶ 11, 13, 17, 19. As to the fourth sentence, Defendants admit that Camp VI was previously used by the military to hold law-of-war detainees. Defendants otherwise lack knowledge or information

---

[1] Defendants have included the headings listed in the Complaint to assist in reading the pleadings and do not admit the accuracy or appropriateness of the headings.

sufficient to form a belief as to the truth of the remaining allegations contained in this sentence, and therefore deny the remaining allegations in this sentence.

3.      Paragraph 3 consists of Plaintiffs' characterization of their claims and characterizations of the law and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

4.      Defendants admit the first sentence of Paragraph 4. The remaining allegations in this paragraph constitute Plaintiffs' legal characterization of their claims and legal conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in this paragraph.

5.      Paragraph 5 consists of Plaintiffs' legal characterization of their claims and legal conclusions of law drawn from public statements regarding the use of NSGB, to which no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph and aver that Defendants have statutory authority for post removal order detention to effectuate removal.

6.      Paragraph 6 consists of Plaintiffs' legal characterization of their claims and legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph. Further, Plaintiffs' characterization of the cited document in this paragraph are not statements of fact to which a response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of allegations relating to the expenditure of military resources in support of illegal alien holding operations at NSGB.

7.      The first sentence of Paragraph 7 constitutes Plaintiffs' characterization of their claims, to which no response is required. To the extent a response is required, Defendants deny the

allegations in this sentence. Defendants deny the allegations in the second sentence of this paragraph. Defendants aver that military personnel provide perimeter security of the facilities. Defendants also deny the allegations in the third sentence of this paragraph. Defendants deny the allegations in the fourth sentence to the extent that Camp VI is a maximum-security prison and aver that Camp VI is a medium-security prison. Defendants admit that Camp VI was previously used by the military to hold law-of-war detainees. Defendants further admit that aliens detained at Camp VI are permitted one hour of recreation per day but deny that such recreation takes place in an indoor cage. Defendants aver that such recreation takes place in a secured outdoor area. Plaintiffs' characterization of the dormitory units do not require a response. Defendants admit that aliens detained at the MOC are permitted to go outside for one hour a day in an outdoor recreation area. Defendants admit that military personnel are positioned around the outer perimeter area. Defendants deny that there are guard dogs. Defendants deny the allegations in the sixth sentence of this paragraph. As to the seventh sentence, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that several alien detainees suffered post-traumatic symptoms after release as a consequence of conditions at NSGB and any lack of information regarding the end of detention, and thus deny this allegation. Defendants aver that at least one alien detainee had verbally expressed suicidal ideology but deny that several detainees have attempted suicide at NSGB.

8.    Paragraph 8 consists of Plaintiffs' characterization of their claims and relief sought, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## JURISDICTION AND VENUE

9.      Paragraph 9 consists of Plaintiffs' characterizations of the law and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph. Defendants specifically deny that they have waived sovereign immunity with respect to any of Plaintiffs' Administrative Procedure Act ("APA") claims and that the Court has jurisdiction to enter declaratory or injunctive relief on Plaintiffs' claims.

10.     Paragraph 10 consists of Plaintiffs' characterizations of the law and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

11.     Paragraph 11 consists of Plaintiffs' characterizations of the law and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## PARTIES

A.      **Plaintiffs-Petitioners**

12.     As to the first sentence of Paragraph 12, Defendants admit that Plaintiff Yamil Luna Gutierrez is a native and citizen of Nicaragua but deny that he is currently detained at NSGB. Defendants admit the allegations in the second sentence of this paragraph.

13.     As to the first sentence of Paragraph 13, Defendants admit that Plaintiff Rafael Angel Lopez Ocon is a native and citizen of Nicaragua but deny that he is currently detained at NSGB. Defendants admit the second sentence of this paragraph.

B.      **Defendants-Respondents**

14.     Defendants admit that Kristi Noem is the Secretary of the Department of Homeland Security. Defendants deny Defendant Noem is the legal custodian of Plaintiffs and the members

of the putative class. The remaining allegation is a characterization of this action to which no response is required.

15.    Defendants admit DHS is a federal executive agency responsible for, among other things, enforcing federal immigration laws and overseeing lawful immigration to the United States. Defendants admit that Defendant ICE is the custodian of Plaintiffs and members of the putative class for purposes of effecting their removal. Defendants deny the remaining allegations.

