UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YAMIL LUNA GUTIERREZ, et al.,<br><br>Plaintiffs-Petitioners,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, et al.,<br><br>Defendants-Respondents. | Civil Action No. 1:25-cv-01766-SLS |

**JOINT NOTICE REGARDING PRODUCTION OF AND REQUEST TO BIFURCATE THE CERTIFIED ADMINISTRATIVE RECORD**

Plaintiffs-Petitioners ("Plaintiffs") and Defendants-Respondents ("Defendants") (collectively, the "Parties") respectfully submit this Joint Notice Regarding Production of and Request to Bifurcate the Certified Administrative Record. On January 9, 2026, the Parties met and conferred regarding Defendants' upcoming production of the certified administrative record and protective order. Among other things, the Parties request that the Court permit bifurcation of the certified administrative record based on Defendants' classification designation to permit this case to proceed as expeditiously as possible.

Defendants maintain that the certified administrative record in this matter will include both classified and unclassified materials, and that there are additional sensitivities and requirements attendant to the production of classified materials. Defendants represent that the bulk of the certified administrative record in this matter consists of unclassified materials. Plaintiffs reserve the right to contest the designation of any materials as classified. However, at this stage and in the interest of moving along production of the majority of the record, the Parties agree it would be best to bifurcate the certified administrative record into two portions: one containing unclassified

materials (the "unclassified record") and the other containing classified materials (the "classified record"). The Parties relatedly agree, subject to the Court's approval, to file two separate protective orders, one to govern the unclassified record (the "unclassified protective order") and the other to govern the classified record (the "classified protective order"). Permitting bifurcation of the record would allow Plaintiffs to begin their review of the majority of the record without delay, while simultaneously affording the Parties additional time to finalize the contents of the classified protective order and to acquire security clearances and permissions, if necessary.

**The unclassified record**. Defendants intend and are on track to produce the unclassified portion of the record by January 16, 2026, *see* January 8, 2025, Minute Order, subject to the Court's issuance of an unclassified protective order. The Parties remain engaged in good faith discussions regarding the substance of this protective order and are hopeful they can arrive at an agreement soon and without the need for judicial intervention. Nonetheless, if the Parties are unable to fully agree on the contents of this protective order, they will submit their differing positions to the Court for resolution by January 14, 2026.

Relatedly, due to delays with the unavailability of agency contacts over the holidays, the Parties have yet to reach an agreement on the unclassified protective order by the January 12, 2026, deadline for Defendants to submit their first bi-weekly report on class members to Plaintiffs' counsel. As stipulated in the Parties' Joint Notice Regarding Discovery and Report, ECF No. 57 at 2, the Parties agreed that Defendants' submission of the bi-weekly reports is subject to an active protective order (what the Parties now here refer to as the unclassified protective order) being in effect. Thus, Defendants will not be able to submit the bi-weekly report to Plaintiffs' counsel until the unclassified protective order is in effect. Within 24 hours of this Court issuing the unclassified

protective order, Defendants will serve their first report to Plaintiffs, and the bi-weekly reporting will resume on January 26, 2026.

**The classified record.** As previewed above, the Parties understand that the production and submission of the classified record (as designated by Defendants) must be briefly delayed to allow for the Parties to negotiate and establish proper security protocols for dissemination and review of classified materials; Defendants will not be able to submit the classified record by January 16, 2026. At this time, Defendants do not have a date certain by which they will be able to produce the classified portion of the record given the need for: (1) the additional time required for the Parties to continue conferring on the substance of the classified protective order; and (2) if necessary, counsel for the Parties to obtain the requisite security clearances and permissions to access classified materials. The Parties are diligently working on both and propose submitting a weekly joint notice to alert the Court of progress on the negotiations over the classified protective order, whether they will need to bring any disputes to the Court, and the timing of production of the classified record.

In light of these developments, and for good cause shown, the Parties request the following:

1. That the Court permit Defendants to bifurcate the certified administrative record into two parts: the unclassified record and the classified record. Defendants intend and are on track to produce the unclassified record to Plaintiffs by January 16, 2026, subject to the Parties' agreement on a protective order as to unclassified materials. If Parties do not submit a protective order as to the unclassified materials by January 14, 2026, they will submit a notice summarizing their disputes by that time.

2. That—as it pertains to the classified record—the Court stays Defendants' January 16, 2026, deadline until counsel for the Parties have obtained any required security

clearances and permissions to handle these classified materials. The Parties propose submitting a weekly notice to the Court, or at such time as the Court would prefer, updating it as to the status of efforts to finalize the classified protective order and produce the classified record.

      3. That the Court extend by three-days Plaintiffs' Response to Defendants' Supplemental Brief on Discovery. Plaintiffs agreed to the current briefing schedule based on their initial understanding that the entire record would be produced by January 16, 2026. Plaintiffs maintain that the discovery they seek will likely not be in the certified administrative record but considering the Parties' desire to bifurcate the certified administrative record, Plaintiffs request moving their deadline to Friday, January 23, 2026—to provide additional time for Plaintiffs to ascertain what may be in the classified record and whether that would impact their discovery requests.

A proposed order is attached.

Dated: January 12, 2026                    Respectfully submitted,

                                                           BRETT A. SHUMATE
*Assistant Attorney General, Civil Division*

ANTHONY NICASTRO
*Acting Director*

LESLIE M. MCKAY
*Assistant Director*

RUSSELL VERBY
*Senior Litigation Counsel*

By: /s/ *Jason K. Zubata*
JASON K. ZUBATA
*Trial Attorney*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4143
Email: jason.k.zubata@usdoj.gov

/s/ *Lee Gelernt*
Lee Gelernt (D.D.C. Bar No. NY0408)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org

Attorneys for Plaintiffs-Petitioners

## CERTIFICATE OF SERVICE

      I certify that I served a copy of this motion on the Court and all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to these documents to all counsel of record.

Dated: January 12, 2026                      /s/ *Jason K. Zubata*
                                                         Jason K. Zubata
                                                         *Attorney for Defendant*

Case 1:25-cv-01766-SLS   Document 63   Filed 01/12/26   Page 6 of 6