UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YAMIL LUNA GUTIERREZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, et al.,<br><br>    Defendants. | Civil Action No. 1:25-cv-01766-SLS |

**DEFENDANTS' MEMORANDUM IN RESPONSE TO THE COURT'S
JANUARY 7, 2026 MINUTE ORDER**

Defendants respectfully file this memorandum in response to questions set forth in this Court's January 7, 2026 Minute Order ("Minute Order"). For the reasons provided below, as well as Defendants' positions in the parties' Joint Notice Regarding Discovery (ECF No. 59 at 3-6), the scope of discovery in this Administrative Procedure Act ("APA") case should encompass "neither more nor less information than did the agency when it made its decision." *Hill Dermaceuticals, Inc. v. Food & Drug Admin.*, 709 F.3d 44, 47 (D.C. Cir. 2013). As discussed below, Plaintiffs provide no basis for this Court to cast aside what is "black-letter administrative law." *Id.*

The exceptions to the APA record rule "are quite narrow and rarely invoked." *See CTS Corp. v. Envtl. Prot. Agency*, 759 F.3d 52, 64 (D.C. Cir. 2014). And "the D.C. Circuit's general trend has been toward narrowing the range of exceptions to the record rule." *Truong v. United States Citizenship & Immigr. Servs.*, No. CV 21-316 (RC), 2022 WL 888192, at *3 (D.D.C. Mar. 25, 2022); *compare Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989) (recognizing eight exceptions in 1989), *with City of Dania Beach v. Federal Aviation Administration*, 628 F.3d 581, 590 (D.C. Cir. 2011) (recognizing three exceptions in 2011), *with CTS Corp. v. Envtl. Prot. Agency*, 759 F.3d at 64 (explaining in 2014 that the "exceptions to the rule . . . are primarily limited to cases where the procedural validity of the agency's action remains in serious question, or the agency affirmatively excluded relevant evidence.") (cleaned up). Indeed, the "highly exceptional circumstances in which a party may supplement an administrative record" are limited to allegations of procedural deficiencies. *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 39 (D.D.C. 2018), *aff'd*, 7 F.4th 1201 (D.C. Cir. 2021) (articulating four "highly exceptional circumstances in which a party may supplement an administrative record: (1) the agency "acted in bad faith," (2)"engaged in improper behavior," (3) "failed to examine all

relevant factors," and (4) "failed to explain adequately its ground for decision."); *see also CTS Corp.*, 759 F.3d at 64.

But at no point have Plaintiffs made any allegations of bad faith or improper behavior. Nor have they pointed to any procedural deficiency that would warrant displacing the APA record rule. Compl. ¶¶ 62-64; *Bellion Spirits, LLC*, 335 F. Supp. 3d at 39; *see* ECF No. 59 at 4. Rather, Plaintiffs make a substantive argument that the Immigration and Nationality Act ("INA") does not authorize immigration detention facilities outside of the United States. Compl. ¶¶ 62-64; *United Student Aid Funds, Inc. v. Devos*, 237 F. Supp. 3d 1, 3 (D.D.C. 2017) ("[T]he principle of limiting review to the administrative record 'exerts its maximum force when the substantive soundness of the agency's decision is under scrutiny.'") (quoting *Esch*, 876 F.2d at 991). And as discussed below, the two exceptions invoked by Plaintiffs, properly construed under this Circuit's binding precedent, are limited to alleged procedural irregularities in agency decision-making and not a blank check to avoid the limitations imposed by the APA. *Off. of Foreign Assets Control v. Voices in Wilderness*, 382 F. Supp. 2d 54, 63 (D.D.C. 2005) (declining to turn "every challenge to administrative action" into a "fishing expedition"); *see also Univ. of California Student Ass'n v. McMahon*, No. CV 25-354 (RDM), 2025 WL 1906548, at *2 (D.D.C. Mar. 18, 2025) ("Congress's judgment [was] that the civil discovery rules are incompatible with the APA, and their application to federal agencies would likely hinder the workings of another branch of government.").

