### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| YAMIL LUNA GUTIERREZ, *et al.*, <br><br> *Plaintiffs-Petitioners*, on behalf of themselves and all others similarly situated, <br><br> v. <br><br> KRISTI NOEM, Secretary of Homeland Security, in her official capacity, *et al.*, <br><br> *Defendants-Respondents*. | Case No. 1:25-cv-01766 |

### JOINT REPORT REGARDING UNCLASSIFIED PROTECTIVE ORDER

Plaintiffs-Petitioners ("Plaintiffs") and Defendants-Respondents ("Defendants") have met and conferred regarding a proposed Protective Order regarding the treatment of unclassified materials in this case.[1] Defendants—in a good faith effort to ensure that litigation progresses efficiently and without unnecessary delay or judicial intervention—intend to produce to Plaintiffs' counsel the unclassified record and the first weekly class member report on January 16, 2025. The Parties have agreed that the unclassified record and weekly class member reports will be treated as protected until the Court resolves any contested issues and issues a final Protective Order governing the unclassified record and weekly class member reporting.

As to the Unclassified Protective Order, the Parties have come to agreement on the majority of this Order, with one key area of disagreement remaining for the Court's resolution. *Compare* Ex. A at ¶ 5 (Plaintiffs' Proposed Language); Ex. B (Defendants' Proposed Language). The Parties

---

[1] As discussed in the Parties' prior joint notice, ECF No. 63, the Parties have agreed to bifurcate treatment of the certified administrative record between unclassified and classified materials, while Plaintiffs reserve the right to contest any designation of materials as classified and the bifurcation process down the line.

1

disagree as to the process for designation of protected materials subject to the protective order, and which party shall bear the burden of establishing that a document is "protected" and be filed under seal. Plaintiffs propose that the parties follow the process established in *In re Guantanamo Bay Detainee Litig.*, 577 F. Supp. 2d 143, 151 (D.D.C. 2008), where the party that wishes to have the Court deem a document "protected" must first meet and confer with opposing counsel to attempt to reach an agreement, and if no agreement is reached, file a motion with the Court. *See* Ex. A at ¶ 5 (Plaintiffs' Proposed Language). As discussed further below, Defendants believe that the designation process set forth in *In re Guantanamo Bay Detainee Litig.*, 577 F. Supp. 2d 143, 151 (D.D.C. 2008) concerned different circumstances than those here, fails to address the nature and substance of the unclassified record in this action, and should not be relied upon to govern how best to designate the protected materials in this matter. Rather, Defendants propose that the receiving party must bear the burden of challenging any designation made by the producing party before the Court. *See* Ex. B at 5 (Defendants' Proposed Language).

The Parties' positions are described below.

**Plaintiffs' Position.**

Plaintiffs propose that the parties follow the process established in *In re Guantanamo Bay Detainee Litig.*, 577 F. Supp. 2d at 151, where the party that wishes to have the Court deem a document "protected" must first meet and confer with opposing counsel to attempt to reach an agreement, and if no agreement is reached, file a motion with the Court. *See* Ex. A at ¶ 5 (Plaintiffs' Proposed Language).

Plaintiffs do not contest Defendants' ability to designate materials as protected pursuant to the protective order, but maintain that this must be done on a case-by-case basis, with approval from the Court, as is the standard protocol in any case before the courts, including for litigation

regarding Guantanamo. "It is the [C]ourt, not the Government, that has discretion to seal a judicial record." *Bismullah v. Gates*, 501 F.3d 178, 188 (D.C. Cir. 2007) (citing *United States v. El-Sayegh*, 131 F.3d 158, 160 (D.C. Cir. 1997)). "Therefore, insofar as a party seeks to file with the court nonclassified information the Government believes should be 'protected,' the Government must give the court a basis for withholding it from public view." *Id*.; *see also Parhat v. Gates*, 532 F.3d 834, 853 (D.C. Cir. 2008) (requiring the government to "identify[] the specific information it seeks to designate and pleadings explaining why protecting that specific information is required").

This principle applies equally in cases regarding detention at Guantanamo. *See Parhat*, 532 F.3d at 853; *Bismullah*, 501 F.3d at 188; *Ameziane v. Obama*, 620 F.3d 1, 6 (D.C. Cir. 2010) (noting "the independent role carved out for the judiciary" and its "concomitant obligation to balance the needs of the government against the rights of the detainee, and also to preserve to the extent feasible the traditional right of public access to judicial records"). Surveying this case law, Judge Hogan described the now uncontroversial two-step *Parhat* test for courts to apply when assessing whether unclassified government information should be sealed. *See In re Guantanamo Bay Detainee Litig.*, 787 F. Supp. 2d 5, 13 (D.D.C. 2011). Critically, the first step imposes the burden on the government to explain why any materials must be designated as protected and thus sealed from the public record: "Pursuant to *Parhat*'s first step, the government *must* identify the categories of information it seeks to protect and provide a valid basis for withholding information in those categories" by "proffer[ing] a specific, tailored rationale for protecting a general category of information." *Id*. (emphasis added).

