# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YAMIL LUNA GUTIERREZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, et al., <br><br> Defendants. | Civil Action No. 1:25-cv-01766-SLS |

**[PLAINTIFFS' PROPOSED] PROTECTIVE ORDER**

1. **Scope.** The following terms, conditions, procedures, and restrictions govern the documents, electronic data, and any other information of any kind produced or voluntarily exchanged in this Action by any Party (defined as Plaintiffs or Defendants in this action) or Third Party, including the record contemplated by 5 U.S.C. § 706, all discovery contemplated by Rules 26 through 36 of the Federal Rules of Civil Procedure, and any regular reporting of class members by Defendants. The protections conferred by this Order cover not only any Protected Material (as defined below) but also (a) any information copied or extracted from those portions of any documents containing Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and any (c) briefing, testimony, conversations, or presentations by the Parties or their counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover information that is properly in the public domain, except as limited by other agreement of the Parties or order of the Court in this action. A separate protective order will cover and define Classified Materials, that the United States Government has

1

determined requires protection against unauthorized disclosure on the basis of national security or pursuant to Executive Order, including Executive Order 12958.

2. **Protected Material.** The terms "protected information" and "protected documents" refer to any document or information deemed by the Court to require special precautions in storage, handling, and control, including the following categories of information:

   a. Information exempted from disclosure under the Privacy Act, 5 U.S.C. § 552a, *et seq*., without obtaining the prior written consent of the individual to whom such records or information pertain, unless made "pursuant to the order of a court of competent jurisdiction," *id.* § 552a(b)(12), or any other information that is protected or restricted from disclosure by Court order, statutes, rules, or regulations;

   b. Any individual's personally identifiable information ("PII") including but not limited to the first and last names, date of birth, society security number, alien registration number, passport number, and any similar numbers assigned to an individual by a federal, state, or local government of the United States or government entity of another country belonging to any individual;

   c. Personal financial, medical or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2., including any document, information, or tangible thing protected by the provisions of the Family and Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 C.F.R. Part 99; certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number, or other identifying number, including Health Insurance Claim (HIC) number) that may be subject to the provisions of the Privacy

2

<ol style="list-style-type: lower-alpha;" start="3">
<li>Act, 5 U.S.C. § 552a; the provisions of 45 C.F.R. §§ 164.102-164.534 (regulations promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA)).</li>
<li>The names, telephone numbers, and electronic mail addresses of non-public facing federal government employees or contractors of the federal government;</li>
<li>Sensitive information about law enforcement or national security staffing, law enforcement or national security resources, law enforcement or national security intelligence, and/or law enforcement or national security methods, as well as identifying information, names, contact information, or identifying numbers, of non-public facing supervisory and non-supervisory federal employees and contractors involved in this litigation or custodial functions;</li>
<li>Information contained in or pertaining to an individual's asylum, statutory withholding of removal, refugee, or Convention Against Torture claims or applications, or credible or reasonable fear determinations.</li>
</ol>

3. **Designations.** A Producing Party may designate Protected Material by labeling the pertinent designation on each paragraph of the document that is designated as containing Protected Material. For interrogatory answers and responses to requests for admissions, designation of Protected Material shall be made by placing "PROTECTED MATERIAL." Blanket designations shall not be made unless a party contends the entire document is protected. The duty of the Receiving Party and of all other persons bound by this Protective Order to maintain the confidentiality of the Material so designated shall commence when the Material is received by the Receiving Party pending judicial approval.

4.  **Access to Protected Material.** Only the following persons shall have access to or retain material designated as Protected Material pursuant to this Order:

    a.  The Court and its personnel including reporters and interpreters, and any reviewing appellate court and its personnel;

    b.  Defendants, Defendants' employees to whom disclosure is reasonably necessary for this litigation, Defendants' counsel of record in this action and any support staff and other employees of such counsel assisting in this action;

    c.  Plaintiffs, including class members, Plaintiffs' employees to whom disclosure is reasonably necessary for this litigation, Plaintiffs' attorneys, Plaintiffs' counsel of record in this action and any support staff and other employees of such counsel assisting in this action;

        1.  Class members and their attorneys (if applicable) who access or retain material designated as Protected Material pursuant to this Order shall be subject to and bound by the terms of this Order. Prior to accessing or retaining any material designated as Protected Material, the class member and the class member's attorney (if applicable) shall review this Order and affix their signature to a copy of this Order attesting that they have read, understand, and agree to abide by the terms of this Order. Defendants reserve their right to seek sanctions, including those under Fed. R. Civ. P. 37(b)(2), against any individual who violates this Order.

    d.  Any witness who counsel for a Party provides notice of intent to call to testify at trial or a deposition in this action, only to the extent necessary to fulfill the

4

       requirements of a testifying witness, and reasonably related to the facts said witness can testify to, and who have been advised by counsel of their obligations hereunder;

e.    Experts and consultants, including translators or interpreters, retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein (and the experts' or consultants' staff whose duties and responsibilities require access to such materials), and who have been advised by counsel of their obligations hereunder; and

f.    Any other person agreed to in writing by the Parties.

5. **Challenge to Designations**. Should a party wish to have the Court deem any document or information "protected," that Party shall disclose the information to opposing counsel and attempt to reach an agreement about the designation of the information prior to filing a motion with the Court. The opposing counsel shall treat such disclosed information as protected unless and until the Court rules that the information should not be designated as protected. If the Parties cannot reach agreement concerning the designation, the party that wishes to designate the information as "protected" must within seven (7) days of conferral file a motion with the Court seeking relief. The designated material shall continue to be redacted or treated as Protected Material until the issue is resolved by Order of this Court.

6. **Disclosure of Protected Material to Unauthorized Persons by Receiving Party.** If Protected Material is disclosed by the Receiving Party to any unauthorized person, through inadvertence, mistake, or otherwise without authorization by the Producing Party, the Receiving Party shall (a) use their best efforts to retrieve the disclosed information and all copies thereof; (b) advise the recipient of the improperly disclosed information, in writing,

5

of the terms of this Order; (c) take all reasonable steps to prevent further disclosure by or to the unauthorized person; and (d) inform the Producing Party of the disclosure.

7. **Inadvertent Disclosure of Protected Material by Producing Party.** The failure of a Producing Party to designate specific documents or materials as Protected Material shall not, by itself, be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon written notice to the Receiving Party of such failure to designate, or of incorrect designation, the Receiving Party shall cooperate to retrieve disseminated copies, restore the confidentiality of the inadvertently disclosed information beyond those persons authorized to view it under Paragraph 5, and take reasonable steps to ensure that the Protected Material is treated in accordance with the designation. No person or Party shall incur any liability under this Order with respect to disclosure that occurred prior to the receipt of written notice of the mistaken designation.

8. **Reservation of Rights.** Nothing in this Order compels the production or disclosure of privileged material, prevents the Producing Party from making any objection or claim or privilege, or constitutes an admission of waiver of any claim, privilege, or defense by the Producing Party. Nothing in this Order waives the Receiving Party's right to challenge any claim, privilege or defense by the Producing Party. The Parties reserve the right to modify or amend the terms of this Protective Order upon stipulation or court order. If under Fed. R. Civ. P. 26(b)(5)(A)(ii), a privilege log has not been provided, upon request by the Receiving Party, the Producing Party shall, within five (5) business days of the request, unless extended by the parties, specify the basis for the designation for any particular Material. Information contained in any document produced in this litigation and that is subject to privilege will remain redacted after the close of litigation.

7

9.  **Duration.**  Even after the final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Parties agree otherwise in writing or a Court order otherwise directs.

##