UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YAMIL LUNA GUTIERREZ, *et al.*,

    *Plaintiffs*,

v.

KRISTI NOEM, *et al.*,

    *Defendants*.

Civil Action No. 25-1766 (SLS)

Judge Sparkle L. Sooknanan

## ORDER

On January 5, 2026, the Parties submitted a notice updating the Court about their discussions regarding discovery for the Plaintiffs' contrary-to-law claim. Notice Regarding Disc., ECF No. 59. The Parties agree that discovery outside the administrative record is warranted for that claim. Notice Regarding Disc. at 1, 3. But they disagree about the scope of that discovery.

The Plaintiffs request seven categories of information about each noncitizen who was transferred to the United States Naval Station at Guantanamo Bay, Cuba between June 4, 2025, and January 12, 2026:

1. the individual's name, alien registration number, and country of origin;
2. if the individual was removed, the date of their removal and the country to which they were removed;
3. the dates of transfer to and from Guantanamo;
4. a copy of the individual's removal order;
5. whether the individual was removed to their destination country directly from Guantanamo or instead brought back to the United States prior to that removal;
6. whether the individual's flight manifest listed their destination country when they were transferred to Guantanamo; and

      7. whether the individual had travel documents, travel itineraries, and acceptance by the country of removal when they were transferred to Guantanamo.

Notice Regarding Disc. at 1–2. The Defendants have agreed to produce the first four categories of information. *Id.* at 3. The dispute is about the remaining three categories.[1]

The Defendants oppose discovery regarding those three categories by relying on the well-established principle "that in an [Administrative Procedure Act (APA)] case, a reviewing court 'should have before it neither more nor less information than did the agency when it made its decision.'" *Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013) (quoting *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984)); Defs.' Mem. at 1. The Plaintiffs argue that they need this information to "ascertain the contours of the precise policy at issue" in this action. *Hisp. Affs. Project v. Acosta*, 901 F.3d 378, 388 (D.C. Cir. 2018) (quoting *Venetian Casino Resort, LLC v. EEOC*, 530 F.3d 925, 928 (D.C. Cir. 2008)); Pls.' Mem. at 1. The Court agrees with the Plaintiffs that additional discovery is likely necessary. But without access to the administrative record or arguments from the Parties regarding its sufficiency, the Court cannot determine whether discovery of the three categories of information at issue is appropriate. It will therefore order the Parties to proceed as described below.

As an initial matter, the D.C. Circuit has recognized that courts may sometimes "exercise . . . discretion to permit [extra-record] discovery 'to ascertain the contours of the precise policy at issue'" in an APA case. *Hisp. Affs. Project*, 901 F.3d at 388 (quoting *Venetian Casino*, 530 F.3d at 928). Courts in this District have accordingly permitted discovery to elucidate a challenged policy when the administrative record is or necessarily would be inadequate. *See, e.g., All. for*

---

[1] After the Parties informed the Court about the current dispute, the Court ordered them to file supplemental memoranda providing any arguments that had not been detailed in the Notice Regarding Discovery. Min. Order (Jan. 6, 2026). The Court has reviewed both Parties' memoranda. *See* Defs.' Mem., ECF No. 65; Pls.' Mem., ECF No. 72.

*Retired Ams. v. Bessent*, No. 25-cv-313, 2025 WL 1114350, at *3 (D.D.C. Mar. 20, 2025); *AFL-CIO v. Department of Labor*, 349 F.R.D. 243, 249 (D.D.C. 2025).

The Court finds particularly instructive the decision from another court in this District. In *AFL-CIO v. Department of Labor*, the plaintiffs challenged the defendant agencies' policy of granting employees of the so-called Department of Government Efficiency (USDS) access to government information systems. 349 F.R.D. at 248. The defendants opposed discovery on the basis that discovery is inappropriate in APA cases absent the plaintiff showing bad faith, improper behavior, or that the administrative record is so inadequate that it prevents judicial review. *Id.* The court disagreed, noting that the defendants' arguments "glosse[d] over the fact" that the case was "not an ordinary APA case." *Id.* The challenged action was "unlike the actions normally challenged in APA cases, such as a promulgated regulation or a grant or denial of an application." *Id.* And the defendants argued that the USDS employees were in fact employees of the defendant agencies. *Id.* That meant that a "key question" was "whether the alleged disclosure policy in fact exists," a question that had not been answered by "the parties' arguments and the record in th[e] case." *Id.* (quoting *Venetian Casino Resort, LLC v. EEOC*, 409 F.3d 359, 360 (D.C. Cir. 2005)). The court explained that "[i]n such situations, a court may depart from the default APA no-discovery rule." *Id.*

The court concluded that discovery was appropriate because "[t]he 'contours of the precise policy at issue' [were] far from defined." *Id.* at 249 (quoting *Hisp. Affairs Project*, 901 F.3d at 388). That discovery was "not so much 'fact-finding' as it [was] 'filling in gaps . . . to determine what the agency actually did.'" *Id.* (quoting *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1227 (D.C. Cir. 1993)). Accordingly, that case "merit[ed] an exception to the general prohibition of discovery in APA cases." *Id.*

3

The situation in this case is analogous. This is also "not an ordinary APA case." *Id.* at 248. The Plaintiffs are challenging an alleged policy pursuant to which class members "are being detained at Guantanamo in the same manner as at any other detention facility where individuals are pending removal." Mem. Op. at 45, ECF No. 53. Up to this point in this litigation, the Defendants have appeared to dispute this characterization. In the briefing on their Motion to Dismiss, they described the detention of class members at Guantanamo as "part of the government's efforts to facilitate their removals," Mot. Dismiss at 20, ECF No. 29, and they suggested that detention at Guantanamo constitutes a "staging point" amid execution of a removal order, Reply at 17, ECF No. 35. The Defendants have not since walked back that portrayal.

