UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YAMIL LUNA GUTIERREZ, et al.,<br><br>Plaintiffs-Petitioners,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, et al.,<br><br>Defendants-Respondents. | Civil Action No. 1:25-cv-01766-SLS |

# THE PARTIES' FIFTH JOINT NOTICE REGARDING THE STATUS OF THE CLASSIFIED RECORD

On January 14, 2026, the Court ordered that the "Parties submit a notice every Wednesday updating the Court as to the status of the classified protective order and any other updates regarding production of the classified record" (the "weekly reports"). ECF No. 66 at 1 (the "Order"). Plaintiffs-Petitioners ("Plaintiffs") and Defendants-Respondents ("Defendants") (collectively, the "Parties") have since filed four of these weekly reports with the Court. ECF Nos. 71, 73, 74, 76. Pursuant to the Order, the Parties respectfully submit this fifth weekly report and provide the following updates:

**Defendants' Update**

**Classified Documents:** The Department of War has continued its efforts to identify record materials that comprise classified information. This review is ongoing and subject to change, but DOW currently believes that less than 20 pages of the record will contain classified material. The DOW intends to conduct a further review of those materials to determine if they can be declassified (to a Controlled Unclassified Information ("CUI") level) in whole or in part. Defendants believe this process will be complete within the next 30 days. To the extent these remaining documents

4

are declassified or subject to redactions of classified material, they will be provided to Plaintiffs via a supplemental CAR production subject to an updated Protective Order. *See infra*. Defendants intend to provide any classified material to the Court for its ex parte, in camera review. Defendants provided this update to Plaintiffs during the parties' meet and confer on February 17, 2026.

**The Classified Protective Order:** Defendants have further determined that, consistent with its longstanding position, sharing classified record information with private counsel is not appropriate in this context. Courts have routinely accepted *ex parte* and *in camera* classified information that is part of the administrative record, and upon which the agency intends to rely in order to defend the challenged agency action. *See, e.g., Abdellatif v. DHS*, No. 20-1298, Order (D.C. Cir. July 26, 2024); *China Telecom (Ams.) Corp. v. FCC*, No. 21-1233, Order (D.C. Cir. July 14, 2022). Defendants similarly informed Plaintiffs of their position during the parties' meet and confer on February 17, 2026.

In light of these developments, Defendants are ending negotiations regarding a classified protective order. Defendants propose that the parties continue to negotiate in good faith to refine and adapt the terms of the existing proposed Unclassified Protective Order with the goal of accommodating formerly classified documents that might still bear CUI markings. Should Plaintiffs wish to challenge the designation of certain documents marked as CUI, they may do so pursuant to the mechanism for challenging designations set forth in the Court's January 21, 2026, Minute Order, which may include additional review by the Defense Intelligence Agency ("DIA"). If classified material remains in the record after the re-review and Plaintiffs believe they are entitled to access it, that dispute, once narrowed, will require litigation.

**Security Clearances:** Given the development in this status report, and considering Defendants' position that the Court's review of the classified portions of the record now must be *ex parte* and *in camera*, further security clearance processing will not go forward at this time.

**Plaintiffs' Position**

Plaintiffs received just one day's notice of Defendants' update regarding the classified record and are evaluating their options. Plaintiffs note that the parties have expended about five weeks engaged in the process for securing clearances and negotiating over the classified protective order. *See* ECF No. 63 (Joint Notice Regarding Production and Request to Bifurcate the Certified Administrative Record). Defendants have now unilaterally changed their position and abandoned that agreed-upon process. *Supra*. Plaintiffs also note that Defendants represented at the beginning of this process that the classified materials consisted of several hundred pages, but now represent there are 20 pages or fewer of classified materials. *Supra*. Plaintiffs maintain that members of their team with security clearances should be able to access any classified material produced in this case. Plaintiffs believe the appropriate course would be for the parties to brief that issue, should there be any classified materials remaining after Defendants' review.

In addition, Plaintiffs do not believe that briefing on summary judgment of Counts 1 or 2 should be delayed while Defendants continue to review their alleged classified materials, particularly as there is no current indication that the parties intend to rely on classified materials. The parties originally proposed, and the Court set, a briefing schedule to begin on February 23, 2026. *See* Minute Order (Dec. 11, 2025). Based on negotiations around discovery, the parties later agreed that Plaintiffs' motion for summary judgment would be filed within 14 days of the close of discovery on Count 1; Defendants would file their opposition and cross-motion for summary judgment 14 days later; Plaintiffs file their reply and opposition to the cross-motion 14 days later;

3

and, Defendants file their reply in support of the cross-motion 14 days later. *See* ECF No. 57. Plaintiffs respectfully request that the Court enter such a schedule, and order any supplemental briefing, as necessary, if Defendants ultimately rely on any classified materials that materially bear on the Court's resolution of Counts 1 or 2.

Dated: February 18, 2026

Respectfully submitted,

<div style="columns:2">

*/s/ Lee Gelernt*
Lee Gelernt (D.D.C. Bar No. NY0408)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org

*Attorney for Plaintiffs-Petitioners*

BRETT A. SHUMATE
*Assistant Attorney General, Civil Division*

ANTHONY NICASTRO
*Acting Director*

LESLIE McKAY
*Assistant Director*

RUSSELL J.E. VERBY
*Senior Litigation Counsel*

IAN S. LAM
MALCOLM McDERMOND
ALEXA PERLMUTTER
JASON K. ZUBATA
*Trial Attorneys*

By: /s/ *August E. Flentje*
AUGUST E. FLENTJE
Special Counsel for Immigration Litigation
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
950 Pennsylvania Ave., NW
Washington, DC 20530
Tel: (202) 514-3309
Email: august.flentje@usdoj.gov

*Attorneys for Defendants-Respondents*

</div>

4

<div style="text-align: center">**CERTIFICATE OF SERVICE**</div>

I certify that I served a copy of this motion on the Court and all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to these documents to all counsel of record.

Dated: February 18, 2026               /s/ *August E. Flentje*
                                       AUGUST E. FLENTJE
                                       Special Counsel for Immigration Litigation

                                       *Counsel for Defendants-Respondents*