UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YAMIL LUNA GUTIERREZ, et al., <br><br> Plaintiffs-Petitioners, <br><br> v. <br><br> KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, et al., <br><br> Defendants-Respondents. | Civil Action No. 1:25-cv-01766-SLS |

## THE PARTIES' SIXTH JOINT NOTICE REGARDING THE STATUS OF THE CLASSIFIED RECORD

On January 14, 2026, the Court ordered that the "Parties submit a notice every Wednesday updating the Court as to the status of the classified protective order and any other updates regarding production of the classified record" (the "weekly reports"). ECF No. 66 at 1 (the "Order"). Plaintiffs-Petitioners ("Plaintiffs") and Defendants-Respondents ("Defendants") (collectively, the "Parties") have since filed five of these weekly reports with the Court. ECF Nos. 71, 73, 74, 76, 77. Pursuant to the Order, the Parties respectfully submit this sixth weekly report and provide the following updates:

**Defendants' Update**

Defendants maintain their position that sharing classified record information with private counsel is not appropriate in this context. Courts have routinely accepted *ex parte* and *in camera* classified information that is part of the administrative record, and upon which the agency intends to rely in order to defend the challenged agency action. *See, e.g.*, *Jifry v. F.A.A.*, 370 F.3d 1174 (D.C. Cir. 2004) ("[I]n cases in which sensitive materials may be in issue, . . . the court has inherent authority to review classified material *ex parte*, *in camera* as part of its judicial review function.");

1

*Olivares v. TSA*, 819 F.3d 454, 462 (D.C. Cir. 2016) (citing *Jifry*). The Department of War (DOW) has identified fewer than 20 pages of the record that will contain classified material. The DOW is currently reviewing these materials to 1) confirm their classification, and 2) determine if said records can be produced in a controlled, unclassified version (i.e., CUI) with redactions in whole or in part. DOW is working to complete this review no later than March 19, 2026. Prior to the production of these materials with appropriate redactions, and an opportunity for Plaintiffs to assess the value, if any, of these documents in the context of their contrary-to-law claim, any potential dispute between the parties concerning classified materials is not ripe for briefing or hearing before the Court. Lastly, a U.S. Department of Justice Supervisory Security Specialist has verified that all three of the individuals designated by Plaintiffs' counsel as possessing current Top Secret/SCI clearances do in fact hold such clearances.

**Plaintiffs' Update**

Plaintiffs object to Defendants' position that Defendants can rely on classified record materials submitted *ex parte* and *in camera* to defend their actions in this case without disclosing these materials to counsel for Plaintiffs who have received security clearances. *See* ECF No. 77 at 2; *see*, *e.g.*, *Abourezk v. Reagan*, 785 F.2d 1043, 1061 (D.C. Cir. 1986) (vacating and remanding summary judgment grant based in part on *ex parte in camera* consideration of classified documents), *aff'd*, 484 U.S. 1 (1987); *Al Odah v. United States*, 559 F.3d 539, 544, 547 (D.C. Cir. 2009) (establishing the framework for disclosure of classified material to counsel in civil cases).

However, Plaintiffs believe that this dispute is not yet ripe for full briefing or a hearing because Defendants are still reviewing record materials to determine whether and to what extent those materials can be declassified and have represented that this review will be completed within 30 days of February 17, 2026 (when the parties met and conferred), or by March 19. ECF No. 77

at 4, 5. If there are materials that remain classified at the end of Defendants' review and Defendants intend to withhold those materials from appropriately-cleared Plaintiffs' counsel, Plaintiffs believe briefing and a hearing on the issue would be appropriate.

Plaintiffs have also requested that Defendants continue to process Plaintiffs' counsel's security clearances so that, in the event that the Court determines Plaintiffs' counsel is entitled to review classified material, the security clearance process does not result in further delay. During a meet and confer on February 25, Defendants informed Plaintiffs that they have continued the process for securing approval for Plaintiffs' counsel to access classified materials in this case should it become necessary and ordered by the Court.

Dated: February 25, 2026                    Respectfully submitted,

*/s/ Lee Gelernt*                           BRETT A. SHUMATE
Lee Gelernt (D.D.C. Bar No. NY0408)         *Assistant Attorney General, Civil Division*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION                                  ANTHONY NICASTRO
125 Broad Street, 18th Floor                *Acting Director*
New York, NY 10004
(212) 549-2660                              LESLIE McKAY
lgelernt@aclu.org                           *Assistant Director*

*Attorney for Plaintiffs-Petitioners*       RUSSELL J.E. VERBY
                                            *Senior Litigation Counsel*

                                            MALCOLM McDERMOND
                                            ALEXA PERLMUTTER
                                            JASON K. ZUBATA
                                            *Trial Attorneys*

                                            By: */s/ Ian S. Lam*
                                            IAN S. LAM
                                            Trial Attorney
                                            U.S. Department of Justice, Civil Division
                                            Office of Immigration Litigation

                                        P.O Box 878, Ben Franklin Station
                                        Washington, DC 20044
                                        Tel: (202) 307-6329
                                        Email: ian.s.lam@usdoj.gov

                                        *Attorneys for Defendants-Respondents*

## CERTIFICATE OF SERVICE

      I certify that I served a copy of this motion on the Court and all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to these documents to all counsel of record.

Dated: February 25, 2026　　　　　　　　　　/s/ *Ian S. Lam*
　　　　　　　　　　　　　　　　　　　　　　IAN S. LAM
　　　　　　　　　　　　　　　　　　　　　　Trial Attorney

　　　　　　　　　　　　　　　　　　　　　　*Attorney for Defendants-Respondents*

1