# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YAMIL LUNA GUTIERREZ, *et al.*,<br><br>*Plaintiffs-Petitioners*, on behalf of themselves and all others similarly situated,<br><br>v.<br><br>KRISTI NOEM, Secretary of Homeland Security, in her official capacity, *et al.*,<br><br>*Defendants-Respondents*. | Case No. 1:25-cv-01766 |

**PLAINTIFFS' FIRST SET OF
<u>COMBINED DISCOVERY REQUESTS FOR DEFENDANTS ON COUNT 1</u>**

PLEASE TAKE NOTICE that, pursuant to Rule 26 and 36 of Federal Rules Civil Procedure, Plaintiffs-Petitioners ("Plaintiffs"), by their attorneys, hereby serve Defendants-Respondents ("Defendants") with the following requests for admission to which Defendant shall respond within thirty (30) days of service. Plaintiffs also request, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, that Defendants answer under oath, within thirty days of the service of this request, the interrogatories contained herein. Plaintiffs further request, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, that Defendants produce the documents and materials described herein by sending originals or copies to Plaintiffs' counsel within thirty days of service, and make the originals available for inspection and copying upon request.

**DEFINITIONS**

1. "Agency" means all U.S. government departments, offices, bureaus, law enforcement agencies, and the like, including but not limited to the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Department of Defense ("DOD"), and State Department ("DOS").

1

2. "Camp VI" or "Camp 6" means the facility on the Windward side of Guantanamo.

3. "Class," "Plaintiff Class" or "Plaintiffs" means the class certified at ECF No. 52, defined as "All immigration detainees originally apprehended and detained in the United States who have been ordered removed, except those ordered removed pursuant to 8 U.S.C. § 1225, and who are, or will be, held at Naval Station Guantanamo Bay, Cuba."

4. "Communicate" or "Communication(s)" means any transmission of Documents or information between Persons or Agencies, whether oral, written, or otherwise, active or automated, including but not limited to memoranda, letters, telecopies, facsimiles, e-mails, text messages, voicemails, electronic transmissions, meeting notes, discussions, conversations, or telephone calls.

5. "Concern," "concerning," "pertain" or "pertaining" means relating to, referring to, describing, evidencing or constituting.

6. "Defendants," "You" or "Your" means the Defendants-Respondents in this case, including anyone under their control, and/or any current or former agents or representatives thereof.

7. "Describe" means to state all knowledge which you have regarding the subject matter of the interrogatory in full detail.

8. "Detainee" means a noncitizen who is in the custody of any of the Defendants for immigration detention purposes.

9. "DHS" means the U.S. Department of Homeland Security and includes but is not limited to any predecessor or successor agencies, and any divisions, departments, offices, components (including ICE, CBP, and U.S. Citizenship and Immigration Services), agents, attorneys, representatives, employees, and/or other persons acting on its behalf.

10. "Document" includes but is not limited to the original, drafts, and all non-identical versions or copies of all written, electronic, or graphic material, however produced or reproduced,

in Your possession, custody, or control or the possession, custody, or control of Your attorney, including but not limited to writings; forms; memoranda; drawings; graphs; charts; records; photographs; sound or mechanical recordings or tapes; telecopies; all forms of Communications including but not limited to letters, facsimiles, e-mails, text messages, and voicemails; computer printouts; information stored on computer systems; database queries and responses; and other data compilations from which information can be obtained or translated into reasonably usable form. Without limiting the term "control," a Document is deemed to be within Your control if You have ownership, possession, or custody of the Document, or the right to secure the Document or a copy thereof from any Persons having physical control thereof.

11. "DOD" means the U.S. Department of Defense and includes but is not limited to any predecessor or successor agencies, and any divisions, departments, offices, components, agents, attorneys, representatives, employees, and/or other persons acting on its behalf.

12. "DOS" means the U.S. State Department and includes but is not limited to any predecessor or successor agencies, and any divisions, departments, offices, components, agents, attorneys, representatives, employees, and/or other persons acting on its behalf.

13. "Guantanamo" means the U.S. Naval Station Guantanamo Bay in Cuba.

14. "ICE" means U.S. Immigration and Customs Enforcement and includes but is not limited to any predecessor or successor agencies, and any divisions, departments, offices, agents, attorneys, representatives, employees, and/or other persons acting on its behalf.

15. "Identify" means:

   a. With respect to a natural person, state the person's full name, residence and/or last known home address, and home telephone number; employer,

    title, officer identification number (if applicable), and job description; business address and telephone number;

  b. With respect to an Agency or any other private or public entity, state the name of such entity and the address and telephone number of its principal place of business;

  c. With respect to a Document, provide a description of the Document sufficient to enable the plaintiff to identify it, including its name or title, type of document, heading, general subject matter, date, all authors, recipients, and addressees, and a description of its contents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d); and,

  d. With respect to a Communication, describe the contents of the Communication, its form (whether by e-mail, regular mail, facsimile, telephone, or otherwise), state the date and place of the Communication, identify all parties thereto, and state what was said by each participant in the course of such Communication, or if not known, the substance of such Communication.

