# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| YAMIL LUNA GUTIERREZ, *et al.*,<br><br>*Plaintiffs-Petitioners, on behalf of themselves and all others similarly situated,*<br><br>v.<br><br>KRISTI NOEM, Secretary of Homeland Security, in her official capacity, *et al.*,<br><br>*Defendants-Respondents.* | Case No. 1:25-cv-01766 |

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' FIRST SET OF
COUNT 1 DISCOVERY REQUESTS**

**GENERAL OBJECTIONS**

1.     Defendants object to the Discovery Requests to the extent they request the disclosure of information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, the law enforcement privilege, the official information or deliberative process privilege, the constitutional or statutory rights of privacy of Defendants, employees, or third parties, or any other legally cognizable or statutory privileges or immunities against disclosure. The inadvertent disclosure of any such information or documents in response to Plaintiffs' Discovery Requests is not intended to and will not constitute a waiver of any applicable privileges, rights, or statutory protections. If Defendants inadvertently disclose any information or material protected by any such privilege or protection, that disclosure shall not constitute a waiver pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502(b). Defendants further object to the extent the Requests seek deliberations, recommendations, or communications reflecting pre-decisional or law-enforcement assessments.

2.     Defendants object to Plaintiffs' Definitions and Requests to the extent that they seek to impose any obligations other than those required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

3.     Defendants object to any request that is vague, ambiguous, compound, duplicative, overbroad, unduly burdensome, or calls for speculation, conjecture, or a legal conclusion to which Defendant cannot reasonably respond as required by federal law.

4.     Defendants object to the extent any request seeks facts not within Defendants' possession, custody, or control after a reasonable inquiry.

5.     Defendants object to each request to the extent it exceeds the scope the Court's order, authorizing discovery that is "limited and targeted to the narrow issue . . . [of] illuminating the nature of the challenged policy," specifically whether "the challenged policy contemplates a class member's detention at Guantanamo only admit executing their removal order."  ECF No. 75 at 5 (internal citation omitted).

## OBJECTIONS TO PLAINTIFFS' DEFINITIONS

1.     "Agency" means all U.S. government departments, offices, bureaus, law enforcement agencies, and the like, including but not limited to the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Department of Defense ("DOD"), and State Department ("DOS").

Defendants object to the definition of "Agency" as it suggests that Defendants can provide information or records from other federal agencies, departments, or instrumentalities that are not defendants in this lawsuit.

2.     "Camp VI" or "Camp 6" means the facility on the Windward side of Guantanamo.

3.      "Class," "Plaintiff Class" or "Plaintiffs" means the class certified at ECF No. 52, defined

as "All immigration detainees originally apprehended and detained in the United States

who have been ordered removed, except those ordered removed pursuant to 8 U.S.C.

§ 1225, and who are, or will be, held at Naval Station Guantanamo Bay, Cuba."

Defendants object to this definition to the extent that it conflates the named Plaintiffs in this

lawsuit with the class members, because class members are not direct parties to this litigation.

4.      "Communicate" or "Communication(s)" means any transmission of Documents or

information between Persons or Agencies, whether oral, written, or otherwise, active or

automated, including but not limited to memoranda, letters, telecopies, facsimiles, e-mails,

text messages, voicemails, electronic transmissions, meeting notes, discussions,

conversations, or telephone calls.

Defendants object to Plaintiffs' definition of "Communicate" or "Communication(s)" as

overbroad, vague, and ambiguous with respect to the inclusion of "any transmission of Documents or

information between Persons or Agencies."  Defendants further object to this definition to the extent

that it requests "oral" information transmissions, because oral information is not memorialized in

writing and therefore is not properly requested pursuant to Fed. R. Civ. P. 34.  In addition, Defendants

object to this definition to the extent that it seeks documents protected by the attorney-client privilege,

the attorney work product doctrine, the deliberative process or official information privilege, or any

other statutory or judicially-recognized privilege.

5.      "Concern," "concerning," "pertain" or "pertaining" means relating to, referring to,

describing, evidencing or constituting.

