UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YAMIL LUNA GUTIERREZ, et al.,

Plaintiffs-Petitioners,

v.

KRISTI NOEM, Secretary of the U.S.
Department of Homeland Security, et al.,

Defendants-Respondents.

Civil Action No. 1:25-cv-01766-SLS

## JOINT NOTICE REGARDING INFORMATION TO BE PRODUCED BY DEFENDANTS

On March 19, 2026, during a discovery hearing in this case, the Court ordered that the Parties "file a joint notice by March 25, 2026, that states whether the Parties have reached an agreement regarding the information to be produced by the Defendants." *See* Minute Entry for Status Conference Held March 19, 2026 ("Order"). Specifically, the Court indicated that the discovery contemplated by the Court should be tailored to resolving two questions: 1) What the government is thinking when it brings people to Guantanamo; and 2) where people go after they leave Guantanamo. *See Gutierrez, et al. v. Noem, et al.*, Tr. of Proceedings at 19–20. (D.D.C. Mar. 19, 2025).

The Parties—in an effort to reach an agreement as to the information to be produced by Defendants to resolve the Court's two questions—exchanged proposals on March 24, 2026, and March 25, 2026, and met and conferred on March 25, 2026. To resolve the Court's second question, the Parties agreed that Defendants will provide additional information for each individual transferred to Guantanamo between June 4, 2025, and January 12, 2026, reflecting the location to which they were transferred immediately after leaving Guantanamo (i.e., whether that is the final

1

destination country or to a Department of Homeland Security (DHS) facility in the continental United States). The Parties further agreed that Defendants would produce this additional information in the form of a certified spreadsheet. The Parties could not reach an agreement as to the remaining information to be produced by Defendants to resolve the Court's first question. Thus, pursuant to the Court's Order, the Parties submit this Joint Notice containing their respective proposals as follows.

**Defendants' Proposal:**

**Question 1: What the government is thinking when it brings people to Guantanamo.**

As an initial proposal, Defendants offered to submit a stipulation of the policy governing detentions at Naval Station Guantanamo Bay ("NSGB") (attached as Exhibit A) and asked Plaintiffs whether they would agree that it would be appropriate for the Court to resolve the upcoming motions for summary judgment based upon the policy outlined in the stipulation. Defendants believe that this proposed stipulation outlines the contours of the challenged policy in this matter, *see Hisp. Affs. Project v. Acosta*, 901 F.3d 378, 388 (D.C. Cir. 2018) (citing *Venetian Casino Resort, L.L.C. v. E.E.O.C.*, 530 F.3d 925, 928 (D.C. Cir. 2008)), and answers the Court's question of "what the government is thinking when it brings people to Guantanamo." *See* Ex. A. Plaintiffs do not agree to this proposal.

Because Plaintiffs will not agree to the stipulation, Defendants propose submitting a declaration from an individual within the U.S. Department of Homeland Security having knowledge of both the policy governing detentions at NSGB as well as the underpinnings of the policy at issue. That declaration would respond to the Court's question and outline the contours of the challenged policy. Defendants are in the process of preparing this declaration. If the Court

accepts this proposal, Defendants intend to submit the declaration within 30 days of the date of this filing.

**Plaintiffs' Proposal:**

Count I Discovery

Defendants proposed that the parties enter a joint stipulation regarding the nature of the challenged policy and, during a meet and confer on March 25, Defendants indicated that without Plaintiffs' agreement to the stipulation, Defendants intended to propose a declaration by an official within DHS which would apparently provide the same content as the stipulation. Plaintiffs object to Defendants' proposed stipulation and declaration as a substitute for the limited discovery requested by Plaintiffs that will reveal what, in fact, is occurring.

