# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YAMIL LUNA GUTIERREZ, et al.,<br><br>Plaintiffs-Petitioners,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, et al.,<br><br>Defendants-Respondents. | Civil Action No. 1:25-cv-01766-SLS |

## STIPULATION REGARDING THE NATURE OF THE CHALLENGED POLICY IN THIS ACTION

On March 19, 2026, during the Status Conference in this case, the Court ordered that the Parties "file a joint notice by March 25, 2026, that states whether the Parties have reached an agreement regarding the information to be produced by the Defendants." *See* Minute Entry for Status Conference Held March 19, 2026. Specifically, the Court indicated that the discovery contemplated by the Court should be tailored to resolving two questions: 1) What the government is thinking when it brings people to NSGB; and 2) where people go when they leave NSGB. Pursuant to the Order, and in an attempt to address the first question raised ("What the government is thinking when it brings people to NSGB") the government stipulates that the following policy governs detentions at NSGB and Plaintiffs agree it is appropriate for the Court to resolve the upcoming motions for summary judgment based upon this being the policy that is subject to review:

1. DHS determined in advance of first utilizing NSGB that it was lawful to hold aliens there during the removal period under Section 241(a), consistent with the Supreme Court's ruling in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Zadvydas* construed Section

1

241(a) to authorize detention for a reasonable period to effectuate removal, *Zadvydas*, 533 U.S. at 697, and it recognized six months as a presumptively reasonable duration, *id.* at 699, 701. The ICE policy is to have NSGB available for use during this presumptively reasonable period and as limited by the MOU executed on March 7, 2025. More specifically, it is available to use for certain qualifying aliens, as defined in the MOU, who are subject to an executable final order of removal, where the purpose of detention is to effectuate the alien's removal, and where the time in custody does not exceed 180 days.

2. NSGB has generally been used only as a way station on route to the alien's final destination, and individuals are moved to NSGB with the aim of transporting them to their final destination country. Of the ____ detentions at NSGB, ____ have resulted in direct transport to the final destination country. The average stay is ____ and the maximum stay was ____. But neither of these times are the specific time limit under the policy, given the government claims a single source of statutory detention authority under Section 241(a)—that this detention is by definition to "effectuate an alien's removal," *Zadvydas*, 533 U.S. at 697, and that no transfer is final until the alien has been relinquished from US custody and accepted into the final destination state. Therefore the policy permits use of NSGB for any qualifying alien who is subject to a final executable removal order—up to a 180 days of detention, the period reasonably necessary to accomplish removal.

3. As set forth in the MOU, the qualifying aliens to which detention is available are limited to those "illegal aliens with a nexus to a transnational criminal organization (TCO) or criminal drug activity. This nexus can be satisfied by an alien being a member of a

2

TCO or paying a TCO to be smuggled into the United States. Aliens subject to a final order but for whom no clear connection or nexus to TCOs or criminal drug activity exists (e.g., those who overstay their visa) will not be moved to NSGB. When the nature of an alien's entry into the United States is uncertain, DHS/ICE may assert a nexus where DHS/ICE reasonably believes the alien to have paid a TCO to be smuggled into the United States if the alien is from a country where the preponderance of aliens from that country enter the United States in that fashion." MOU.

Dated: March 25, 2026                          Respectfully submitted,


[signature block for Plaintiffs' counsel]      BRETT A. SHUMATE
                                               Assistant Attorney General, Civil Division
Attorney for Plaintiffs-Petitioners
                                               ANTHONY NICASTRO
                                               Acting Director

                                               LESLIE McKAY
                                               Assistant Director

                                               RUSSELL J.E. VERBY
                                               Senior Litigation Counsel

                                               MALCOLM McDERMOND
                                               ALEXA PERLMUTTER
                                               JASON K. ZUBATA
                                               Trial Attorneys

                                               By: /s/ Ian S. Lam
                                               IAN S. LAM
                                               Trial Attorney
                                               U.S. Department of Justice, Civil Division
                                               Office of Immigration Litigation
                                               P.O Box 878, Ben Franklin Station
                                               Washington, DC 20044
                                               Tel: (202) 307-6329
                                               Email: ian.s.lam@usdoj.gov

                                               Attorneys for Defendants-Respondents


3

**CERTIFICATE OF SERVICE**

I certify that I served a copy of this notice on the Court and all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to these documents to all counsel of record.

Dated:                                          /s/ *Ian S. Lam*
                                                IAN S. LAM
                                                Trial Attorney

                                                *Attorney for Defendants-Respondents*