UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| YAMIL LUNA GUTIERREZ, et al.,<br><br>      Plaintiffs,<br><br>      v.<br><br>MARKWAYNE MULLIN[1], Secretary of the<br>U.S. Department of Homeland Security, et al.,<br><br>      Defendants. | Civil Action No. 1:25-cv-01766-SLS |

### DEFENDANTS' MOTION TO MAINTAIN THE
### CERTIFIED ADMINISTRATIVE RECORD UNDER SEAL

Defendants, by and through counsel, hereby submit this Motion to Maintain the Sealing of

the Certified Administrative Record ("CAR"), ECF No. 80, in accordance with Local Rule of Civil

Procedure 5.1(h) and *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980).  Defendants

conferred with Plaintiffs' counsel, who stated that Plaintiffs oppose this motion.

### BACKGROUND

Following the Court's Memorandum Opinion granting class certification and denying

Defendants' Motion to Dismiss, the Parties engaged in negotiations over a Protective Order to

govern the documents, electronic data, and any other information produced or voluntarily

exchanged as a part of this civil action.  *See* ECF No. 69.  The Parties filed a Joint Status Report

stating that they "agreed that the unclassified record and weekly class member reports will be

treated as protected until the Court resolves any contested issues and issues a final Protective Order

---

[1] Fed. R. Civ. P. 25(d) (providing for the automatic substitution of a public official who is a party
in an official capacity ceases to hold office while the action is pending).

governing the unclassified record and weekly class member reporting." ECF No. 69 at 1. In the status report, the Parties described a dispute pertaining to the designations of protected material. ECF No. 69. Subsequently, the Court issued a Minute Order resolving the dispute and ordering the Parties to meet and confer "to attempt to resolve or narrow" any disagreements over designations under the Protective Order. Minute Order, January 21, 2026. The Court did not issue a final Protective Order. On February 5, 2026, this Court ordered Defendants to "file the unclassified administrative record under seal" on March 5, 2026. ECF No. 75 at 6. On March 5, 2026, Defendants filed a motion for leave to file the CAR under seal and attached the CAR to that motion. ECF No. 80.

On March 19, 2026, the Parties attended a discovery conference before the Court. The Court acknowledged that it had "ordered [Defendants] to submit [the CAR] under seal" due to the ongoing negotiations over protected material. Transcript of March 19, 2026 Hearing at 15. The Court stated that it was "not sure" of the status of the Protective Order and designations therein and ordered Defendants to file a motion stating why the CAR should remain under seal. *Id.* at 15–16. Defendants now submit this Motion to Maintain the Sealing of the CAR. ECF No. 80.

## ARGUMENT

**UNSEALING THE CAR IS PREMATURE BECAUSE THE COURT HAS NOT ISSUED A PROTECTIVE ORDER, ALL PROTECTED MATERIAL IS PROPERLY SEALED, AND THE PARTIES HAVE NOT FINALIZED DESIGNATIONS OF PROTECTED MATERIAL.**

Defendants followed the Court's order to "file the unclassified administrative record under seal." ECF No. 75 at 6. And because the Parties "agree[d]" that the CAR would remain protected "until the Court . . . issues a final Protective Order governing the unclassified record[,]" there is currently no basis for unsealing the CAR. ECF No. 69 at 1.

2

Once the Court issues a final Protective Order in this case, the Court should nevertheless find that all protected material, as defined by the Protective Order, is properly sealed. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978). ("[T]he right to inspect and copy judicial records is not absolute," and such a right "is one best left to the sound discretion of the trial court. . . in light of the relevant facts and circumstances of the particular case."). Indeed, Plaintiffs have already agreed that the public shall not have access to protected material. *See* ECF No. 69 Ex. A (Plaintiffs' Proposed Protective Order stating that only the Court and its personnel; Defendants; Plaintiffs and class members; witnesses at trial or deposition; experts and consultants, and other individuals with express written permission shall have access to protected material); *see also United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). Plaintiffs have not, and cannot, establish a public need for access to these documents to which they already agreed would be protected from public disclosure. *See* ECF No. 69 at 1.

