UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Yamil Luna Gutierrez, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN[1], Secretary of the U.S. Department of Homeland Security, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-01766-SLS |

## DEFENDANTS' NOTICE IN RESPONSE TO THE COURT'S APRIL 1, 2026 MINUTE ORDER

In accordance with an order the Court issued during the March 19, 2026 discovery hearing, the parties filed a Joint Notice Regarding Information to be Produced by Defendants. ECF No. 86. This filing included a proposed Stipulation offered by Defendants intended to define the contours of the detention policy at issue in this case and address the Court's directive that any contemplated discovery should be narrowly tailored to resolving, in part, "[w]hat the government is thinking when it brings people to Guantanamo." *See* ECF No. 86 at 1; ECF No. 86-1, Ex. A; *Gutierrez, et al. v. Noem, et al.*, Tr. of Proceedings at 19–20. (D.D.C. Mar. 19, 2025). In summary, the Stipulation explained that the Department of Homeland Security (DHS) determined that Naval Station Guantanamo Bay (NSGB) is a lawful place of detention during the removal period under 8 U.S.C. § 1231(a) and consistent with the Supreme Court's ruling in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* ECF No. 86-1, Ex. A. The Stipulation further clarified that detention at

---

[1] *See* Fed. R. Civ. P. 25(d) (providing for the automatic substitution of a public official who is a party in an official capacity ceases to hold office while the action is pending).

NSGB is carried out in accordance with a March 7, 2025 Memorandum of Understanding (MOU) where qualifying aliens are held for the purpose of effectuating their respective removals with the time in custody not to exceed 180 days. *Id*. Plaintiffs declined to enter into this Stipulation, and thus, Defendants offered to provide a declaration from a DHS official outlining the contours of the detention policy and answering the Court's aforementioned question. *See* ECF No. 86 at 2–3.

On April 1, 2026, the Court issued the following Minute Order:

MINUTE ORDER: The Court has reviewed the Parties' [86] Joint Notice.  In the Joint Notice, the Defendants propose submitting a declaration that would "outline the contours of the challenged policy."  ECF No. 86 at 2.  The Court ORDERS the Defendants to file a notice by April 3, 2026, that explains whether the content of the proposed declaration would track the information provided in the proposed stipulation attached to the Joint Notice as Exhibit A, ECF No. 86-1, or would instead contain different information.  Signed by Judge Sparkle L. Sooknanan on 4/1/2026. (lcdl).

On behalf of the Defendants, undersigned counsel represent that any declaration provided by a DHS official would not differ in any significant way from the proposed Stipulation, other than to make clear that the detention authority specified in 8 U.S.C. § 1231(a) is exercised in accordance with the entirety of that statutory provision.

Dated: April 2, 2026

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General, Civil Division*

ANTHONY NICASTRO
*Acting Director*

LESLIE McKAY
*Assistant Director*

RUSSELL J.E. VERBY
*Senior Litigation Counsel*

MALCOLM McDERMOND
ALEXA PERLMUTTER
JASON K. ZUBATA
*Trial Attorneys*

By: /s/ *Ian S. Lam*
IAN S. LAM
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-6329
Email: ian.s.lam@usdoj.gov

*Attorneys for Defendants-Respondents*

- 3 -

## CERTIFICATE OF SERVICE

I certify that I served a copy of this notice on the Court and all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to these documents to all counsel of record.

Dated: April 2, 2026

/s/ *Ian S. Lam*
IAN S. LAM
*Attorney for Defendants-Respondents*