# EXHIBIT A

```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA
   * * * * * * * * * * * * * * * *
YAMIL LUNA GUTIERREZ, et al.,      )  Civil Action
              Plaintiffs,          )  No. 25-1766
vs.                                )
                                   )  March 19, 2026
KRISTI L. NOEM, et al.,            )  11:18 a.m.
              Defendants.          )  Washington, D.C.
   * * * * * * * * * * * * * * * *
```

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HONORABLE SPARKLE L. SOOKNANAN**
**UNITED STATES DISTRICT COURT JUDGE**

<u>**APPEARANCES**</u>:

FOR THE PLAINTIFFS:
     NATALIE BEHR
     American Civil Liberties Union Foundation
     Immigrants' Rights Project
     125 Broad Street
     New York, NY 10004
     (617) 699-4932
     irp_nbehr@aclu.org

     MY KHANH NGO
     American Civil Liberties Union
     425 California Street, 7th Floor
     San Francisco, CA 94104
     (718) 483-5885
     mngo@aclu.org

FOR THE DEFENSE:
     MALCOLM MCDERMOND
     AUGUST FLENTJE
     ALEXA PERLMUTTER
     IAM LAM
     Assistant United States Attorneys
     United States Attorney's Office
     for the District of Columbia
     601 D Street, NW
     Washington, DC 20530
     (202) 616-4883
     malcolm.i.mcdermond@usdoj.gov

Court Reporter: Elizabeth Davila, RPR, FCRR
                Official Court Reporter

        Proceedings reported by machine shorthand.
     Transcript produced by computer-aided transcription.

Are you not prepared to concede that Guantanamo is being treated as a detention facility in, essentially, the same way as domestic detention facilities?

MR. McDERMOND:  Your Honor, our position, I believe, still is that it is, essentially, that weigh station through removal.

THE COURT:  Are you saying that you are using Guantanamo the same way you use domestic detention facilities, as a weigh station?

I am just trying to figure out if we have a dispute here.  Because the whole issue of what discovery they're entitled to and whether they're entitled to discovery is to understand the contours of the policy.

I just want to figure out if we have a dispute about what the policy is.  You can talk to co-counsel.  I don't want you to --

MR. McDERMOND:  I understand --

THE COURT:  I don't want to put you on the spot and have you -- I don't want to put you on the spot and have you say something you feel like you are going to get in trouble over.

The question is:  Is the government conceding that Guantanamo is being treated as a detention facility the same way other detention facilities are used domestically?

Because if the answer to that is you are not

disputing that and you are, in fact, conceding that that is how Guantanamo is being used then I don't think we have a dispute here because that's the whole point of entitling the plaintiffs to discovery to figure out the answer to that question and understand the contours of the policy.

If we know what the policy is and you are conceding that that is how Guantanamo is being treated, then I think this is easy.

MR. McDERMOND:  I understand Your Honor's logic. I am going to quickly confer about that.

THE COURT:  Okay.

(Whereupon, government counsel confer.)

MR. McDERMOND:  Your Honor, I am not sure at this point we can concede that.

THE COURT:  Okay.

MR. McDERMOND:  It's my understanding --

THE COURT:  Go ahead.

MR. McDERMOND:  It's my understanding that the goal was that this is a weigh station on route to final destination.

If I am recalling correctly, I think looking at the type of statutory detention authority was something Your Honor brought up in your order denying our motion to dismiss.  I am recalling that off the top of my head.  I don't believe we have fully briefed that issue yet.