**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

YAMIL LUNA GUTIERREZ, *et al.*,

      *Plaintiffs*,

v.

MARKWAYNE MULLIN,[1] *et al.*,

      *Defendants*.

</td><td>

Civil Action No. 25‑1766 (SLS)

Judge Sparkle L. Sooknanan

</td></tr>
</table>

**ORDER**

In February 2025, the Court permitted the Defendants to file the administrative record in this case under seal in order to expeditiously resolve the Parties' discovery disputes. Order 6, ECF No. 75. The Parties have since conferred about what information should be withheld from the public docket. ECF No. 94. And the Defendants have filed an unopposed Motion to Maintain Redacted Information in the Certified Administrative Record Under Seal (Seal Mot.), ECF No. 102, seeking to file a version of the Certified Administrative Record (CAR) with targeted redactions. Seal Mot. 2.

"[W]hen a court is presented with a motion to seal or unseal, it should weigh: '(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during

---

[1] The current Secretary is substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

the judicial proceedings.'" *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *EEOC v. Nat'l Childrens Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)).

Here, the Defendants seek to redact information that they group into three categories: (1) personally identifiable information about government employees and others, (2) sensitive information about law enforcement, and (3) sensitive information about national security. The Court agrees that maintaining the relevant information under seal is warranted.

First, the personally identifiable information is the sort that is commonly maintained under seal. *See, e.g.*, *McConnell v. FEC*, 251 F. Supp. 2d 919, 937 (D.D.C. 2003). This includes names, phone numbers, and email addresses of non-public facing employees, as well as identifying information about public-facing employees. The public has no need for such information, which is not relevant to resolving this case. Further, the privacy interests of these non-parties are substantial, and their information has not been disclosed to the public. The Court thus concludes that this personally identifiable information may be maintained under seal.

Second, it is similarly proper to keep the relevant law-enforcement information from the public. This includes details about law-enforcement staffing and intelligence. Such information gives rise to strong privacy interests. *See, e.g.*, *In re L.A. Times Commc'ns LLC*, 628 F. Supp. 3d 55, 65–66 (D.D.C. 2022). As the Defendants correctly observe, the "Plaintiffs solely challenge the location of their detention, not the manner or methods used to effectuate their detention." Seal Mot. 7. The law-enforcement information at issue is not relevant to that challenge, and thus the public does not have a strong need to know it. Further, the redacted information is contained in documents marked "for official use only," email communications between government officials, and internal law enforcement training materials. The information has not been previously disclosed

to the public. Because releasing it could prejudice the Defendants' law-enforcement efforts, the Court concludes that it is appropriate to maintain the information under seal.

Third, the national security information implicates substantial privacy interests that warrant sealing. That includes details about military and Department of Homeland Security staffing, resources and intelligence. As with law-enforcement records, keeping secret national security information of this sort implicates weighty interests. *See, e.g.*, *United States v. Hubbard*, 650 F.2d 293, 315–16 (D.C. Cir. 1980) ("The public has in the past been excluded, temporarily or permanently, from court proceedings or the records of court proceedings to . . . guard against risks to national security interests[.]"). The public has little need for the information, which has not been released to the public and is not relevant to resolving the Plaintiffs' claims. Ultimately, "secrecy plays an outsized role in the specific context" of military and intelligence operations. *CNN v. FBI*, 984 F.3d 114, 120 (D.C. Cir. 2021). The Court will maintain this information under seal.

Accordingly, the Court **GRANTS** the Defendants' Motion to Maintain Redacted Information in the Certified Administrative Record Under Seal, ECF No. 102, and the Defendants' Motion to File the Supplement to the Unclassified Certified Administrative Record Under Seal, ECF No. 85. The Court **DENIES** as moot the Defendants' Motion to Maintain the Certified Administrative Record Under Seal, ECF No. 88. It is further

**ORDERED** that the Parties shall meet and confer and file a joint notice by August 26, 2026, that states whether the documents that the Parties sought to file under seal, ECF Nos. 80, 91, 92, 93, 96, may be filed on the public docket. If portions of any of those documents should be redacted in accordance with this Order, the Joint Notice should attach redacted copies of such documents.

     **SO ORDERED.**

                                    _____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   August 12, 2026