UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YAMIL LUNA GUTIERREZ, et al.,<br><br>Plaintiffs-Petitioners,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, et al.,<br><br>Defendants-Respondents. | Civil Action No. 1:25-cv-01766-SLS |

**DEFENDANTS' MOTION TO RECONSIDER AUGUST 31, 2026 MINUTE ORDER**

## INTRODUCTION

Following the production of the Certified Administrative Record and limited discovery in this Administrative Procedure Act case, Plaintiffs and Defendants have each filed Motions for Summary Judgment on Counts I (Contrary to Law) & II (Arbitrary and Capricious) and Replies in support thereof. *See* ECF Nos. 108, 110, 113, 115. Having filed these motions, the parties are in agreement that "there is no genuine issue of any material fact"; each side takes the position that it is "entitled to prevail as a matter of law." *Pub. Citizen v. U.S. Dist. Ct. for D.C.*, 486 F.3d 1342, 1345 (D.C. Cir. 2007). Nevertheless, in an August 31, 2026 Minute Order ("Minute Order"), the Court directed Defendants to identify and make available agency decisionmakers as witnesses for the summary judgment hearing who are "fully versed in the entire administrative record" and prepared to "provide additional explanations of both the contours of the Defendants' policy and the contemporaneous reasons for the agencies' decision-making." Minute Order.

Defendants respectfully request the Court reconsider and clarify its Minute Order. First, as no party has identified any issue of disputed fact, the Court should enter judgment in this case.

Second, to the extent that the Court cannot grant either motion as a matter of law, it should deny both motions in accordance with the Federal Rules of Civil Procedure. Third, in the alternative, if the Court is invoking its authority under Rule 43(c) or 56(e)(4), it should make the requisite predicate findings by identifying the factual issues and narrowing its Minute Order prior to any testimony.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments. *See Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005). Such an order may be "revised at any time" under permissive standards. Fed. R. Civ. P. 54(b). Reconsideration is warranted when "the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court." *Id.* (citing *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)). The burden is on the moving party to demonstrate that "some harm, legal or at least tangible, would flow from a denial of reconsideration." *Powers-Bunce v. D.C.*, 576 F. Supp. 2d 67, 69 (D.D.C. 2008) (quoting *Cobell v. Norton*, 355 F.Supp.2d 531, 539 (D.D.C. 2005)).

## ARGUMENT

### I. The Court Should Enter a Judgment on The Parties' Cross Motions for Summary Judgment Because Neither Party Identified Any Genuine Dispute on Any Material Fact

Because the Minute Order falls "outside of the adversarial issues presented" by the parties, Defendants first respectfully ask the Court to reconsider and instead enter a judgment on Plaintiffs' Motion for Summary Judgment or Defendants' Cross Motion for Summary Judgment, both of

which are based on the existing administrative record as supplemented by the limited discovery already ordered by the Court. *Singh*, 383 F. Supp. 2d at 101; *see* ECF Nos. 108, 110, 113, 115. By filing motions for summary judgment, both parties confirmed their respective positions that there are "no genuine disputes[s] as to any material fact[s]." *See* Fed. R. Civ. P. 56(a). In accordance with Fed. R. Civ. P. 56(c)(1) and (2), the parties have stated for the Court their respective assertions of fact taken from the record and whether admissible evidence supports these assertions. ECF Nos. 108-3, 110-3, 113-1. Neither party has filed a "separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated." LCvR 7(h)(1)[1]; *cf. Am. Ctr. for Int'l Lab. Solidarity v. Chavez-DeRemer*, 789 F. Supp. 3d 66, 102 (D.D.C. 2025) (denying motion for summary judgment when "plaintiffs have not *asked* for any facts to be considered undisputed") (emphasis in original). And Plaintiffs sought no testimonial evidence as part of limited discovery, nor have they contended that this case cannot be decided on summary judgment under Rule 56(e). That means neither party sees litigation with respect to factual matters as necessary to this Court's disposition of the pending summary judgment motions. Because "the parties and their counsel . . . are most familiar with the litigation and the record" they are in the best position "to crystallize for the district court the material facts and relevant portions of the record" in a summary judgment motion. *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151 (D.C. Cir. 1996).

