UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YAMIL LUNA GUTIERREZ, et al.,<br><br>Plaintiffs-Petitioners,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, et al.,<br><br>Defendants-Respondents. | Civil Action No. 1:25-cv-01766-SLS |

**DEFENDANTS' STATUS REPORT**

By way of Minute Orders issued on August 31, 2026, and September 24, 2026, the Court scheduled an October 14, 2026 summary judgment hearing and directed Defendants to identify and make available "agency representatives" as witnesses who are "fully versed in the entire administrative record" and prepared to "provide additional explanations of both the contours of the Defendants' policy and the contemporaneous reasons for the agencies' decision-making." *See* Minute Orders.

Pursuant to the Court's directives, Defendants identify the following witnesses:

1. John Schultz, Acting Assistant Director, Removal Division, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, Department of Homeland Security.
2. Barry Coble, Senior Advisor on Counterterrorism Policy, DASW IWCT, ASW SO/LIC, OUSW(P) Department of War.
3. John Rouse, Deputy Assistant Secretary, Bureau of Population, Refugees, and Migration, Department of State.

With respect to Mr. Rouse, Defendants reiterate that the Department of State played no role in the government's decisionmaking as it pertains to immigration detention at Naval Station Guantanamo Bay (NSGB). Nor has the Department of State produced any of the decisional or policy materials reflected in the Certified Administrative Record. With respect to aliens detained at NSGB, the Department of State, at most, engaged in normal diplomatic communications with countries to which the government hoped to remove some of the NSGB detainees. Consequently, Defendants respectfully request that the Department of State be relieved of the obligation to produce a witness. In the event the Court requires the Department of State to produce a witness, the Defendants reserve the option to assert all applicable privileges, including the state secrets privilege to any questions seeking the disclosure of communications between the United States and a foreign government.

Lastly, Defendants request that the hearing transcript be filed under seal pending the parties' review for privilege and/confidentiality. Given that the hearing likely will involve discussion of sensitive, and potentially classified information, the Government respectfully requests that the hearing be closed to the public to protect the confidentiality of that information

Dated: October 7, 2026

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General, Civil Division*

ANTHONY P. NICASTRO
*Director, Office of Immigration Litigation*

AUGUST FLENTJE
*Deputy Director*

LESLIE McKAY
*Assistant Director*

RUSSELL J.E. VERBY
*Senior Litigation Counsel*

ALEXA PERLMUTTER
*Trial Attorney*

By: */s/ Jason K. Zubata*
JASON K. ZUBATA
*Trial Attorney*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: 202-532-4143
Email: Jason.k.zubata@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that I served a copy of this Status Report on the Court and all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to these documents to all counsel of record.

Dated: October 7, 2026

By: */s/ Jason K. Zubata*
JASON K. ZUBATA
Trial Attorney
U.S. Department of Justice, Civil Division