UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YAMIL LUNA GUTIERREZ, et al.,<br><br>Plaintiffs-Petitioners,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, et al.,<br><br>Defendants-Respondents. | Civil Action No. 1:25-cv-01766-SLS |

**PLAINTIFFS' OPPOSITION TO RELIEF REQUESTED IN DEFENDANTS' STATUS REPORT**

Plaintiffs-Petitioners ("Plaintiffs") respectfully submit this response to Defendants-Respondents' ("Defendants") October 7 Status Report regarding the upcoming hearing before the Court—and specifically to their proposal to close that hearing, apparently in its entirety, to the public. *See* ECF No. 123. Defendants provide no legitimate justification for closing the entire hearing on the parties' motions for summary judgment, and there is none. To address any concern that the testimony of government officials might "involve discussion of sensitive, and potentially classified, information," ECF No. 123 at 2, the Court has several tools at its disposal to more narrowly tailor any protections than full-on closure of a presumptively public courtroom.

Pending before the Court are the parties' cross motions for partial summary judgment on Counts I and II in this case, regarding whether Defendants' Guantánamo detention policy is contrary to law and arbitrary and capricious. *See* ECF Nos. 108, 110. There is vast and significant public interest in this case and in the conduct and outcome of these proceedings. *See, e.g.*, Eric Boehm, *A Somali Man With No Serious Criminal Record Is Spending 9/11 in Detention at Guantanamo Bay*, Reason (Sept. 11, 2026), https://perma.cc/LCG5-KT4B. An in-person hearing

is scheduled on October 14, and the Court has directed Defendants to make agency decisionmakers from each of the Defendant agencies available for testimony at that hearing. *See* Minute Order (Aug. 31, 2026), *reconsideration denied*, Minute Order (Sept. 24, 2026). Defendants identified three witnesses in their October 7 Status Report. In the same report, for the first time, Defendants requested (without a formal motion) that the hearing be closed to the public. ECF No. 123 at 2.

As the Court is well aware, there is a "strong presumption in favor of public access to judicial proceedings" grounded in both the common law and the First Amendment. *See Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (citation omitted); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 576–77 (1980) (plurality op.) ("The explicit, guaranteed rights to speak and to publish concerning what takes place at a trial would lose much meaning if access to observe the trial could, as it was here, be foreclosed arbitrarily."). That presumption attaches to civil actions just as it does to criminal ones. *See, e.g.*, *Courthouse News Serv. v. Planet*, 750 F.3d 776, 786 (9th Cir. 2014); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006); *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 98 (D.D.C. 2008); *see also* Fed. R. Civ. P. 77(b) ("Every trial on the merits must be conducted in open court and, so far as convenient, in a regular courtroom."). While the right of access is not absolute, it is a weighty presumption that can only be overcome "unless specific, on the record findings are made demonstrating that 'closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Press-Enterprise Co. v. Super. Ct.*, 478 U.S. 1, 13–14 (1986) (quoting *Press-Enterprise Co. v. Super. Ct.*, 464 U.S. 501, 510 (1984)); *see also In re Guantánamo Detainee Litig.*, 624 F. Supp. 2d 27, 38 (D.D.C. 2009) (rejecting wholesale sealing of factual returns in habeas cases due to alleged "damage to national security" because "[p]rohibiting public access to

every document in every factual return, . . . including information already in the public domain, is not 'essential' to achieve [the government's] interest").

