UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YAMIL LUNA GUTIERREZ, *et al.*,<br><br>*Plaintiffs-Petitioners*,<br><br>v.<br><br>MARKWAYNE MULLIN[1], Secretary of the U.S. Department of Homeland Security, *et al.*,<br><br>*Defendants-Respondents*. | Civil Action No. 1:25-cv-01766 |

**DEFENDANTS' NOTICE IN RESPONSE TO THE COURT'S APRIL 1, 2026 MINUTE ORDER REGARDING THE SUPPLEMENT TO THE UNCLASSIFIED CERTIFIED ADMINISTRATIVE RECORD**

In accordance with a directive issued by the Court during the March 19, 2026 discovery hearing, Defendants filed a March 24, 2026 notice alerting the Court to the lodging of classified material with the United States Department of Justice Litigation Security Group as a Supplement to the Unclassified Administrative Record (Supplement). ECF No. 84. Defendants produced a copy of this Supplement with all classified material properly redated for Plaintiffs on March 24, 2026. After reviewing the Supplement *in camera*, the Court issued the following April 1, 2026 Minute Order:

> SEALED MINUTE ORDER: The Court has reviewed the Supplement to the Unclassified Administrative Record, ECF No. 85-2. Page U-DOW-CAR-647 of that record contains some information about DHS's reliance on 8 U.S.C. § 1231(g) to detain noncitizens at Guantanamo Bay. Accordingly, the Court ORDERS the Parties to each file a short memorandum by April 13, 2026, explaining their position regarding whether that page or other portions of the Supplement to the Unclassified Administrative Record contains information relevant to determining the contours of the challenged policy, and if so, the extent to which that information obviates the

[1] *See* Fed. R. Civ. P. 25(d) (providing for the automatic substitution of a public official who is a party in an official capacity ceases to hold office while the action is pending).

need for the additional discovery outlined in the Parties' [86] Joint Notice. (This document is SEALED and only available to authorized persons.) Signed by Judge Sparkle L. Sooknanan on 4/1/2026. (zhmj).

April 1, 2026, Sealed Minute Order.

## I. Defendants' Position Regarding Whether U-DOW-CAR-647 or Other Portions of the Supplement to the Unclassified Administrative Record Contains Information Relevant to Determining the Contours of the Challenged Policy.

While U-DOW-CAR-647 does mention 8 U.S.C. § 1231(g) as a source of statutory authority, Defendants urge this Court to view this particular statement in the proper context. Specifically, the document is a representation by the Department of War (DOW) to various DOW components rather than a statement by the Department of Homeland Security (DHS) detailing the underpinnings of the detention policy it is charged with developing and executing. In other words, the language noted by the Court in U-DOW-CAR-647 is merely a short-hand reflection of a single *basis* for the policy and not a comprehensive statement as to all of the statutory *bases* undergirding the challenged agency action. Moreover, Defendants believe that it is unlikely that any other portions of the Supplement will offer the Court any further elucidation as to the contours of the challenged policy.

The contours of the detention policy actually flow from a legal memorandum Defendants assert is protected by the attorney-client, attorney work product, and deliberative process privileges. From this well-spring, the detention policy takes form and is put into practice in accordance with the March 7, 2025 Memorandum of Understanding (MOU) between the DHS and the DOW for "DOD Support at Naval Station Guantanamo Bay (NSGB) to U.S. Immigration and Customs Enforcement (ICE) for DHS/ICE Detention of Illegal Alien subject to Final Orders of Removal." DHS-000118–23; ECF No. 80. In addition to mentioning multiple Executive Orders and 8 U.S.C. § 1231(g), the MOU provides:

> DHS/ICE will detain at NSGB illegal aliens with a nexus to a transnational criminal organization (TCO) or criminal drug activity. This nexus can be satisfied by an alien being a member of a TCO or paying a TCO to be smuggled into the United States. Aliens subject to a final order but for whom no clear connection or nexus to COs or criminal drug activity exists (e.g., those who overstay their visa) will not be moved to NSGB. When the nature of an alien's entry into the United States is uncertain, DHS/CE may assert a nexus where DHS/ICE reasonably believes the alien to have paid a TCO to be smuggled into the United States if the alien is from a country where the preponderance of aliens from that country enter the United States in that fashion.