16.    Defendants admit the first sentence of Paragraph 16. Defendants deny the remaining allegations in this paragraph.

17.    Defendants admit the first sentence of Paragraph 17. Defendants admit that Defendant ICE is the custodian of Plaintiffs and members of the putative class for purposes of effecting their removal. Defendants deny the remaining allegations in this paragraph.

18.    Defendants admit the first sentence of Paragraph 18. Defendants deny the allegation in the second sentence. Defendants admit the third sentence that Defendant Hegseth is sued in his official capacity.

19.    Defendants admit the first sentence of Paragraph 19. Defendants deny the second sentence in this paragraph.

20.    Defendants admit the first sentence of Paragraph 20. Defendants deny the remaining allegations in this paragraph.

21.    As to the first sentence of Paragraph 21, Defendants admit that the U.S. Department of State (DOS) is the federal agency responsible for the resettlement of migrants interdicted at sea that United States Citizenship and Immigration Services determines are in need of protection and are brought to the Migrant Operations Center (MOC) at NSGB. Defendants deny the remaining allegations in the first sentence. Defendants deny the second sentence.

## STATEMENT OF FACTS

22.    Defendants admit the first sentence of paragraph 22.  Defendants deny the allegations in the second sentence but aver that NSGB is the site of a facility that has and continues to execute law-of-war detention operations.

23.    Defendants admit the allegation in the first sentence of Paragraph 23. As to the remaining allegations in this paragraph, Defendants admit that the government has used NSGB to house aliens interdicted on the high seas outside of U.S. territorial waters but lack knowledge or information sufficient to form a belief about the truth of the allegation that those aliens never stepped foot on U.S. soil and therefore deny this allegation. Defendants lack knowledge or information sufficient to form a basis about the truth of the allegation that the government has consistently maintained that interdicted migrants are not detained under or subject to the INA, and therefore deny this allegation.

24.    Paragraph 24 consists of Plaintiffs' legal conclusions regarding a Presidential Memorandum issued on January 20, 2025, to which no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph. Defendants aver that the cited Memorandum speaks for itself and respectfully refer the Court to the cited Memorandum for complete and accurate statements of their contents.

25.    Defendants admit Paragraph 25 to the extent that the government announced that ten alien detainees were transferred to NSGB on or about February 4, 2025. The remainder of this paragraph consists of Plaintiffs' characterization of an agency statement, to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in this paragraph. Defendants aver that the cited statement and accompanying video speak for themselves.

26.    Paragraph 26 contains Plaintiffs' characterization of public statements, which are not statements of fact and for which no response is required. To the extent a response is required, Defendants respond that the statements speak for themselves and should be read or reviewed in full context.

27.    Paragraph 27 consists of public statements to which a response is not required. To the extent a response is required, Defendants deny the allegations in this paragraph. Defendants aver that the quoted materials speak for themselves and should be read in full context.

28.    Paragraph 28 consists of Plaintiffs' characterizations and legal conclusions drawn from the cited document in this paragraph to which a response is not required. To the extent a response is required, Defendants deny the allegations in this paragraph. Defendants aver that the quoted materials speak for themselves and should be read in full context.

29.    Paragraph 29 consists of Plaintiffs' characterizations of, and legal conclusions drawn from, a March 7, 2025 Memorandum of Understanding (MOU) between the Department of Homeland Security (DHS) and Department of War (DOW), to which a response is not required. To the extent a response is required, Defendants admit the existence of the MOU but deny the remaining allegations in this paragraph. Defendants aver that the quoted material speaks for itself and should be read in full context.

30.    Paragraph 30 consists of Plaintiffs' characterization of their claims and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph. Defendants aver that NSGB is being utilized to provide additional detention space for aliens unlawfully present in the United States who have been ordered removed, in accordance with a Presidential Memorandum, Exec. Order No. 14165, 90 Fed. Reg. 8467 (January 20, 2025).

31.     Paragraph 31 consists of Plaintiffs' characterizations of alleged government costs, to which no response is required. To the extent that a response is required as to the first sentence of this paragraph, Defendants deny. To the extent a response is required as to the second sentence of this paragraph, Defendants lack knowledge or information sufficient to form a belief as to allegation in this sentence and therefore deny.

32.     Paragraph 32 consists of Plaintiffs' characterization of their claims, drawn from public statements regarding the use of NSGB, to which no response is required. To the extent a response is required, Defendants admit that at least one alien was transferred back to an immigration detention facility within the United States mainland, Alaska, or Hawaii after being temporarily held at NSGB pending final departure to their country of removal. Defendants otherwise deny Plaintiffs' characterization of detention transfers and the remaining allegations in this paragraph.