Plaintiffs first contend that their requested discovery is appropriate "to determine what the agency actually did." ECF No. 59 at 2. But there is no dispute as to what Defendants did: decide to detain aliens at a facility outside of the United States at NSGB. *See* ECF No. 53 at 22 (explaining that the policy at issue is "Defendants' recent designation of [NSGB] as a location to house

immigration detainees"); *id.* at 23-24 (noting that the "selection of individuals to be detained at [NSGB]" is "incident" to what Plaintiffs actually challenge, which is the "decision to hold them in a detention facility at [NSGB]"). The only remaining question is whether, in light of the record upon which Defendants' based their decision, Petitioners can establish that Defendants exceeded their statutory authority under the INA. Compl. ¶¶ 62-64.

And although a court may permit discovery to "fill[] in gaps in the record to determine what the agency actually did," this Circuit has done so only to determine what "the agency actually did" *to reach the decision*. *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1227 (D.C. Cir. 1993) (explaining that additional gap-filling discovery would be relevant to whether "the Secretary arbitrarily did not consider material in the record . . . or unreasonably relied on other material in the record that was logically flawed."). Indeed, for this proposition *Marshall* relied on *Citizens to Pres. Overton Park, Inc. v. Volpe*, which contemplated extra-record discovery only because "the bare record may not disclose the factors that were considered or the Secretary's construction of the evidence" so as to permit review of "the full administrative record that was before the Secretary at the time he made his decision." 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 97 192 (1977). That is, this inquiry is nothing more than part-and-parcel of the limited procedural exceptions to the APA record rule that, as discussed, do not apply here. *See, e.g.*, *Cherokee Nation v. United States Dep't of the Interior*, 531 F. Supp. 3d 87, 98 (D.D.C. 2021) ("'It will often be impossible, especially when highly technical matters are involved, for the court to determine *whether the agency took into consideration all relevant factors* unless it looks outside the record to determine what matters the agency should have considered but did not.'") (quoting *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980)); *Strategic Analysis, Inc. v. U.S. Dep't of Navy*, No. CIV. A. 96-0300(PLF),

1996 WL 294262, at *2 (D.D.C. May 29, 1996) (permitting deposition of "the individual whose disputed employment status created the factual basis for the agency's decision to award the contract" because it would "shed light on the completeness of the record before the agency and assist the Court in assessing the rationality of the agency's reliance on the facts that were before it."); *Marshall Cnty. Health*, 988 F.2d at 1227.  This Circuit expressly rejected "the creation of an exception which would enable parties challenging the propriety of informal agency action" to submit evidence "address[ing] the merits and propriety of the agency decision."[1] *Env't Def. Fund, Inc. v. Costle*, 657 F.2d 275, 286 (D.C. Cir. 1981) ("If anything, a judicial venture outside the record can only serve either as background information, or to determine the presence of the requisite fullness of the reasons given; and it can never . . . examine the propriety of the decision itself.").

Plaintiffs additionally argue that further discovery is necessary to "ascertain the contours of the precise policy at issue," ECF No. 59 at 2, yet the case cited by Plaintiffs and the Court for that proposition did not discuss or consider the applicability of the APA record rule to the original decision at issue.  ECF No. 59 at 2 & Minute Order 1/6/2026 (both citing *Hisp. Affs. Project v. Acosta*, 901 F.3d 378, 388 (D.C. Cir. 2018)); *see Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 170 (2004) ("'Questions which merely lurk in the record, neither brought to the