Defendants assert that it would be expeditious to place the entire record under seal and require parties to expend resources to challenge any designation. But that inverts the presumption of disclosure and public access on its head. It is Defendants' proposal that would lead to enormous

resources and time by sealing the entire record by default and forcing Plaintiffs to challenge every designation before the Court. As demonstrated by previous Guantanamo litigation, the government has complied with the *Parhat* process for well over a decade and parties have generally been able to come to an agreement on materials that should be protected and filed under seal, while bringing narrow disputes to the courts. The same process should occur here.

**Defendants' Position.**

The producing party, *i.e.*, Defendants, should not bear the burden of affirmatively demonstrating that materials in the unclassified record have been properly designated as Protected Materials. Defendants represent that most, if not all, of the material and information contained in the unclassified record constitute Protected Materials. This is because much of the information covered by this protective order implicates unique considerations, including those relating to ongoing federal operations, law enforcement, and national security. That the bulk of the record contains a high volume of Protected Materials simply demonstrates that Defendants have diligently compiled a responsive unclassified record. And Defendants are best suited to "indicate initially which of the materials were 'before' it," as it relates to the record in this action. *See Pac. Shores Subdivision, California Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) (citing *Maritel, Inc. v. Collins*, 422 F. Supp. 2d 188 (D.D.C. 2006)). Indeed, "[a]bsent clear evidence to the contrary, an agency is entitled to a strong presumption of regularity" with respect to the certified administrative record it designates. *See id.*

For this reason, Defendants propose that the non-designating-party, *i.e.,* Plaintiffs, bear the burden of testing any Protected Material designation they believe is not proper. Conversely, Plaintiffs contend that the onus should fall on the designating-party to demonstrate why a particular Protected Material designation is appropriate or warranted. This makes no sense here—in fact, it

would be counterproductive. Adopting Plaintiffs' position would likely force the parties to engage in countless disputes relating to every single piece of the unclassified record (which is expected to span hundreds of pages). Under Plaintiffs' proposed framework, many of these disputes would likely require court resolution based on extensive briefing and hearings. Such an expenditure of resources, and in particular court resources, runs counter to principles of judicial economy and would only impede the quick and effective resolution of this action. Defendants' proposal would ensure efficient review of the record and mitigate the need for court intervention.

Additionally, Plaintiffs rely on *In re Guantanamo Bay Detainee Litig.* to support their proposal regarding the designation of protected materials. 577 F. Supp. 2d 143, 151 (D.D.C. 2008); *see supra*. But the protective order in that case addressed different concerns and diverges from agreed-upon provisions in the proposed Protective Order here. For example, *In re Guantanamo Bay Detainee Litig* expressly precluded class members' access to protected information absent "prior concurrence of government counsel or express permission of the Court," *id.* at 151–52, something which Plaintiffs have requested, and Defendants have agreed to, in this action. *See, e.g.,* Ex. A at 4–5. The point is that *In re Guantanamo Bay Detainee Litig.* should not serve as the touchstone for the unclassified protective order and designation process in this case, which raises substantially different issues and considerations. Instead, Defendants believe that the parties should fashion the unclassified protective order and designation process in a way that serves the needs of the parties to this litigation, ensures efficient review of the record, and mitigates any unnecessary court intervention.

The Court should therefore adopt Defendants' proposal because Defendants are (1) entitled to a strong presumption of regularity regarding the unclassified record, (2) are in the best position to indicate which materials were before them as related to the challenged actions, and (3) have

determined that the bulk of the unclassified materials in the record constitute Protected Materials.

*See Pac. Shores Subdivision, California Water Dist.*, 448 F. Supp. 2d at 5.

Dated: January 16, 2026

Respectfully submitted,

/s/ *Ian S. Lam*
IAN S. LAM
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-6329
Email: ian.s.lam@usdoj.gov

LESLIE McKAY
*Assistant Director*

*Attorneys for Defendants-Respondents*

/s/ *Lee Gelernt*
Lee Gelernt (D.D.C. Bar No. NY0408)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org

*Attorneys for Plaintiffs-Petitioners*