The Defendants instead seek to distinguish *AFL-CIO* by arguing that "the existence of a policy is not at issue" in this case. Defs.' Mem. at 5 n.2. This misses the mark. The relevant principle applied in *AFL-CIO* is that courts may "permit [extra-record] discovery 'to ascertain *the contours* of the precise policy at issue.'" *Hisp. Affairs Project*, 901 F.3d at 388 (emphasis added). Here, the Defendants do not define the "policy" that they concede exists. If the Defendants are merely conceding that class members are detained at Guantanamo, that is insufficient to clarify the contours of the policy being challenged in this case. The "key question" for the Plaintiffs' contrary-to-law claim, *AFL-CIO*, 349 F.R.D. at 248, is whether the policy carries out detention in the manner of 8 U.S.C. § 1231(g)(1) or instead in the manner of 8 U.S.C. § 1103(a)(3), *see* Mem. Op. at 44–45. That does not appear to be a question about which the Parties agree.

Further, the Court does not "find it evident that there exists a standard administrative record that [the Defendants] could submit" that would answer this question. *AFL-CIO*, 349 F.R.D. at 249. Although the Defendants have not provided the Court with the administrative record, they did file an index for that record. ECF No. 70. It is not apparent from that index that any record indicates

whether class members are detained at Guantanamo in the same manner as any other immigration-detention facility, or whether they are detained there only amid execution of a removal order. The Plaintiffs represent that the record that has been produced does "not include information that is relevant to the implementation of detention at Guantánamo." Pls.' Mem. at 6.

That said, the Court is cognizant that it does not have access to the administrative record. And extra-record discovery is generally appropriate only when the record is inadequate, which a court typically determines after reviewing the record itself. *See Univ. of Calif. Student Ass'n v. McMahon*, No. 25-cv-354, 2025 WL 1906548, at *2–3 (D.D.C. Mar. 18, 2025). Accordingly, in the interest of expeditiously moving this case forward, the Court will permit the Plaintiffs to serve on the Defendants discovery requests aimed at answering whether the challenged policy contemplates a class member's detention at Guantanamo only amid executing their removal order. But it will also permit the Defendants to oppose those requests on the basis that the administrative record adequately answers that question, with relevant citations to the portions of the record providing that answer. If, after meeting and conferring in good faith about the issue, a dispute remains regarding the Plaintiffs' discovery requests and the sufficiency of the current record, the Parties should file a notice on the docket titled "Joint Notice of Discovery Dispute." That Notice should provide each Party's position in no more than seven pages per side. And the Defendants shall then also file the administrative record on the docket under seal.

One final note about the Plaintiffs' discovery requests. Discovery in these circumstances should be "limited" and "targeted to the narrow issue" for which the record is inadequate. *All. for Retired Ams.*, 2025 WL 1114350, at *3. Here, the Plaintiffs' requests should be targeted at illuminating the nature of the challenged policy. The Court cautions that the discovery requests are not an opportunity for the Plaintiffs "to uncover definitive evidence of wrongdoing," *Off. of*

5

*Foreign Assets Control v. Voices in Wilderness*, 382 F. Supp. 2d 54, 62 (D.D.C. 2005), or to create the strongest possible record to "prov[e] their underlying APA case," *Escobar Molina v. DHS*, No. 25-cv-3417, 2025 WL 3465518, at *37 (D.D.C. Dec. 2, 2025). Accordingly, the Court expects that the Plaintiffs' discovery requests will be reasonably limited and, to the extent that the administrative record is insufficient, that the Defendants will work with the Plaintiffs to disclose information reasonably suited to revealing the contours of the policy challenged here.[2]

For the foregoing reasons, the Court **ORDERS** that the Plaintiffs will serve discovery requests on the Defendants by February 12, 2026. The Defendants shall send any opposition to those requests by February 19, 2026. If necessary, the Parties shall file their Joint Notice of Discovery Dispute by March 5, 2026, and the Defendants shall file the unclassified administrative record under seal that same day.

**SO ORDERED.**

                                                                                  _____
                                                                                  SPARKLE L. SOOKNANAN
                                                                                  United States District Judge

Date:   February 5, 2026

---

[2] The Court observes that the Plaintiffs' fifth request—whether each class member was removed to their destination country directly from Guantanamo or instead brought back to the United States prior to that removal—appears well-tailored to revealing the nature of the challenged policy. The Court takes no position with respect to whether other categories of information would be necessary.