16. "MOC" means the Migrant Operation Center on the Leeward side of Guantanamo.

17. "Person" or "Persons" means an individual, corporation, proprietorship, partnership, association, Agency (including government agencies), or any other entity.

18. "Policy or Practice" shall include any official or unofficial policy, practice, procedure, protocol, or custom, whether mandatory or discretionary, formal or informal, written or unwritten.

19. "Transfer" means the transportation of a detainee from on location to another, even temporarily.

20. "Travel documents" means government-issued documents as used in the INA and its regulations to assist with travel, including but not limited to passports.

21. "United States" means the United States as defined in 8 U.S.C. § 1101(a)(38).

22. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the request. The word "including" shall not be used to limit any general category or description that precedes it. The words "all," "every," "any," "each," and "one or more" shall include each other whenever possible to expand, not restrict, the scope of the request.

23. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural also shall include a reference to the singular.

24. The use of a verb in any tense shall be construed to include the use of the verb in all other tenses, whenever necessary to bring into the scope of the specification all responses which might otherwise be construed as outside the scope.

## INSTRUCTIONS

1. These discovery requests are intended to elicit as much information as possible, and to the extent any request could be interpreted in more than one way, You should employ the interpretation of the request most likely to encompass and elicit the greatest amount of information possible. You should furnish all information that is available to you, including information or materials in the possession, custody, or control of your attorneys, investigators, experts, representatives, contractors, employees, or other agents.

2. As to each request for admission, You shall specifically admit or deny the statement. If denied, the denial must fairly meet the substance of the requested admission. If You qualify Your answer or deny any part of the matter for which admission is requested, You shall admit as much of the statement as is true and qualify or deny the remainder only. See Fed. R. Civ. P. 36(a)(4).

3. If, in answering the following, you are unable to answer fully, after exercising due diligence to obtain the information to do so, you shall answer said interrogatory to the fullest extent possible, specifying your inability to answer the remainder, describing the efforts taken by you to obtain the information to fully answer said interrogatory, and stating whatever information or knowledge you have concerning the unanswered portion thereof.

4. If, in answering these requests you claim any ambiguity in interpreting either the request or a definition instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather, you shall set forth in a part of your response to such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

5. Respond separately and completely to each request for admission, interrogatory and document request or subdivision thereof, setting forth the question in full followed by each answer.

6. If You refuse to disclose any of the information requested in any of these interrogatories on the basis of a privilege or other protection, please so state, and further state the basis of the privilege or other protection claim with sufficient specificity to permit the Court and counsel to evaluate and test the privilege or protection claimed.

7. To the extent Documents are produced in lieu of answering any of these interrogatories, You shall identify and produce such Documents as kept in the ordinary course, see Fed. R. Civ. P. 34, and without any rearrangement. In addition, please provide the Documents in

6

such a way that they can be correlated to the interrogatory or interrogatories to which the Documents are responsive, and identify the Bates number for all such Documents in your response.

8. With respect to the documents requested, this request seeks production of all documents described, in their entirety, along with any attachments, drafts, and non-identical copies.

9. If any document responsive to the requests has been lost, destroyed, or is otherwise unavailable, describe and identify each such document by stating in writing: (i) the name(s) of the authors(s), the name(s) of the person(s) who received the original, and all copies and the date and subject matter; (ii) the last known custodian of the document; (iii) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable; (iv) the nature or subject matter of such document; (v) each person having knowledge of the circumstances of it being lost, discarded or destroyed; and (vi) your efforts to locate each such document.

10. The documents produced in response to this request shall be: (i) organized and designated to correspond to the categories in the request, or (ii) produced in a form that accurately reflects how they are maintained by you in the normal course of business, including, but not limited to, the following:

    a. that all associated file labels, file headings, and file folders be produced with the responsive documents from each file and that each file be identified as to its owner(s) or custodian(s);

    b. that all pages now stapled or fastened together be produced stapled or fastened together; and

    c. that all documents which cannot legibly be copied be produced in their original form.

11. You are under a continuing obligation to respond to the requests set forth herein. If You subsequently gain additional information that is responsive hereto, or that alters or augments the answers already given, You shall promptly produce such information to Plaintiffs' counsel by amended or supplemental responses within as soon as practicable after receipt of such information or documents.

12. Unless otherwise specified, these requests cover the period from February 4, 2025 to the present.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that, prior to February 4, 2025, the United States government has never transferred a noncitizen from immigration detention in the United States to Guantanamo.

**REQUEST FOR ADMISSION NO. 2:**

Admit that, for noncitizens who have been transferred from immigration custody in the United States to Guantanamo since February 4, 2025, at the time of their transfer to Guantanamo, DHS did not always have the travel documents necessary to transfer the individual to the country designated for removal by the immigration judge or DHS, or to otherwise transfer the individual to a third country.