Defendants object to Plaintiffs' definition of "Concern," "concerning," "pertain," or

"pertaining to" as vague, ambiguous, and overbroad.  Defendants further object to Plaintiffs'

definition as calling for speculation and seeking discovery of information and documents not

relevant to any party's claims or defenses and as outside the scope of these proceedings to the extent that this definition refers to "relating to," "referring to," "describing," or "constituting." Defendants additionally object to Plaintiffs' definition as improperly seeking a legal opinion to the extent that it seeks information or documents "evidencing" some matter.

6.      "Defendants," "You" or "Your" means the Defendants-Respondents in this case, including anyone under their control, and/or any current or former agents or representatives thereof.

Defendants object to Plaintiffs' definition of "You" or "Your" as vague and ambiguous, overbroad, and calling for speculation with respect to its inclusion of the qualifiers "anyone under their control, and/or any current or former agents or representatives thereof."   Furthermore, Plaintiffs' definition is overbroad, unduly burdensome, not proportional to the scope of this litigation or the scope of the Court's order granting limited discovery, and not relevant to Plaintiffs' claims or Defendants' defenses to the extent that these definitions include any of Defendants' agents, employers, components or successors not engaged in immigration enforcement actions specifically related to the mission at United States Naval Station Guantanamo Bay ("NSGB"). Defendants further object as this definition is unduly burdensome as it forces Defendants to gather and provide information on behalf of all their agents and attorneys, which would most likely be unreasonable, and largely duplicative.  *See* ECF No. 75 at 5-6.  Defendants also object to this definition to the extent that it includes "attorneys" and attempts to discover information that is protected by legal privilege, including the attorney-client privilege and the attorney work product doctrine.  Finally, Defendants object to the extent the definition calls for the production of information in the possession of any non-party contractors that is not also in the possession of or subject to the control of Defendant agencies, or subject to trade secret privilege.

7.    "Describe" means to state all knowledge which you have regarding the subject matter of
the interrogatory in full detail.

Defendants object to Plaintiffs' definition of "Describe" as overbroad, ambiguous, and
unduly burdensome  because "all knowledge" and "full detail" can be interpreted to mean that
Plaintiffs seek responses that are unlimited in breadth and scope, which is contrary to
Fed. R. Civ. P. 26(b)(1)'s requirement that the scope of discovery be "proportional to the needs of
the case." Further, Defendants object to this definition as speculative and improperly seeking
expert opinion testimony contrary to the timeline established by Fed. R. Civ. P. 26(a)(2)(D).

8.    "Detainee" means a noncitizen who is in the custody of any of the Defendants for
immigration detention purposes.

Defendants object to Plaintiffs' definition of "Detainee" as vague, ambiguous, overbroad,
and overinclusive to the extent it seeks information about persons not party to this litigation,
including for example, individuals at NSGB pursuant to an expedited removal order.

9.    "DHS" means the U.S. Department of Homeland Security and includes but is not limited
to any predecessor or successor agencies, and any divisions, departments, offices,
components (including ICE, CBP, and U.S. Citizenship and Immigration Services), agents,
attorneys, representatives, employees, and/or other persons acting on its behalf.

Defendants object to the definition of "DHS" as overbroad, unduly burdensome, and
disproportional to Defendants' compliance with the Court's order authorizing discovery insofar as
the definition includes "any predecessor or successor agencies and any divisions, departments,
offices, agents, attorneys, representatives, employees, and/or other persons acting on its behalf."
Defendants do not interpret the definition of "DHS" to include all components and subcomponents
of that agency or the inclusion of persons not within the employment of "DHS" such as contractors
or "other persons."  Plaintiffs' definition is also overly broad in that it includes agency components

5

and subcomponents, including personnel, who are not reasonably identifiable based on available records or have no involvement in matters within the scope of limited discovery authorized by the Court, notably immigration enforcement operations at NSGB. *See* ECF No. 75 at 5–6. Plaintiffs' definition may include individuals who are not reasonably identifiable based on available records. Defendants further object as this definition is burdensome where it forces Defendants to gather and provide information on behalf of all their agents and attorneys irrespective of their role in the mission at NSGB, which can be significant, unreasonable, and largely duplicative. *See* ECF No. 75 at 5–6. To the extent the definition includes "attorneys," Defendants object to attempts to discover information that is privileged and protected by attorney-client and work product privileges.