Specifically, Defendants' proposed stipulation does not sufficiently answer the key question regarding the scope of Defendants' policy: whether "the government's policy of sending noncitizens to Guantanamo to do so because [Defendants] are executing a removal order or, instead, to do so in the same manner that [Defendants] send noncitizens to other domestic detention facilities." Tr. Mar. 19, 2026 Hr'g at 13:15–20. While the government's own description states that Guantanamo "has generally been used only as a way station on route to the alien's final destination, and individuals are moved to NSGB with the aim of transporting them to their final destination country," that assertion is inconsistent with the facts thus discovered and cannot substitute for the actual facts of how the policy has been used. *See, e.g.*, Mem. & Op. Denying Mot. Dismiss at 45, ECF No. 53. Nor does the proposed stipulation answer the first sub-question the Court posed at the March 19 hearing as one of the best proxies for figuring out the scope of the policy—"what the government is thinking when it brings people to Guantanamo." Tr. Mar. 19, 2026 Hr'g at 19:24–25 to 20:1–3.

Plaintiffs would further object to Defendants' use of this post-hoc description of Defendants' policy to the extent that Defendants seek to rely on it in defending against Count II, the arbitrary and capricious claim. *See Grace v. Barr*, 965 F.3d 883, 903 (D.C. Cir. 2020) ("When assessing the reasonableness of an agency's action, we look only to what the agency said at the time of the action—not to its lawyers' post-hoc rationalizations." (internal citations, quotation marks, and brackets omitted)).

Plaintiffs have not seen any draft of Defendants' proposed declaration and do not know who the declarant will be. To the extent this declaration includes a description of the Guantanamo detention policy similar to that in Defendants' proposed stipulation, such a declaration would be insufficient for the same reasons as Defendants' proposed stipulation. Plaintiffs also respectfully request the right to respond to any declaration that purports to act as a substitute for the discovery proposed by Plaintiffs.

Plaintiffs proposed instead that Defendants answer the following discovery requests that are narrowly tailored to respond to the first question the Court posed—what the government is thinking when it brings people to Guantanamo—and reflect the information the Court found most relevant to this question, *see* Tr. Mar. 19, 2025 Hr'g at 19–20:[1]

1. For each individual Defendants identify in response to Plaintiffs' Interrogatory No. 1, please identify whether, at the time of that individual's transfer to Guantanamo, another country had agreed to accept that individual for removal;

2. Please produce any and all memoranda of understanding, addenda to memoranda of understanding, guidance, standard operating procedures, standards, policies, or procedures by and/or between the DHS and/or DOD, issued on or after January 20, 2025, regarding "what the government is thinking when it brings people to Guantanamo," including such materials relating to the interrogatory above.

---

[1] Plaintiffs additionally proposed an interrogatory and limited request for production tailored to address the Court's second question, but the parties have since reached an agreement on the discovery Defendants will produce to answer that question. *See supra*.

Defendants did not agree to respond to these discovery requests. Given that Defendants' proposal does not answer the first question the Court has posed, Plaintiffs respectfully request that the Court order Defendants to respond to these two discovery requests.

<u>Supplemental Declassified CAR</u>

Plaintiffs received the supplemental declassified portion of the Certified Administrative Record late in the evening of Tuesday, March 24. Based on an initial review, Plaintiffs will likely move for Plaintiffs' counsel with appropriate security clearances to be able to review some of the redacted material. Plaintiffs, however, need additional time to determine which redactions Plaintiffs intend to challenge and to meet and confer with Defendants regarding those specific redactions. If a dispute remains after the parties meet and confer, Plaintiffs will notify the Court.

Dated: March 25, 2026

Respectfully submitted,

*/s/ Lee Gelernt*
Lee Gelernt (D.D.C. Bar No. NY0408)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org

*Attorney for Plaintiffs-Petitioners*

BRETT A. SHUMATE
*Assistant Attorney General, Civil Division*

ANTHONY NICASTRO
*Acting Director*

LESLIE McKAY
*Assistant Director*

RUSSELL J.E. VERBY
*Senior Litigation Counsel*

MALCOLM McDERMOND
ALEXA PERLMUTTER
JASON K. ZUBATA
*Trial Attorneys*

By: /s/ *Ian S. Lam*
IAN S. LAM
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-6329
Email: ian.s.lam@usdoj.gov

*Attorneys for Defendants-Respondents*

## CERTIFICATE OF SERVICE

I certify that I served a copy of this notice on the Court and all parties of record by filing

it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice

and an electronic link to these documents to all counsel of record.

Dated: March 25, 2026                    /s/ *Ian S. Lam*
                                         IAN S. LAM
                                         *Attorney for Defendant*