Additionally, the D.C. Circuit has established a six-factor balancing test to guide courts faced with a motion to seal judicial records, and those factors weigh in favor of sealing the protected material in this case. *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 n.14 (D.C. Cir. 1991) (reciting six-factor test: "(1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced.") (citing *Hubbard*, 650 F.2d at 317–22). There is not a need for public access to an "individual's personally identifiable information," "[p]ersonal financial, medical or other private information" protected by

federal law or the Fed. R. Civ. P. 5.2, "names, telephone numbers, and electronic mail addresses of non-public facing federal government employees or contractors"; indeed, the parties agree that this information should be "Protected" as there is a strong privacy interest in protecting such information.  ECF No. 69 Ex. A at 2 (defining protected material); *see United States v. All Assets Held at Bank Julius Baer & Co.*, 520 F. Supp. 3d 71, 83 (D.D.C. 2020) (noting that privacy interest weighs against disclosure when documents contain "intimate personal details"); *Hubbard*, 650 F.2d at 319 ("[W]here a third party's property and privacy rights are at issue the need for minimizing intrusion is especially great and the public interest in access . . . is especially small."); *Doe v. Noem*, No. CV-25-769, 2025 WL 958249, at *3 (D.D.C. Mar. 31, 2025) (allowing party to redact personally identifying information); *see*, *e.g.*, DHS-000088, DHS-000092.  Moreover, there is a strong privacy interest in "[s]ensitive information about law enforcement or nationality security" staffing, resources, and methods, and a strong possibility of prejudice to the government's law enforcement and detention operations at Naval Station Guantanamo Bay.  ECF No. 69, Ex. A; *Cable News Network, Inc. v. Fed. Bureau of Investigation*, 984 F.3d 114, 120 (D.C. Cir. 2021) (considering "the dire consequences that may occur if an agency discloses its intelligence sources and methods"); *Hubbard*, 650 F.2d at 315–16 (noting that courts deny public access "to guard against risks to national security interests"); *see, e.g.*, U-DOW-CAR-131–34, 147–53, 176–212, 583–99.  Finally, the parties' proposed protective order does not apply to materials "properly in the public domain," ECF No. 69 Ex. A, and therefore the public has not had access to the protected material in this case prior to the sealing order except to the extent that any documents may have been inadvertently or improperly disclosed.  *Cable News Network*, 984 F.3d at 119 ("A district court weighing the second factor should consider the public's previous

access to the sealed information, not its previous access to the information available in the overall lawsuit.").

But even if some of the CAR should eventually be publicly available, any order to unseal the portions of the CAR that are not protected material is currently premature under the terms of this Court's order because the Parties have not yet come to a final agreement on designations of protected material.  The Court ordered the parties to "meet and confer to attempt to resolve or narrow" any disputes over designations of protected material in good faith and that pending conclusion of those negotiations, the materials at issue would be presumed to remain "protected." Minute Order, January 21, 2026.  The Parties have been engaged in ongoing conversations over specific designations, and the Defendants removed protected designations from a handful of documents prior to filing the CAR with the Court.  Thus, in light of the progress the parties have made, unsealing the CAR at this time would require piecemeal filings and would not be an effective use of the Parties' or the Court's resources.

**CONCLUSION**

For the reasons stated above, Defendants respectfully request that the Court enter an Order continuing to seal the CAR until the Court has issued a final Protective Order and the Parties have agreed to all designations of protected material.


Dated: March 30, 2026

BRETT A. SHUMATE
*Assistant Attorney General, Civil Division*

ANTHONY P. NICASTRO
*Acting Director*

LESLIE McKAY
*Assistant Director*

RUSSELL J.E. VERBY
*Senior Litigation Counsel*

MALCOLM McDERMOND
ALEXA PERLMUTTER
JASON K. ZUBATA
*Trial Attorneys*

By: /s/ *Ian S. Lam*
IAN S. LAM
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-6329
Email: ian.s.lam@usdoj.gov

*Attorneys for Defendants-Respondents*

6

## CERTIFICATE OF SERVICE

I certify that I served a copy of this motion on the Court and all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to these documents to all counsel of record.

Dated: March 30, 2026

/s/ *Ian S. Lam*
IAN S. LAM
Trial Attorney

*Attorney for Defendants-Respondents*