Given the parties' agreement that there are no genuine issues of material fact, coupled with the absence of any request from Plaintiffs for Defendants to produce witnesses to resolve Counts I and II of this lawsuit, the Court's *sua sponte* order exceeds the bounds of the parties' dispute.

[1] Defendants maintain their position that, as a matter brought under the Administrative Procedure Act, 5 U.S.C. §§ 500 *et seq*., this is a case "in which judicial review is based solely on the administrative record." LCvR 7(h)(2).

*See United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). The Court should simply rule on the summary judgment motions now pending before it. *See Massachusetts Coalition for Immigration Reform v. U.S. Dep't of Homeland Security*, 698 F. Supp. 3d 10, 21 (D.D.C. 2023) (the core function of summary judgment: to "avoid the expense of trial where a trial would be a useless formality because no factfinder could find for the nonmoving party").

## II. The Court Should Deny the Parties' Motions for Summary Judgment If It Cannot Grant Either One on the Existing Evidentiary Record

Under the Federal Rules, a "court *shall grant* summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added); *see LeFande v. D.C.*, 841 F.3d 485, 493 (D.C. Cir. 2016) (quoting *Pub. Citizen*, 486 F.3d at 1345). Rule 56 additionally reflects that decisions in a summary judgment posture be based on the existing documentary evidence. Fed. R. Civ. P. 56(c)(1)(A) ("materials in the record" including "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers" are properly considered at summary judgment). Oral testimony, by contrast, is not contemplated by Rule 56, as "it is an appropriate procedure for those kinds of motions which permit the court to resolve factual disputes, which a summary judgment motion does not." *Seamons v. Snow*, 206 F.3d 1021, 1025 (10th Cir. 2000); *see* Fed. R. Civ. P. 56. That is, "[a] judge hearing a motion for summary judgment has no . . . right to decide which evidentiary materials are the best ones for resolving a disputed question of fact; the judge may not resolve the dispute at all." *Stewart v. RCA Corp.*, 790 F.2d 624, 628-29 (7th Cir. 1986) ("Because the judge may not evaluate the credibility of the witnesses, the principal advantage of oral testimony is

unavailable" at the summary judgment stage); *see also Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 621 (2d Cir. 1999) ("[T]he purpose" of oral testimony at the summary judgment phase "is not to assess the credibility of witnesses or resolve issues of fact"). As the parties have filed their motions for summary judgment, the Court currently has the complete "record" on which its decision must be based and should therefore simply issue its decision. Fed. R. Civ. P. 56(c)(1)(A). If the Court cannot grant either Party's motion as a matter of law, it should deny both and "state on the record the reasons for . . . denying the motion[s]." Fed. R. Civ. P. 56(a).

The Court's Minute Order cites *Environmental Defense Fund, Inc. v. Costle*, 657 F.2d 275, 285 (D.C. Cir. 1981), as authority. *Environmental Defense Fund* states that, "[w]hen the record is inadequate, a court may 'obtain from the agency, either through affidavits or testimony, such additional explanations of the reasons for the agency decision as may prove necessary.'" 657 F.2d 275, 285 (D.C. Cir. 1981) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). But that case does not speak to a court's authority to resolve motions for summary judgment on a factual record developed only after those motions are filed. At most, it signals that testimony may be made part of the record on which the parties base their motions for summary judgment; there is no basis to conclude that the D.C. Circuit contemplated taking testimony *after* the filing of summary judgment motions. Indeed, a contrary reading of *Environmental Defense Fund* would have the perverse result of depriving both parties of the opportunity to "move for summary judgment" on the entirety of the factual record. Fed. R. Civ. P. 56(a), (c)(1)(A); *see Powers-Bunce*, 576 F. Supp. 2d at 69 (requiring movant to identify "some sort of injustice [that] will result if reconsideration is refused").

The Court's invocation of *Environmental Defense Fund* in the Minute Order may instead be more properly read as an extension of the limited discovery that the Court has already ordered.

*Compare* 657 F.2d at 285 (noting exception to ordinary record rule "where 'there was such a failure to explain administrative action as to frustrate effective judicial review.'"), *with* ECF No. 97 (ordering discovery because, "this case presents the unusual situation in which extra-record discovery is necessary for effective judicial review"). Specifically, the Court previously authorized limited discovery "aimed at answering whether the challenged policy contemplates a class member's detention at [NSGB] only amid executing their removal order." ECF No. 75 at 5. The Court later reiterated that it seeks to know whether NSGB is used "as a refueling, logistical, or other similar interim stop amid executing a person's removal order" or whether it "will be added to the list of permissible facilities at which an individual might be held when awaiting execution of that order[.]" ECF No. 97 at 14.