Defendants have made no attempt to explain how they can overcome the strong presumption of an open courtroom. In support of their request, Defendants speculate only that "the hearing likely will involve discussion of sensitive, and potentially classified information." ECF No. 123 at 2. But in this case, there are only a few limited categories of records under seal via a protective order: (1) personally identifiable information about government employees and others (like class members); (2) sensitive information about law enforcement; (3) sensitive information about national security; and, (4) information related to an individual's asylum, withholding, and Convention Against Torture claims. *See* ECF No. 116 at 2 (order granting unopposed motion to seal first three categories of information); *see also* ECF No. 69 (joint report regarding protective order). As is evident from the parties' briefing on the pending motions for summary judgment, the parties do not rely on any sealed portions of the administrative record or discovery in support of their arguments. *See generally* ECF Nos. 108, 110, 113, 115. Indeed, the only redactions among Plaintiffs' submissions are of personally identifying information of noncitizens detained at Guantánamo, the specifics of which are not relevant to the parties' arguments. *See* ECF No. 108-4 ("Behr Decl.") ¶ 2 n.1. Further, Defendants have affirmatively disclaimed reliance on classified information in this case, and on that basis have refused to process clearances or otherwise afford Plaintiffs' counsel any access to classified information at all. *See* ECF No. 77. Thus, at the hearing, the parties are not likely to discuss protected or classified information in presenting their legal arguments before the Court. Likewise, should Defendants' witnesses be asked to give testimony related to the facts and arguments presented in the parties' briefing, their answers are also not likely to include protected or classified information.

Even if Defendants' witnesses' testimony does veer into "sensitive, and potentially classified" territory, the Court can close the courtroom temporarily, as necessary. *See, e.g.*, Transcript at 3:11–17, *Doe v. Mattis*, No. 18-5110 (D.C. Cir. Apr. 5, 2018), *available at* https://perma.cc/HC8K-GSKT (in civil challenge to detention of alleged enemy combatant, publicly announcing that the Court would "have a public session . . . in which there will be no reference made to the sealed material" and then would "retire into a closed session in which those references can be made").

Finally, Defendants request that the hearing transcript "be filed under seal pending the parties' review for privilege and/[or ]confidentiality." ECF No. 123 at 2. But that request presumes a closed hearing in place of an open one. And should the government seek to have a witness's prospective answer to particular questions or line of questions sealed on grounds of privilege or coverage by the protective order—including the government's suggestion, for the first time in this litigation, that it might assert the state secrets privilege, *id.*—they can do so in open court. As is done in countless cases, should a sealed portion of the hearing be necessary, after the hearing, the parties can review a sealed transcript to narrowly tailor any redactions before publication to limit ongoing sealing to actually protected material.

The government's misguided request to close an entire hearing on motions that have been litigated almost entirely in public, merely at the speculative prospect that their witnesses may need to reveal protected information, should be denied.

Dated: October 8, 2026

Respectfully submitted,

*/s/ Lee Gelernt*
Lee Gelernt (D.D.C. Bar No. NY0408)
Brett Max Kaufman (D.D.C. Bar No. NY0224)
Judy Rabinovitz

My Khanh Ngo (D.D.C. Bar No. CA00219)
Kyle Virgien
AMERICAN CIVIL LIBERTIES UNION FOUNDATION

425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
mngo@aclu.org
kvirgien@aclu.org

Derek Poteet ±*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street, NW, 7th Floor
Washington, DC 20005
(703) 217-8374
dpoteet@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
aspitzer@acludc.org
smichelman@acludc.org

Kimberly Grano (D.D.C. Bar No. NY0512)
Pedro Sepulveda (D.D.C. Bar No. NY0637)
Ghita Schwarz (D.D.C. Bar No. NY0663)
INTERNATIONAL REFUGEE ASSISTANCE PROJECT
One Battery Park Plaza, 33rd Floor
New York, New York 10004
(646) 946-7453
kgrano@refugeerights.org
psepulveda@refugeerights.org
gschwarz@refugeerights.org

Megan Hauptman (D.C. Bar No. 1780749)
INTERNATIONAL REFUGEE ASSISTANCE PROJECT
650 Massachusetts Avenue NW, Suite 600
Washington, D.C. 20001
(646) 939-7329
mhauptman@refugeerights.org

Noor Zafar
Omar C. Jadwat
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org
bkaufman@aclu.org
jrabinovitz@aclu.org
nzafar@aclu.org
ojadwat@aclu.org

Baher Azmy*
Shayana D. Kadidal (D.C. Bar No. 454248)
J. Wells Dixon
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, Floor 7
New York, NY 10012
(212) 614-6427
bazmy@ccrjustice.org
shanek@ccrjustice.org
wdixon@ccrjustice.org

*Attorneys for Plaintiffs-Petitioners*

**Pro bono representation certificates forthcoming*
*± Not admitted in D.C.; practice limited to federal courts*