DHS-000118–23.

Cognizant of the Court's interest in yet more information concerning the contours of the challenged detention policy, Defendants proposed entering into a stipulation, or in the alternative, providing the Court with the declaration from a DHS official. Both the stipulation and the declaration would explain DHS' determination that NSGB is a lawful United States immigration detention facility to be used during the removal period under 8 U.S.C. § 1231(a) and the entirety of that particular statutory provision, as well as being consistent with the Supreme Court's ruling in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* ECF No. 86-1, Ex. A; ECF No. 90; *see also* 8 U.S.C. §§ 1231(a)(2), (a)(6), (e)(3)(A), (g); 8 U.S.C. § 1225(b)(1)(b)(iii)(IV); ECF No. 29.

Ultimately, Defendants maintain their position that the Unclassified Certified Administrative Record sufficiently portrays the contours of the challenged detention policy but remain ready, willing, and able to address any further concerns of the Court by the most efficient means available, namely providing the aforementioned declaration. If the Court accepts this offer, Defendants intend to submit this declaration by April 27, 2026.

## II. The Extent to Which This Information Obviates the Need for the Additional Discovery Outlined in the Parties' Joint Notice.

Defendants also maintain their position that additional discovery is unnecessary because it will not provide the Court with any greater insight into the contours of the agency detention policy. In an Administrative Procedure Act case, discovery should encompass "neither more nor less

information than did the agency when it made its decision." *Hill Dermaceuticals, Inc. v. Food & Drug Admin.*, 709 F.3d 44, 47 (D.C. Cir. 2013). Exceptions to this general rule "are quite narrow and rarely invoked." *See CTS Corp. v. Envtl. Prot. Agency*, 759 F.3d 52, 64 (D.C. Cir. 2014). These "highly exceptional[] circumstances" are limited to: (1) the agency "acted in bad faith," (2) "engaged in improper behavior," (3) "failed to examine all relevant factors," and (4) "failed to explain adequately its ground for decision." *See Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 38 (D.D.C. 2018), *aff'd*, 7 F.4th 1201 (D.C. Cir. 2021). Aware of the Court's instruction to provide a brief memorandum, Defendants will dispense with addressing exceptional circumstances (1) through (3), and instead, move directly to where the sealed minute order suggests the Court has narrowed its focus.

This case is not one in which the agency has "failed to explain adequately its grounds" for the NSGB detention policy, nor a situation where additional discovery will assist the Court to ascertain the "contours of the policy." *See Bellon Spirits*, 335 F. Supp. at 38; ECF No. 75 at 6. Plaintiffs' overarching argument is that the Immigration and Nationality Act does not authorize immigration detention facilities outside of the United States. Compl. ¶¶ 62–64. But, through their earlier pleadings, the Certified Administrative Record, and again in this memorandum, Defendants have explained the statutory bases for this particular detention policy and their position that further discovery will not shed additional light on the contours of the policy. Moreover, as discussed above, the MOU adequately outlines the Executive Orders prompting the agency action and identifies the basic statutory provision supporting the detention policy. From there, the MOU defines the classes of illegal aliens potentially eligible for detention at NSGB. As a means of bolstering the Unclassified Administrative Record, however, Defendants are more than willing to provide a declaration. Accordingly, further discovery is not warranted.

Dated: April 13, 2026

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General, Civil Division*

ANTHONY NICASTRO
*Acting Director*

LESLIE McKAY
*Assistant Director*

RUSSELL J.E. VERBY
*Senior Litigation Counsel*

MALCOLM McDERMOND
ALEXA PERLMUTTER
JASON K. ZUBATA
*Trial Attorneys*

By: /s/ *Ian S. Lam*
IAN S. LAM
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-6329
Email: ian.s.lam@usdoj.gov

*Attorneys for Defendants-Respondents*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2026, I electronically filed this notice with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system, and that I will serve by electronic sharing method a copy of the Notice of Electronic Filing, along with the foregoing notice on Petitioner's counsel: Natalie Behr, IRP_NBehr@aclu.org.

Dated: April 13, 2026

/s/ *Ian S. Lam*
IAN S. LAM
*Attorney for Defendants-Respondents*