33.     Paragraph 33 consists of public statements to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

34.     Deny.

35.     Defendants deny the first sentence of Paragraph 35. As to the second sentence, Defendants admit that NSGB is situated on an island and deny the remaining allegations in this sentence. As to the third sentence, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in this sentence and therefore deny.

36.     Paragraph 36 consists of Plaintiffs' characterization of public statements (devoid of citations) to which no response is required. To the extent a response is required, Defendants admit that the government considered at inception various plans for expanding holding capacity at NSGB, including construction of tents, latrines, and showers, but those plans were halted. Defendants aver that some construction supplies arrived via barge. Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, including that "most supplies" would arrive by barge, and therefore deny the remaining allegations in this paragraph.

37.    Paragraph 37 consists of Plaintiffs' characterization of their claims and conclusions of law drawn from public statements regarding the use of NSGB, to which no response is required. To the extent a response is required, Defendants deny. Defendants aver that removal flights are staged from various locations, including NSGB which provides additional detention space for staging them. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore deny those allegations.

38.    Paragraph 38 consists of Plaintiffs' characterization of their claims and conclusions of law drawn from public statements regarding the use of NSGB, to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

39.    Paragraph 39 consists of quoted language from various public statements regarding the use of NSGB, to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph. Defendants aver that the quoted materials speak for themselves and should be read in full context.

40.    Paragraph 40 consists of quoted language from a public statement regarding the use of NSGB, to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph. Defendants aver that the quoted materials speak for themselves and should be read in full context.

41.    Paragraph 41 consists of quoted language from a public statement regarding the use of NSGB, to which no response is required. To the extent a response is required, Defendants deny

the allegations in this paragraph. Defendants aver that the quoted materials speak for themselves and should be read in full context.

42.     Paragraph 42 consists of quoted language from a public statement regarding the use of NSGB, to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph. Defendants aver that the quoted materials speak for themselves and should be read in full context.

43.     Paragraph 43 consists of Plaintiffs' characterization of their claim and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

44.     Defendants deny the first sentence of Paragraph 44. As to the second sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this sentence and therefore deny the allegations in this sentence. As to the third sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' nonspecific terms of "'temporary'" and "as long as six weeks" but aver that the average stay is no longer than 14 days.

45.     Defendants admit the first sentence of Paragraph 45 to the extent that the government houses alien detainees at two facilities located at NSGB: the MOC and Camp VI. Defendants deny the remaining allegations in this sentence. As to the second sentence, Defendants deny the allegations in this sentence to the extent that Camp VI is a maximum-security prison and that it was used to house military detainees. Defendants aver that Camp VI is a medium-security prison which previously housed law-of-war detainees. Defendants admit the remaining allegations in the second sentence. As to the third sentence, Defendants admit that the MOC was historically used to house aliens interdicted on the high seas but aver that its use has expanded to house illegal aliens

pursuant to the mission at issue in this litigation. Defendants deny the allegations in the fourth sentence.

46.    Defendants admit the first sentence of Paragraph 46. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of reports of abuse and mistreatment and therefore deny those allegations.

47.    The first sentence of Paragraph 47 consists of Plaintiffs' characterization of housing units at the MOC, to which no response is required. To the extent a response is required, Defendants deny the allegations in the first sentence of this paragraph. Defendants aver that alien detainees at the MOC are housed in dormitory-style housing units, with each unit accommodating 6 to 8 individuals and each unit containing its own bathroom, sink, shower, and window. As to the second sentence, Defendants admit that aliens are permitted outside recreation one hour every day in an outdoor area. Defendants admit that military personnel are stationed in the outside perimeter. Defendants deny that there are guard dogs. Defendants admit that pat downs are used to search any area that can hide contraband, including the groin area. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore deny the remaining allegations in this paragraph.

48.    The first sentence of Paragraph 48 consists of Plaintiffs' characterization of conditions at NSGB, to which no response is necessary. To the extent a response is necessary, Defendants deny the allegation in the first sentence of paragraph 48. Regarding the second sentence of the paragraph, Defendants deny alien detainees receive insufficient food. Defendants aver that aliens receive three meals per day, and when an alien refuses a meal, that incident is logged. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation regarding any alien detainees' individual feelings of hunger, and thus deny this allegation. Defendants lack

knowledge or information sufficient to form a belief about the truth of the allegation in the third sentence of this paragraph that some alien detainees have lost weight during weeks of detention at NSGB. Regarding the fourth sentence of this paragraph, Defendants admit that there is no commissary but otherwise deny the allegation that detainees are unable to meet their nutritional needs with the food provided at NSGB. Regarding the fifth sentence of this paragraph, Defendants deny that alien detainees at NSGB are provided a change of clothes only approximately once per week and aver that they receive clean clothing twice per week.  Defendants deny that alien detainees at NSGB are not provided with cleaning materials to maintain their cells. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this sentence.