---

[1] Moreover, the Court has already signaled its resolution of this question on the merits without the need for any discovery. *See* ECF No. 53 at 29-46. As the Court observes, "[t]he complaint alleges that the [NSGB]-detention policy carries out Section 1232(g) detention." *Id.* at 25; *see* Compl. ¶ 62. And the Court appeared to resolve that challenge by finding that § 1231(g)(1) contemplates only "detention pending—i.e. while awaiting—removal. And removal occurs when an individual departs from the United States including by departing to [NSGB]." *de Csepel v. Republic of Hungary*, 714 F.3d 591, 598 (D.C. Cir. 2013) (explaining that "plaintiffs are 'masters of the complaint' with the power to bring those claims they see fit," and "it is incumbent upon [the Court] to address" the "claims [they] actually bring[]." ) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 395 (1987)).

attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.'") (quoting *Webster v. Fall*, 266 U.S. 507, 511 (1925)). Instead, *Hispanic Affairs* permitted extra-record declarations for a "distinct" challenge to a "practice or policy," which Plaintiffs have not alleged in their Complaint in this action.[2] 901 F.3d at 386 n.4; *see* Compl. Moreover, *Hispanic Affairs* relied on *Venetian Casino Resort, L.L.C. v. E.E.O.C.*, where the court contemplated additional discovery to "ascertain the contours of the precise policy at issue" because the record was "based on an outdated version of the agency's [contested] Manual" and "because the Commission's litigation position ha[d] been inconsistent." 409 F.3d 359, 367 (D.C. Cir. 2005). In other words, this exception, too, applies only to alleged procedural irregularities in the agency's decision-making. *Truong v. United States Citizenship & Immigr. Servs.*, 2022 WL 888192, at *3 (declining to adopt APA record rule exception regarding "agency's contemporaneous construction of relevant regulations" and maintaining limitations on available exceptions to whether an agency "complied with its procedural obligations").

Relying only on *Hispanic Affairs* and *Venetian Casino Resort*, recent cases from this District permitting extra-record discovery in APA actions have failed to contend with—and indeed plainly exceeded—the clear procedural confines of those cases. *See, e.g.*, *Escobar Molina v. U.S.*

---

[2] And even if Plaintiffs had made such an allegation, "*Hispanic Affairs* does not suggest that under such circumstances the discovery limitation does not apply, but rather, more precisely, that the . . . exception might be satisfied in cases where "the record does not reveal 'whether [the] agency's challenged policy exists.'" *Urb. Sustainability Directors Network v. United States Dep't of Agric.*, No. CV 25-1775 (BAH), 2025 WL 2374528, at *41 (D.D.C. Aug. 14, 2025) (quoting *Univ. of California Student Ass'n*, 2025 WL 1906548, at *2; *see also Am. Fed'n of Lab. & Cong. of Indus. Organizations v. Dep't of Lab.* ("*AFL-CIO*"), 349 F.R.D. 243, 248 (D.D.C. 2025), *reconsideration denied*, No. CV 25-339 (JDB), 2025 WL 1129202 (D.D.C. Mar. 19, 2025) (permitting extra-record discovery because the challenged action was "whether the alleged disclosure policy in fact exists" and thus "not an ordinary APA case"). Here, the existence of a policy is not at issue, nor—as discussed further below—has the record been found insufficient.

*Dep't of Homeland Sec.*, No. CV 25-3417 (BAH), 2025 WL 3465518, at *37 (D.D.C. Dec. 2, 2025); *AFL-CIO*, 349 F.R.D. at 249; *All. for Retired Americans v. Bessent*, No. CV 25-0313 (CKK), 2025 WL 1114350, at *3 (D.D.C. Mar. 20, 2025). And, critically, in *Escobar Molina*, where the court ordered the defendants to produce information about the "facts and circumstances surrounding" all warrantless arrests—similar to the information Plaintiffs request about each transfer to NSGB, *see* ECF No. 59 at 1-2—the court made clear that "this reporting is not aimed at assisting plaintiffs in proving their underlying APA case, but rather at ensuring compliance with the court-ordered preliminary injunction." 2025 WL 3465518, at *37. Here, there is no such injunction, and the Court should not permit Plaintiffs to pursue extra-record discovery beyond agreement by the parties without contending with the binding Circuit precedent establishing that exceptions apply only to procedural insufficiencies. *See Off. of Foreign Assets Control*, 382 F. Supp. 2d at 62 (finding request for discovery was simply an "attempt to uncover definitive evidence of wrongdoing" which is not an exception to the APA record rule).