**REQUEST FOR ADMISSION NO. 3:**

Admit that, for noncitizens who have been transferred from immigration custody in the United States to Guantanamo since February 4, 2025, at the time DHS or DOD transferred a noncitizen from immigration custody in the United States to Guantanamo, DHS did not always have travel arrangements in place to transfer the individual to the country designated for removal by the immigration judge or DHS, or to otherwise transfer the individual to a third country.

**REQUEST FOR ADMISSION NO. 4:**

Admit that, for noncitizens who have been transferred from immigration custody in the United States to Guantanamo since February 4, 2025, at the time DHS or DOD transferred a noncitizen from immigration custody in the United States to Guantanamo, DHS or DOD had not always obtained consent from another country to accept the noncitizen for removal.

**REQUEST FOR ADMISSION NO. 5:**

Admit that, for noncitizens who have been transferred from immigration custody in the United States to Guantanamo between February 4, 2025 and February 12, 2026, more than a quarter were transferred back to the United States from Guantanamo rather than directly to another country.

**REQUEST FOR ADMISSION NO. 6:**

Admit that, among those noncitizens who were transferred back to the United States from immigration custody in Guantanamo since February 4, 2025, more than a quarter spent more than 72 hours in the United States before they were transferred to a different country.

<u>**INTERROGATORIES**</u>

**INTERROGATORY NO. 1:**

Please identify for each noncitizen DHS or DOD transferred from immigration custody in the United States to Guantanamo starting February 4, 2025 through February 12, 2026, the following: full name; A-number; country of origin; date of transfer to and from Guantanamo; whether they were ultimately transferred to a different country; final destination country they were transferred to; date of transfer to final destination country; type of removal order they had; whether they were transferred to the final destination country directly from Guantanamo or brought back to the United States prior to transfer to the final destination country; whether the final destination

country was listed on the individual's flight manifest at time of transfer to Guantanamo; whether the individual had travel documents to the final destination country at the time of transfer to Guantanamo; whether the individual had travel arrangements to the final destination country at time of transfer to Guantanamo; and, whether another country had agreed to accept the individual for removal at time of transfer to Guantanamo.

**INTERROGATORY NO. 2:**

Please provide the mean and median amounts of time that noncitizens who were transferred from immigration custody in the United States to Guantanamo, between February 4, 2025 through February 12, 2026, spent at Guantanamo.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all memoranda of understanding, addenda to memoranda of understanding, guidance, standard operating procedures, standards, policies, or procedures by and/or between the DHS and/or DOD regarding the detention and/or removal of noncitizens, detainees, or "aliens" at Guantanamo, issued on or after January 20, 2025.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing First Set of Combined Discovery Requests on Count 1 were served on counsel for Defendants-Respondents at the following email addresses:

Ian S. Lam, Ian.S.Lam@usdoj.gov

Malcom I. McDermond, Malcolm.I.McDermond@usdoj.gov

Leslie M. McKay, Leslie.McKay@usdoj.gov

Alexa S. Perlmutter, Alexa.S.Perlmutter@usdoj.gov

Russell J.E. Verby, Russell.Verby@usdoj.gov

Jason K. Zubata, Jason.K.Zubata@usdoj.gov

Dated: February 12, 2026

Eunice H. Cho (D.C. Bar No. 1708073)
Derek Poteet*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street, NW, 7th Floor
Washington, DC 20005
(202) 546-6616
echo@aclu.org
dpoteet@aclu.org

My Khanh Ngo (D.D.C. Bar No. CA00219)
Kyle Virgien*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
mngo@aclu.org
kvirgien@aclu.org

Respectfully submitted,

/s/ *Lee Gelernt*
Lee Gelernt (D.D.C. Bar No. NY0408)
Brett Max Kaufman (D.D.C. Bar No. NY0224)
Judy Rabinovitz
Noor Zafar
Omar C. Jadwat
Natalie Behr
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org
bkaufman@aclu.org
jrabinovitz@aclu.org
nzafar@aclu.org
ojadwat@aclu.org
IRP_NBehr@aclu.org

Baher Azmy*

11

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF
COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
aspitzer@acludc.org
smichelman@acludc.org

Kimberly Grano (D.D.C. Bar No. NY0512)
Ghita Schwarz (D.D.C. Bar No. NY0663)
INTERNATIONAL REFUGEE
ASSISTANCE PROJECT
One Battery Park Plaza, 33rd Floor
New York, New York 10004
(646) 946-7453
kgrano@refugeerights.org
gschwarz@refugeerights.org

Shayana D. Kadidal (D.C. Bar No. 454248)
J. Wells Dixon*
CENTER FOR CONSTITUTIONAL
RIGHTS
666 Broadway, Floor 7
New York, NY 10012
T: (212) 614-6427
bazmy@ccrjustice.org
shanek@ccrjustice.org
wdixon@ccrjustice.org

*Attorneys for Plaintiffs-Petitioners*

*Pro bono representation certificates forthcoming*