10.     "Document" includes but is not limited to the original, drafts, and all non-identical versions or copies of all written, electronic, or graphic material, however produced or reproduced, in Your possession, custody, or control or the possession, custody, or control of Your attorney, including but not limited to writings; forms; memoranda; drawings; graphs; charts; records; photographs; sound or mechanical recordings or tapes; telecopies; all forms of Communications including but not limited to letters, facsimiles, e-mails, text messages, and voicemails; computer printouts; information stored on computer systems; database queries and responses; and other data compilations from which information can be obtained or translated into reasonably usable form. Without limiting the term "control," a Document is deemed to be within Your control if You have ownership, possession, or custody of the Document, or the right to secure the Document or a copy thereof from any Persons having physical control thereof.

Defendants object to Plaintiffs' definition of "Document" as overbroad, unduly burdensome, not proportional to the scope of Plaintiffs' lawsuit or the scope of the Court's order granting limited discovery outside of the scope of the administrative record, and as seeking documents not relevant to Plaintiffs' claims or Defendants' defenses. *See* ECF No. 75 at 5-6.

6

Defendants shall interpret "Document" within the scope of Fed. R. Civ. P. 34 and Federal Rule of Evidence 1001 as relevant and proportional to the needs of this case and the discreet issues in Plaintiffs' Requests for Admissions, Interrogatories and Request for Production. In addition, Defendants object to this definition to the extent that it seeks Documents protected by legal privilege, including the attorney-client privilege, the attorney work product doctrine, the deliberative process or official information privilege, or any other statutory or judicially-recognized privilege.

11.    "DOD" means the U.S. Department of Defense and includes but is not limited to any predecessor or successor agencies, and any divisions, departments, offices, components, agents, attorneys, representatives, employees, and/or other persons acting on its behalf.

Defendants object to the definition of "DOD" as overbroad, unduly burdensome, and disproportional to Defendants' compliance with the Court's order authorizing discovery insofar as the definition includes "any predecessor or successor agencies and any divisions, departments, offices, agents, attorneys, representatives, employees, and/or other persons acting on its behalf." Defendants do not interpret the definition of "DOD" to include all components and subcomponents of that agency or the inclusion of persons not within the employment of "DOD" such as contractors or "other persons." Plaintiffs' definition is also overly broad in that it includes agency components and subcomponents, including personnel, who are not reasonably identifiable based on available records or have no involvement in matters within the scope of limited discovery authorized by the Court. *See* ECF No. 75 at 5-6. Plaintiffs' definition may include individuals who are not reasonably identifiable based on available records. Defendants further object as this definition is burdensome where it forces Defendants to gather and provide information on behalf of all their agents and attorneys, which can be significant, unreasonable, and largely duplicative. *See* ECF No. 75 at 5-6. To the extent the definition includes "attorneys," it seeks to attempt to discover information that is

7

privileged and protected by legal privilege, including attorney-client, work product, and deliberative process privileges.

12.    "DOS" means the U.S. State Department and includes but is not limited to any predecessor or successor agencies, and any divisions, departments, offices, components, agents, attorneys, representatives, employees, and/or other persons acting on its behalf.

Defendants object to the definition of "DOS" as overbroad, unduly burdensome, and disproportional to Defendants' compliance with the Court's order authorizing discovery insofar as the definition includes "any predecessor or successor agencies and any divisions, departments, offices, agents, attorneys, representatives, employees, and/or other persons acting on its behalf." Defendants do not interpret the definition of "DOS" to include all components and subcomponents of that agency or the inclusion of persons not within the employment of "DOS" such as contractors or "other persons." Plaintiffs' definition is also overly broad in that it includes agency components and subcomponents, including personnel, who are not reasonably identifiable based on available records or have no involvement in matters within the scope of limited discovery authorized by the Court. *See* ECF No. 75 at 5-6. Plaintiffs' definition may include individuals who are not reasonably identifiable based on available records. Defendants further object as this definition is burdensome where it forces Defendants to gather and provide information on behalf of all their agents and attorneys, which can be significant and unreasonable. *See* ECF No. 75 at 5-6. To the extent the definition includes "attorneys," it seeks to attempt to discover information that is privileged and protected by legal privilege, including attorney-client, work product, and deliberative process privileges.