As efforts to address the Court's initial order progressed, a hearing on the extra-record discovery issue led to the Court ordering Defendants to produce specific information about "where people go after they leave" the facility and "what the government is thinking when it brings people" to NSGB. *Id*. at 15; *see Gutierrez, et al. v. Noem, et al.*, Tr. of Proceedings at 19-20. (D.D.C. Mar. 19, 2026). The Court expressed that it was "satisfied" with Defendants' willingness to provide the location to which aliens were transferred immediately after leaving NSGB, but the Court rejected Defendants' proposal to answer the latter question with a sworn declaration. ECF No. 97 at 15-16. *But see Envt'l Def. Fund*, 657 F.2d at 285 (one method of explaining the record is "through affidavit[s]"). Over Defendants' objection, the Court ordered them to produce information as to whether "at the time of [an individual alien's] transfer to [NSGB], another country had agreed to accept that individual for removal," though the Court made clear that "[a]nswering the Plaintiffs' request as ordered could consist of simply noting 'yes' or 'no' for each of the relevant individuals." *Id*. at 15, 17. Defendants produced this information. *See* ECF No

108-5, 108-6, 108-7, 108-8. Defendants should not now be required to also produce witnesses where the Court considered the parties' discovery dispute and unequivocally decided that "yes" or "no" responses would suffice as answers addressing both Plaintiffs' request and the Court's order. Indeed, if Plaintiffs now tried to relitigate this issue, which they have not done, they would be foreclosed from doing so by the law of the case doctrine. *See Singh*, 383 F. Supp. 2d at 101 ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again").

Accordingly, if the Court cannot resolve the pending summary judgment motions as a matter of law, it should simply deny them in accordance with the rules, issue an opinion, and the case may proceed in due course. *See*, *e.g.*, *Greene v. Amritsar Auto Servs. Co.*, 206 F. Supp. 2d 4, 11 (D.D.C. 2002); *see also* Fed. R. Civ. P. 56(g) (noting that the Court may "enter an order stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case" when it does not grant all the relief requested by the motion).

### III. In the Alternative, the Court Should Clarify its Minute Order and Provide Guidance to Facilitate a Narrow Hearing in Accordance with the Federal Rules

Defendants acknowledge that the Court may fashion "other appropriate order[s]" in connection with its consideration of summary judgment motions where a "party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)." Fed. R. Civ. P. 56(e)(4). Likewise, Defendants acknowledge that some courts have found that Rule 43(c)—which permits oral testimony on motions generally, "[w]hen a motion relies on facts outside the record"—applies to summary judgment motions on "rare occasions." *Stewart*, 790 F.2d at 629. Critically, however, these rules contemplate a predicate finding that a particular portion of a party's motion is unsupported by the record, which in this case currently includes all of the discovery that the Court already stated would be sufficient. *See Singh*,

383 F. Supp. 2d at 101. And Plaintiffs have not claimed that the factual record is insufficient for summary judgment under Rule 56(e), which should be dispositive under party presentation principles. *See Sineneng-Smith*, 590 U.S. at 375. Moreover, predicate findings of this sort are critical because "the summary judgment hearing is not meant to be a preliminary trial," and "oral testimony should be used only when there is reason to believe it will be of significant assistance to the court *and is reasonably circumscribed in scope.*" *Young v. City of Augusta, Ga. Through DeVaney*, 59 F.3d 1160, 1170 (11th Cir. 1995) (emphasis added, quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2723, at 63 (1983)). To the extent the Court believes that live testimony will avoid the need for a full trial in this case, it should properly advise the parties of the factual issues—first and foremost, by ruling on the summary judgment motions—but in the alternative, by identifying the missing, unsupported, or unaddressed facts and describing with specificity the evidentiary gap it seeks to close with witness testimony. *Stewart*, 790 F.2d at 629 ("There is little point in holding a full trial if a *surgical approach* can cut away needless disputes.") (emphasis added). Specifically, if the Court believes that a party has "fail[ed] to properly support an assertion of fact," "fail[ed] to properly address another party's assertion of fact," or "relie[d] on facts outside the record," the Court should identify that fact or those facts prior to any hearing at which testimony will be elicited. Fed. R. Civ. P. 43(c), 56(e).