49.     Regarding the first sentence of Paragraph 49, Defendants deny the allegations in this sentence. Regarding the second sentence of this paragraph, Defendants admit that toiletries are kept behind a secured area and alien detainees can request toiletries as needed. Regarding the third sentence of this paragraph, Defendants admit that alien detainees at NSGB must turn in their soap to guards after showering. Defendants deny the remainder of the allegations in the third sentence of this paragraph.

50.     Defendants admit there is no law library at either NSGB facility. Defendants deny the remainder of the allegations in Paragraph 50.

51.     Defendants deny the allegations contained in Paragraph 51 and aver that Detainees may ask (and consequently receive) information about the time of day as well as information about their removal or other necessary information regarding their immigration cases. Defendants deny Plaintiffs' characterizations as they pertain to these allegations.

52.    Defendants deny the allegation contained in Paragraph 52.

53.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that several alien detainees suffered post-traumatic symptoms after release as a consequence of conditions at NSGB, and any lack of information regarding the end of detention, and thus deny this allegation. Defendants aver that at least one alien detainee had verbally expressed suicidal ideology but deny that several detainees have attempted suicide at NSGB.

## CLASS ALLEGATIONS

54.    Paragraph 54 consists of Plaintiffs' characterization of this action, to which no response is required. To the extent a response is required, Defendants admit the allegation in this paragraph.

55.    Paragraph 55 describes the class Plaintiffs intended to represent, which the Court subsequently amended in its order granting class certification, ECF No. 52. Therefore, no response is required.

56.    The first sentence of paragraph 56 consists of Plaintiffs' characterization and conclusion of law, to which no response is required. To the extent a response is required, Defendants deny the allegation in the first sentence of this paragraph. Defendants deny the allegation in the second sentence of paragraph 56. The third sentence consists of Plaintiff's characterization and conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegation in the third sentence of this paragraph. Defendants admit the allegation in the fourth sentence of this paragraph. Regarding the allegations in the fifth sentence of this paragraph, Defendants admit that at the time of this filing, the MOC has capacity to hold 50 persons but aver that Camp VI has capacity to hold up to 245 persons. Regarding the allegation in the sixth sentence of this paragraph, Defendants lack sufficient knowledge or information to admit or deny the allegation but note that this area is subject to changing missions and neither MOC East or MOC

West have been used for this mission, which forms the basis of this Complaint. The seventh sentence of paragraph 56 consists of Plaintiffs' characterization and conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegation in the seventh sentence of this paragraph.

57.    Paragraph 57 consists of Plaintiffs' characterizations and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

58.    Paragraph 58 consists of Plaintiffs' characterizations and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

59.    Paragraph 59 consists of Plaintiffs' characterizations and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

60.    Paragraph 60 consists of Plaintiffs' characterizations and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

61.    Paragraph 61 consists of Plaintiffs' characterization and a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.


**CLAIMS FOR RELIEF**

## COUNT I
## Detention Without Statutory Authority

Defendants repeat and hereby incorporate by reference their preceding responses to the allegations contained in the preceding paragraphs.

62.    The first, second, and third sentences of Paragraph 62 consists of Plaintiffs' conclusions of law and arguments concerning the interpretation of laws, to which no response is required. To the extent a response is required, Defendants deny the allegations in those sentences of paragraph 62. Defendants deny the fourth sentence in paragraph 62.

63.    Paragraph 63 consists of Plaintiffs' characterization of the contents of certain legal authorities, which speak for themselves and are the best evidence of their contents, to which no response is required. To the extent a response is required, Defendants deny any allegation in this paragraph contrary to the cited authorities' plain meaning and contents.

64.    Paragraph 64 consists of Plaintiffs' characterization of the contents of certain legal authorities, which speak for themselves and are the best evidence of their contents, to which no response is required.  This paragraph further consists of Plaintiffs' conclusions of law, and request for relief, to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## COUNT II
## Violation of the Administrative Procedure Act

Defendants repeat and hereby incorporate by reference their preceding responses to the allegations contained in the preceding paragraphs.