Finally, assuming the Court disagrees with Defendants and finds that an exception to the APA record rule applies, even the cases ordering extra-record discovery agree that it is warranted only *after* the certified administrative record has been found by the Court to be insufficient for judicial review. *Venetian Casino Resort*, 409 F.3d at 367; *see, e.g.*, *Univ. of California Student Ass'n v. McMahon*, No. CV 25-354 (RDM), 2025 WL 1906548, at *3 (D.D.C. Mar. 18, 2025) (emphasis added) ("[W]ithout the administrative record in *this* case, the Court is unable to conclude that" an exception applies) (emphasis in original); *All. for Retired Americans v. Bessent*, 2025 WL 1114350, at *3 ("The record *now before the Court* is insufficient . . .") (emphasis added); *cf. AFL-CIO*, 349 F.R.D. at 249 (allowing discovery prior to a finding that the record is insufficient when the court did not find it "evident that there exists a standard administrative record that

- 6 -

defendants could submit"). This is because in APA cases, discovery is a remedy for an insufficient record or showing of bad faith, not a right or a matter of course to explore topics of interest, especially when they were not pled in the Complaint. *See, e.g.*, *Stand Up for California! v. United States Dep't of Interior*, 315 F. Supp. 3d 289, 298 (D.D.C. 2018) (granting discovery request after prima facie showing of bad faith and incomplete record); *infra* n.1; Compl. ¶¶ 62-64. Thus, any extra-record discovery in this case is premature; Plaintiffs' request for additional material should be rooted in a specific deficiency of the record rather than speculation as to what it might or might not contain. At minimum, the Court should await Defendants' filing of the administrative record on January 16, 2026, and allow the parties to discuss supplementation as needed based on the contents of that record.[3] And, if the Court orders additional discovery, it should "direct Plaintiffs to amend their discovery requests to narrow their scope and minimize the burden they impose on Defendants" and "allow Defendants more time to respond than Plaintiffs have requested." *All. for Retired Americans*, 2025 WL 1114350, at *3.

Dated: January 13, 2026                     Respectfully submitted,

                                            BRETT A. SHUMATE
                                            *Assistant Attorney General*

                                            DREW C. ENSIGN
                                            *Deputy Assistant Attorney General*

---

[3] For example, the Court signaled a lack of clarity about the nature and contours of the reviewable final agency action in this litigation. *See* ECF No. 53 at 22-23. Unless and until the Court makes a finding based on the administrative record that the agency action at issue is a policy of transient detention at NSGB during the execution of an aliens' final order of removal, disregarding a "black-letter administrative law" principle to explore this issue further is unwarranted. *Hill Dermaceuticals, Inc.*, 709 F.3d at 47.

ANTHONY NICASTRO
*Acting Director*

LESLIE McKAY
*Assistant Director*

RUSSELL J.E. VERBY
*Senior Litigation Counsel*


By: /s/ *Alexa Perlmutter*
    ALEXA PERLMUTTER
    *Trial Attorney*
    U.S. Department of Justice, Civil Division
    Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Email: alexa.s.perlmutter@usdoj.gov
    Tel: (202) 532-4665

    IAN S. LAM
    MALCOM McDERMOND
    JASON K. ZUBATA
    *Trial Attorneys*

    *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2026, I electronically filed this motion with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF System.  I further certify that Plaintiffs will be served via their counsel of record via the CM/ECF System.

/s/  Alexa Perlmutter
ALEXA PERLMUTTER
Trial Attorney
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Alexa.S.Perlmutter@usdoj.gov
Tel. (202) 532-466

Case 1:25-cv-01766-SLS   Document 65   Filed 01/13/26   Page 11 of 11