13.    "Guantanamo" means the U.S. Naval Station Guantanamo Bay in Cuba.

14.     "ICE" means U.S. Immigration and Customs Enforcement and includes but is not limited to any predecessor or successor agencies, and any divisions, departments, offices, agents, attorneys, representatives, employees, and/or other persons acting on its behalf.

Defendants object to the definition of "ICE" as overbroad, unduly burdensome, and disproportional to Defendants' compliance with the Court's order authorizing discovery insofar as the definition includes "any predecessor or successor agencies and any divisions, departments, offices, agents, attorneys, representatives, employees, and/or other persons acting on its behalf." Defendants do not interpret the definition of "ICE" to include all components and subcomponents of that agency or the inclusion of persons not within the employment of "ICE" such as contractors or "other persons." Plaintiffs' definition is also overly broad in that it includes agency components and subcomponents, including personnel, who are not reasonably identifiable based on available records or have no involvement in matters within the scope of limited discovery authorized by the Court. *See* ECF No. 75 at 5-6. Plaintiffs' definition may include individuals who are not reasonably identifiable based on available records. Defendants further object as this definition is burdensome where it forces Defendants to gather and provide information on behalf of all their agents and attorneys, which can be significant and unreasonable. *See* ECF No. 75 at 5-6. To the extent the definition includes "attorneys," it seeks to attempt to discover information that is privileged and protected by legal privilege, including attorney-client, work product, and deliberative process privileges. Finally, Defendants object to the extent the definition calls for the production of information in the possession of any non-party contractors that is not also in the possession of or subject to the control of Defendant agencies, or subject to trade secret privilege.

15.      "Identify" means:

a.      With respect to a natural person, state the person's full name, residence and/or last known home address, and home telephone number; employer, title, officer

identification number (if applicable), and job description; business address and telephone number;

b.    With respect to an Agency or any other private or public entity, state the name of such entity and the address and telephone number of its principal place of business;

c.    With respect to a Document, provide a description of the Document sufficient to enable the plaintiff to identify it, including its name or title, type of document, heading, general subject matter, date, all authors, recipients, and addressees, and a description of its contents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d); and,

d.    With respect to a Communication, describe the contents of the Communication, its form (whether by e-mail, regular mail, facsimile, telephone, or otherwise), state the date and place of the Communication, identify all parties thereto, and state what was said by each participant in the course of such Communication, or if not known, the substance of such Communication.

Defendants object to Plaintiffs'' definition of "Identify" as vague, overbroad, improperly requesting legal opinions, and seeking information protected by the Privacy Act and employees' or third parties' right to privacy.  To the extent that "Identify" is used when referring to a natural person, Defendants object to this definition as seeking confidential information that they will only produce pursuant to a protective order.  To the extent that "Identify" is used when referring to a fact, a legal basis, or a document, Defendants reserve and do not waive further objections to this definition because "Identify" is only used in Plaintiffs' instant Requests for Admissions, Interrogatories or Request for Production to refer to "Person" or "Persons."  Further, Fed. R. Civ. P. 34(a)(1)(A) only permits parties to serve document requests to produce and permit inspection of documents in the "responding party's possessions, custody or control."  Defendants do not consider documents in possession of other federal

agencies to be in their possession. Additionally, Defendants object to any request for an individual's or entity's residence, home, address, and home telephone number unnecessary and beyond the scope of this limited discovery. *See* ECF NO. 75 at 5–6. Further, Defendants object to this request to the extent that it seeks information protected by the deliberative process privilege, the state secret privilege, the law enforcement privilege, or any other applicable legal privilege or protection.

16.    "MOC" means the Migrant Operation Center on the Leeward side of Guantanamo.

17.    "Person" or "Persons" means an individual, corporation, proprietorship, partnership, association, Agency (including government agencies), or any other entity.

Defendants object to the definition of "Person" or "Persons" as stated as vague and ambiguous in that the definition is unclear, making it difficult to understand what entities are included or excluded. Further the definition is overbroad and unduly burdensome where the definition is so broad that it requires the responding party to search for and produce an excessive amount of information that is not relevant to the case. *See* ECF No. 75 at 5-6. Defendants also object as this definition contains an improper legal definition because it includes entities or concepts that are not legally considered "persons" in the context of the lawsuit, potentially requiring the responding party to make a legal conclusion.