The Court's Minute Order, as currently written, does not provide this important, clarifying information. Particularly, as discussed above, the Minute Order does not invoke any authority to order testimony at a summary judgment hearing by which Defendants may better understand the Court's intent and attempt to identify appropriate agency witnesses. Additionally, if reliance on Rules 56(e)(4) and/or 43(c) is implied, the Minute Order does not identify any portion of the parties' summary judgment motions that are not supported by facts or that inappropriately rely on

facts outside of the record. *See Am. Cntr. for Int'l Lab. Solidarity*, 789 F. Supp. 3d at 81 ("When a summary judgment motion is filed . . . with factual matters or disputes insufficiently supported by record evidence in the form required, *see id*. 56(c), the necessary determination of what material facts are not genuinely at issue may be difficult to determine. *In this circumstance*, "the court may . . . issue any [ ] appropriate order." *Id*. 56(e)(4).") (emphasis added). Nor does the Minute Order identify any fact or facts in Plaintiffs' Statement of Material Facts Not In Genuine Dispute that Defendants did not properly address. ECF Nos. 108-3, 110-3.

Rather, the Minute Order is untethered to any specific facts and requires the production of "agency decisionmakers" as witnesses who are "fully versed in the entire administrative record and . . . prepared to provide additional explanations of both the contours of the Defendants' policy and the contemporaneous reasons for the agencies' decision-making." Minute Order. This is, to put it mildly, a vast directive with no limiting principle that may inappropriately require testimony from high-ranking government officials. *See Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (D.C.Cir.1985) (recognizing that, under the apex doctrine, high-ranking government officials "should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions." (citing *United States v. Morgan*, 313 U.S. 409, 422 (1941)). While the apex doctrine normally applies to deposition requests from a party, the rationale underlying the doctrine is nevertheless relevant here where the Court has ordered the taking of testimony from "agency decisionmakers" prior to ruling on the parties' motions for summary judgment. *See Alexander v. FBI*, 186 F.R.D. 1, 4 (D.D.C. 1998); *see also In re Cheney*, 544 F.3d 311, 314 (D.C. Cir. 2008) ("The duties of high-ranking executive officers should not be interrupted by *judicial* demands for information that could be obtained elsewhere.") (emphasis added). Additionally, because the Minute Order sweeps in "decisionmakers from each of the

Defendant agencies" to provide testimony about the entire administrative record, it necessarily includes a Department of State official even though that agency has no decisionmaking role as to immigration detention at NSGB, did not produce an administrative record or any other discovery materials, and cannot produce a witness who will satisfy the terms of the Minute Order.

In short, the Minute Order is not "reasonably circumscribed" to elicit key pieces of information in lieu of a full trial. *Young*, 59 F.3d at 1170. Consequently, clarification—including the predicate findings under Rules 43(c) and/or 56(e)(4)—is both necessary and appropriate so that Defendants, who have acted in good faith throughout this litigation, are better able to understand and respond to the Court's specific concerns.

## CONCLUSION

Defendants respectfully request that the Court withdraw the August 31, 2026 Minute Order and rule on the parties' pending motions for summary judgment based on the existing certified administrative record. In the alternative, Defendants urge the Court to at least issue partial rulings on the aforementioned motions as a means of narrowing the factual and policy matters on which any government witnesses would be expected to testify.

Dated: September 14, 2026

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General, Civil Division*

ANTHONY P. NICASTRO
*Director, Office of Immigration Litigation*

COLIN KISOR
*Senior Counsel*

LESLIE McKAY
*Assistant Director*

RUSSELL J.E. VERBY
*Senior Litigation Counsel*

ALEXA PERLMUTTER
*Trial Attorney*

JASON K. ZUBATA
*Trial Attorney*

By: */s/ August Flentje*
AUGUST FLENTJE
*Deputy Director*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: 202-514-3309
Email: August.Flentje@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that I served a copy of this motion on the Court and all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to these documents to all counsel of record.

Dated: September 14, 2026

By: /s/ *August Flentje*
AUGUST FLENTJE
*Deputy Director*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: 202-514-3309
Email: August.Flentje@usdoj.gov