65.    Paragraph 65 consists of Plaintiffs' characterization of the contents of certain legal authorities, which speak for themselves and are the best evidence of their contents, to which no

response is required. To the extent a response is required, Defendants deny any allegation contrary to the cited authorities' plain meaning and contents.

66.    Paragraph 66 consists of Plaintiffs' conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

67.    Paragraph 67 consists of Plaintiffs' characterization and conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

68.    Paragraph 68 consists of Plaintiffs' characterization and conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

69.    Paragraph 69 consists of a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegation in this paragraph.

**COUNT III**
**Violation of Fifth Amendment Due Process**

Defendants repeat and hereby incorporate by reference their preceding responses to the allegations contained in the preceding paragraphs.

70.    Paragraph 70 consists of a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

71.    As to the first sentence of paragraph 71, Defendants deny the allegations. The remaining allegations in the second and third sentences of paragraph 71 consist of Plaintiffs' characterizations

and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in this paragraph.

72.     Paragraph 72 consist of Plaintiffs' characterizations and a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

73.     Paragraph 73 consists of a conclusion of law to which no response is required. To the extent a response is required, Defendants deny this allegation in this paragraph.

**COUNT IV**
**Violation of Habeas Corpus**

Defendants repeat and hereby incorporate by reference their preceding responses to the allegations contained in the preceding paragraphs.

74.     Paragraph 74 consists of Plaintiffs' conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

75.     Paragraph 75 consists of Plaintiffs' conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

**PRAYER FOR RELIEF**

76.     This paragraph consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs and class members are entitled to the relief requested or to any relief whatsoever.

- 17 -

77.     This paragraph consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs and class members are entitled to the relief requested or to any relief whatsoever.

78.     This paragraph consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs and class members are entitled to the relief requested or to any relief whatsoever.

79.     This paragraph consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs and class members are entitled to the relief requested or to any relief whatsoever.

80.     This paragraph consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs and class members are entitled to the relief requested or to any relief whatsoever.

81.     This paragraph consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs and class members are entitled to the relief requested or to any relief whatsoever.

82.     This paragraph consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs and class members are entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Any allegations to which a response is deemed necessary, and which have not been admitted, denied, or otherwise responded to herein, are hereby denied. All actions taken by Defendants were grounded in good faith and are not in violation of any federal law or the United

States Constitution. Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation. Without waiver of their Answer and without conceding any issues regarding burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiffs, Defendants assert the following affirmative defenses:

1.      This Court lacks jurisdiction and authority to grant Plaintiffs' requested relief to the certified class insofar as any such relief (notwithstanding its designation) enjoins or restrains the operation of the provisions of part IV of the INA, as amended by Illegal Immigration Reform and Immigrant Responsibility Act of 1996.  *See* 8 U.S.C. § 1252(f)(1).

2.      Defendants' action on behalf of the President, involving discretionary authority committed to the President by law, is unreviewable under the APA.  *See Detroit Int'l Bridge Co. v. Gov't of Canada*, 883 F.3d 895, 903 (D.C. Cir. 2018), *as amended on denial of reh'g* (Mar. 6, 2018); 5 U.S.C. § 701(a)(2).

3.      Plaintiffs are not entitled to relief, attorneys' fees, costs of suit, or damages whatsoever.

## DEFENDANTS' REQUEST FOR RELIEF

WHEREFORE, Defendants having fully answered Plaintiffs' Complaint, respectfully pray for judgment denying each and every prayer for relief, granting Defendants their costs, and granting such other and further relief as this Court deems just and proper.

Dated: January 12, 2025                   Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

ANTHONY NICASTRO
*Acting Director*

LESLIE McKAY
*Assistant Director*

RUSSELL J.E. VERBY
*Senior Litigation Counsel*

IAN S. LAM
MALCOM McDERMOND
JASON K. ZUBATA
*Trial Attorneys*

By: */s/ Alexa Perlmutter*
ALEXA PERLMUTTER
*Trial Attorney*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4665
Email: alexa.s.perlmutter@usdoj.gov

*Counsel for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 12, 2026, I electronically filed this Answer with the Clerk of the

Court for the United States District Court for the District of Columbia by using the CM/ECF

System.  I further certify that Plaintiffs will be served via their counsel of record via the CM/ECF

System.


/s/  Alexa Perlmutter
ALEXA PERLMUTTER
Trial Attorney
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Alexa.S.Perlmutter@usdoj.gov
Tel. (202) 532-4665