18. "Policy or Practice" shall include any official or unofficial policy, practice, procedure, protocol, or custom, whether mandatory or discretionary, formal or informal, written or unwritten.

Defendants object to the definition of "Policy" or "Practice" as vague, overly broad, and unreasonably burdensome as it includes a vast number of documents that are not relevant to the scope of the limited discovery authorized by the Court. Further, Defendants object to this request to the extent that it seeks information protected by the deliberative process privilege, the state secret privilege, the law enforcement privilege, or any other applicable legal privilege or protection.

19. "Transfer" means the transportation of a detainee from on location to another, even temporarily.

Defendants object to Plaintiffs' definition of "Transfer" as vague, ambiguous, overbroad and overinclusive to the extent this seeks information outside the scope of this litigation, specifically the mission at NSGB.

20. "Travel documents" means government-issued documents as used in the INA and its regulations to assist with travel, including but not limited to passports.

Defendants object to Plaintiffs' definition of "Travel documents" as vague, ambiguous, overbroad and overinclusive. Defendants do not consider documents in the possession of foreign governments or agencies not party to this litigation to be in their possession.

21. "United States" means the United States as defined in 8 U.S.C. § 1101(a)(38).

22. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the request. The word "including" shall not be used to limit any general category or description that precedes it. The words "all," "every," "any,"

"each," and "one or more" shall include each other whenever possible to expand, not restrict, the scope of the request.

Defendants object to Plaintiffs' definitions of words "or," "and," "all," "every," "any," "each," "one or more," "including" as vague, ambiguous, overbroad and calling for speculation, especially when their plain meaning would impose a limitation on the statement.

23.     Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural also shall include a reference to the singular.

Defendants object to this definition as confusing and overbroad as it suggests that singular and plural may be used interchangeably, which would lead to confusion and imprecise interpretations of the requests.

24.     The use of a verb in any tense shall be construed to include the use of the verb in all other tenses, whenever necessary to bring into the scope of the specification all responses which might otherwise be construed as outside the scope.

## DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that, prior to February 4, 2025, the United States government has never transferred a noncitizen from immigration detention in the United States to Guantanamo.

Defendants object to this admission because it is irrelevant to the limited scope of the discovery at issue, which is only "aimed at answering whether the challenged policy contemplates a class member's detention at Guantanamo only amid executing their removal order." ECF No. 75 at 5. Additionally, Defendants object insofar as the time range is overbroad.

**REQUEST FOR ADMISSION NO. 2:**

Admit that, for noncitizens who have been transferred from immigration custody in the United States to Guantanamo since February 4, 2025, at the time of their transfer to Guantanamo. DHS did not always have the travel documents necessary to transfer the individual to the country designated for removal by the immigration judge or DHS, or to otherwise transfer the individual to a third country.

Defendants object to this request as overbroad because it exceeds the June 4, 2025 to January 12, 2026, timeframe noted by the Court and agreed upon by Defendants. ECF No. 75 at 1-2.  Defendants additionally object to this request to the extent that it seeks information protected by the deliberative process privilege, the state secrets privilege, the law enforcement privilege, or any other applicable legal privilege or protection.  Furthermore, Defendants object to this request to the extent it seeks information pertaining to the transfer or removal of any individual to a third county as irrelevant to Plaintiffs' detention contrary-to-law claim and the court's order directing limited discovery.  ECF No. 75 at 1.  Defendants additionally note that legal issues pertaining to the transfer or removal of any individual to a third country are currently the subject of class action litigation in *D.V.D. et al. v. United States Dep't of Homeland Security, et al.*, No. 25-cv-10676 (D. Mass.).

**REQUEST FOR ADMISSION NO. 3:**

Admit that, for noncitizens who have been transferred from immigration custody in the United States to Guantanamo since February 4, 2025, at the time DHS or DOD transferred a noncitizen from immigration custody in the United States to Guantanamo, DHS did not always have travel arrangements in place to transfer the individual to the country designated for removal by the immigration judge or DHS, or to otherwise transfer the individual to a third country.

Defendants object to this request to the extent that it seeks information protected by the deliberative process privilege, the state secrets privilege, the law enforcement privilege, or any other applicable legal privilege or protection.  Defendants object to this request to the extent it seeks information pertaining to the transfer or removal of any individual to a third county as irrelevant to Plaintiffs' contrary-to-law claim and the court's order directing limited discovery. ECF No. 75 at 1.  Defendants further object to this request because "travel arrangements" is vague and not otherwise defined in this document.  Defendants further note that legal issues pertaining to the transfer or removal of any individual to a third country are currently the subject of class action litigation in *D.V.D. et al. v. United States Dep't of Homeland Security, et al.*, No. 25-cv-10676 (D. Mass.).

**REQUEST FOR ADMISSION NO. 4:**

Admit that, for noncitizens who have been transferred from immigration custody in the United States to Guantanamo since February 4, 2025, at the time DHS or DOD transferred a noncitizen from immigration custody in the United States to Guantanamo, DHS or DOD had not always obtained consent from another country to accept the noncitizen for removal.

Defendants object to this request to the extent that it seeks information protected by the deliberative process privilege, the state secret privilege, the law enforcement privilege, or any other applicable legal privilege or protection.  Defendants further object to the term "consent," which is vague, overbroad, and not otherwise defined in this document. Defendants object to this request to the extent it seeks information pertaining to the transfer or removal of any individual to a third county as irrelevant to Plaintiffs' contrary-to-law claim and the court's order directing limited discovery.  ECF No. 75 at 1.  Defendants further note that legal issues pertaining to the transfer or removal of any individual to a third country are currently the subject of class action litigation in *D.V.D. et al. v. United States Dep't of Homeland Security, et al.*, No. 25-cv-10676 (D. Mass.).

**REQUEST FOR ADMISSION NO. 5:**

Admit that, for noncitizens who have been transferred from immigration custody in the United States to Guantanamo between February 4, 2025 and February 12, 2026, more than a quarter were transferred back to the United States from Guantanamo rather than directly to another country.

Defendants object to this request to the extent that it seeks information protected by the deliberative process privilege, the state secret privilege, the law enforcement privilege, or any other applicable privilege or protection.  Defendants object to this request to the extent it seeks information pertaining to the transfer or removal of any individual to a third county as irrelevant to Plaintiffs' contrary-to-law claim and the court's order directing limited discovery.  ECF No. 75 at 1.

**REQUEST FOR ADMISSION NO. 6:**

Admit that, among those noncitizens who were transferred back to the United States from immigration custody in Guantanamo since February 4, 2025, more than a quarter spent more than 72 hours in the United States before they were transferred to a different country.

Defendants object to this request to the extent that it seeks information protected by the deliberative process privilege, the state secret privilege, the law enforcement privilege, or any other applicable privilege or protection.  Defendants object to this request to the extent it seeks information pertaining to the transfer or removal of any individual to a third county as irrelevant to Plaintiffs' detention contrary-to-law claim and the court's order directing limited discovery. ECF No. 75 at 1.

### DEFENDANTS' OBJECTIONS TO PLAINTIFFS'
### INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify for each noncitizen DHS or DOD transferred from immigration custody in the United States to Guantanamo starting February 4, 2025 through February 12, 2026, the following: full name; A-number; country of origin; date of transfer to and from Guantanamo; whether they were ultimately transferred to a different country; final destination country they were transferred to; date of transfer to final destination country; type of removal order they had; whether they were transferred to the final destination country directly from Guantanamo or brought back to the United States prior to transfer to the final destination country; whether the final destination country was listed on the individual's flight manifest at time of transfer to Guantanamo; whether the individual had travel documents to the final destination country at the time of transfer to Guantanamo; whether the individual had travel arrangements to the final destination country at time of transfer to Guantanamo; and, whether another country had agreed to accept the individual for removal at time of transfer to Guantanamo.

Defendants object to this interrogatory as it requests cumulative and duplicative information that has already been provided to Plaintiffs by way of the biweekly reporting requirements. Defendants additionally have agreed to provide for those aliens transferred to NSGB between June 4, 2025, and January 12, 2026: names; alien registration numbers; countries of origin; dates of transfer to and from NSGB; if removal has occurred, the dates of removal and countries of removal; and copies of removal orders. *See* ECF No. 59 at 3. The present interrogatory goes well beyond the previously agreed-upon scope, as well as the limited scope permitted by the Court. *See* ECF No. 75 at 5-6. For instance, information on whether the flight manifest of a removal flight was finalized prior to the alien's transfer to NSGB, whether an alien's

17

travel documents were finalized prior to the alien's transfer to NSGB, and what conversations DHS may have had with third countries are all irrelevant, subject to legal privilege(s), and outside the scope of Plaintiffs' contrary-to-law claim. Much of the information requested in this interrogatory would be incredibly burdensome on Defendants to provide for each alien ever transferred into NSGB as such information is not readily available and would require a manual review of each alien's file.

Defendants further object to this interrogatory to the extent it seeks information pertaining to the transfer or removal of any individual to a third county as irrelevant to Plaintiffs' contrary-to-law claim and the Court's order directing limited discovery, including the request regarding whether the manifest contains information about the final destination of the alien, to the extent the final destination differs from the alien's nationality. ECF No. 75 at 1. Defendants further note that legal issues pertaining to the transfer or removal of any individual to a third country are currently the subject of class action litigation in *D.V.D. et al. v. United States Dep't of Homeland Security, et al.*, No. 25-cv-10676 (D. Mass.). Defendants additionally object insofar as this interrogatory requests sensitive operational information that is protected by law enforcement privilege and deliberative process privilege.

**INTERROGATORY NO. 2:**

Please provide the mean and median amounts of time that noncitizens who were transferred from immigration custody in the United States to Guantanamo, between February 4, 2025 through February 12, 2026, spent at Guantanamo.

Defendants object to this interrogatory to the extent that Plaintiffs already have access to this information since the interrogatory requests cumulative and duplicative information that has already been provided to Plaintiffs by way of the biweekly reporting requirements. Specifically, Plaintiffs were provided this information for aliens who were at transferred to NSGB between

December 5, 2025 and February 12, 2026.  Defendants object to this request as overbroad because it exceeds the June 4, 2025 to January 12, 2026, timeframe noted by the Court and agreed upon by Defendants. ECF No. 75 at 1-2.  Additionally, Defendants object to the extent this interrogatory seeks expert opinion testimony contrary to the timeline established by Fed. R. Civ. P. 26(a)(2)(D). Defendants also object to the provision of information on non-class members, which is beyond the scope of this litigation.

## DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all memoranda of understanding, addenda to memoranda of understanding, guidance, standard operating procedures, standards, policies, or procedures by and/or between the DHS and/or DOD regarding the detention and/or removal of noncitizens, detainees, or "aliens" at Guantanamo, issued on or after January 20, 2025.

Defendants object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case as it not only seeks information outside the scope of this litigation, but also cumulative and duplicative documents that have already been made available to Plaintiffs with DHS's Certified Administrative Record. *See, e.g.,* DHS-0000001-0000078; 0000091-0000123; 0000274-0000556.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Objections to Plaintiffs' First Set of Combined Discovery Requests on Count 1 were served on counsel for Plaintiffs at the following email addresses:

Eunice Cho, echo@aclu.org

My Khanh Ngo, MNgo@aclu.org

Lee Gelernt, LGELERNT@aclu.org


Dated: February 19, 2026                    Respectfully Submitted,

                                            BRETT A. SHUMATE
                                            *Assistant Attorney General, Civil Division*

                                            ANTHONY NICASTRO
                                            *Acting Director*

                                            LESLIE McKAY
                                            *Assistant Director*

                                            RUSSELL J.E. VERBY
                                            *Senior Litigation Counsel*

                                            MALCOLM McDERMOND
                                            JASON K. ZUBATA
                                            ALEXA PERLMUTTER
                                            *Trial Attorneys*

                                            *s/ Ian S. Lam*
                                            IAN S. LAM
                                            *Trial Attorney*
                                            U.S. Department of Justice, Civil Division
                                            Office of Immigration Litigation
                                            P.O. Box 878, Ben Franklin Station
                                            Washington, DC 20044
                                            Ian.S.Lam@usdoj.gov
                                            (202) 307-6329


                                            *Attorneys for Defendants-Respondents*